UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

**ADEJUMOKE OGUNLEYE,** as Parent and Natural Guardian of **D.O.**, and **ADEJUMOKE OGUNLEYE**, **Individually**;

**MAYTINEE BIRD,** as Parent and Natural Guardian of **H.C.,** and **MAYTINEE BIRD**, **Individually**;

**MARLENE FRIAS,** as Parent and Natural Guardian of **A.F.,** and **MARLENE FRIAS**, **Individually**; and

**YVONNE DAVIS,** as Parent and Natural Guardian of **O.C.**, and **YVONNE DAVIS**, **Individually**;

      Plaintiffs,

-against-

**DAVID C. BANKS**, in his official capacity as Chancellor of the New York City Department of Education; **NEW YORK CITY DEPARTMENT OF EDUCATION;** and **BRAD LANDER,** in his official capacity as Comptroller of the City of New York,

      Defendants.

**COMPLAINT**

23-cv-9092

------------------------------------------------------------X

  **PLAINTIFFS**, as Parents and Natural Guardians of their respective minor children, and Individually, as and for their Complaint, allege as follows:

### PRELIMINARY STATEMENT

1. Under the Individuals with Disabilities Education Act ("IDEA"), each State and its public agencies must ensure that a free appropriate public education ("FAPE") is made available to eligible children with disabilities and that the rights and protections in IDEA are extended to those children and their parents. 34 C.F.R. § 300.101(a), 300.100 and 300.201.

2. The procedural rights and protections under the IDEA include dispute resolution mechanisms such as the filing of a State complaint, mediation, and the filing of a Due

Process Complaint ("DPC") to request a hearing, and to appeal a final hearing decision to the State educational Agency (SEA), if applicable, or to an appropriate State or Federal Court. 34 C.F.R. § 300.151-300.153, 300.506, and 300.507-300.516.

3. The maintenance of a student's current educational placement provision ("stay-put") prohibits unilateral changes to a student's placement during the Pendency of certain proceedings. 20 U.S.C. § 1415(j) and 34 C.F.R. § 300.518. *See also* N.Y. Educ. Law § 4404 (McKinney).

4. 20 U.S.C. § 1415(j) is also known as the IDEA's Pendency provision.

5. § 1415 (j), titled **Maintenance of current educational placement**, provides "Except as provided in subsection (k)(4), during the pendency of any proceedings conducted pursuant to this section, unless the State or local educational agency and the parents otherwise agree, the child shall remain in the then-current educational placement of the child, or, if applying for initial admission to a public school, shall, with the consent of the parents, be placed in the public school program until all such proceedings have been completed."

6. When a parent files a DPC, or a request for a Due Process Hearing in which a student's current educational placement is one of the issues, or the sole issue in dispute, and the parent invokes the stay-put or pendency provision, the Student's then-current educational placement must be determined.

7. When the Student's then-current educational placement is not disputed, a school district should implement the stay-put provision **automatically**.

8. Pendency should, in all cases in which there is no dispute of law or fact between the parties, be self-enforcing.

9. Pendency is an obligation on the part of the school district to not change the Student's existing program and, under the New York State Constitution and the Compulsory Education Law, constitutes an ongoing entitlement of the Student and family.

10. A parent need not do anything whatsoever—no claim made, no petition entered, no Order issued, no agreement entered—unless there is a dispute about what constitutes Pendency in a particular case.

11. Where no dispute exists as to what constitutes a Student's Pendency, the Student has a seamless entitlement to continue in their existing placement. N.Y. Educ. Law § 3202 (McKinney); 34 C.F.R. § 300.518(a).

12. In this sense, Pendency provision is even more automatic than an 'automatic stay-put injunction and is even more immediate—than immediate.

13. Pendency represents a school district's continuing obligation to maintain a Student's then-current educational placement from one school year into the next.

14. When a Student's Pendency is at a private school, the school district must pay for that placement—financing goes hand-in-hand with pendent private-school placement.

15. When the current educational placement is not in dispute and parents believe that the school district's delay or failure to maintain the current educational placement amounts to a denial of FAPE, parents may use appropriate dispute resolution mechanisms or judicial enforcement to maintain their child's current educational placement.

16. Judicial enforcement of the current placement is an appropriate remedy because the IDEA's pendency or stay-put provision functions as "an automatic preliminary injunction," creating "an absolute rule in favor of the status quo." *Zvi D. by Shirley D. v. Ambach*, 694 F.2d 904, 906 (2d Cir. 1982).

17. Plaintiffs ADEJUMOKE OGUNLEYE, MAYTINEE BIRD, MARLENE FRIAS, and YVONNE DAVIS, on behalf of their disabled children, and Individually, bring this action for Declaratory and Injunctive relief, to enforce the Plaintiffs' Pendency rights, under, *inter alia*, the IDEA, 20 U.S.C. § 1415, *et seq.*, § 1415(j).

18. Under the IDEA, a claim for tuition funding under the stay-put provision is evaluated independently of the claim for tuition reimbursement because of the inadequacy of an Individualized Education Program ("IEP").

19. If a placement is challenged and the state administrative bodies fail to render expeditious decisions about a child's educational placement, § 1415(e)(2) empowers the district court to assume jurisdiction over the review process and render a final determination. *Frutiger v. Hamilton Cent. Sch. Dist.*, 928 F.2d 68, 73–74 (2d Cir. 1991).

20. Once the Pendency placement is established, a school district is legally obligated to continue making payments to preserve the Student's status-quo educational placement.

21. The Pendency, or stay-put provision of the IDEA, aims to provide a disabled Student with stability and consistency in their education while the proceedings occur.

22. Defendants, **DAVID C. BANKS**, in his official capacity as Chancellor of the New York City Department of Education, and **NEW YORK CITY DEPARTMENT OF EDUCATION**, collectively "DOE", maintain a policy and practice of not complying with the IDEA's Pendency provision, particularly the automatic nature of the Pendency provision.

23. Rather than automatically implement a Student's Pendency, where such Pendency is uncontested, DOE withholds placement, payment, and other implementation until made to comply with the Pendency provision.

24. The DOE has, for many years, shirked its initial pendency obligation and refused to identify what it considers a Student's Pendency to be unless and until an IHO or Court intervenes.

25. Even where the DOE signs an agreement or Pendency Implementation Form identifying a Student's Pendency, DOE fails to implement and fund such Pendency in a timely manner.

26. The DOE maintains a policy and practice in contravention of the IDEA of requiring parents, or a Student's private school and related services providers, to "invoice" the DOE or follow instructions on the DOE's website for "vendors" for obtaining payment, before implementing Pendency—DOE takes no affirmative action to fulfill its obligations under the IDEA.

27. The DOE, with the acquiescence of the New York State Department of Education, has engaged in a process and maintains a policy and practice in contravention of the law and the IDEA in that it has adopted as a stop-gap measure to address its systemic refusal to comply with the Pendency laws and rules in general.

28. The DOE's unlawful, illegal process, adopted in contravention of the IDEA, as it should not be necessary, requires a Complainant to file a proposed pendency agreement.

29. Once the Parent or Complainant files a proposed Pendency agreement, the DOE's policy and practice require the school district to review that agreement and, if the school district consents, to sign off on the agreement.

30. Once the agreement is signed, the DOE has the District process the agreement in place of a Pendency order, as an agreement that NYCDOE claims should be enforceable in the same manner as an order in State or Federal court.

31. If the DOE District fails to enter into such an agreement proposed by the Parent or Complainant, then the New York State Department of Education has directed IHOs in New

York City to initiate a Pendency hearing and issue a Pendency Order, even though no order should be necessary under the IDEA's Pendency/stay-put provision.

32. Defendants' failure to provide Pendency to Student-Plaintiffs at educational placements when the Pendency placement has been found to be appropriate violates Plaintiffs' rights as set forth below.

33. Defendants' failure to comply with IDEA's Pendency or stay-put provision violates the Plaintiffs' rights under the Due Process Clause of the Fourteenth Amendment of the United States Constitution; the IDEA; 42 U.S.C. § 1983; Section 504 of the Rehabilitation act of 1973, 29 U.S.C. § 794 ("Section 504", "§ 504") and N.Y. Educ. Law § 4401 (McKinney), *et seq.*, and the regulations promulgated thereunder.

34. Defendants' failure to maintain each Student-Plaintiff in their then-current educational placement, or their Pendency placement/program, and their failure to fund such Pendency placement timely, consistent with the IDEA, violates the Plaintiffs' rights under the Due Process Clause of the Fourteenth Amendment of the United States Constitution; the IDEA; 42 U.S.C. § 1983; Section 504 of the Rehabilitation act of 1973, 29 U.S.C. § 794 ("Section 504", "§ 504") and N.Y. Educ. Law § 4401, *et seq.*, and the regulations promulgated thereunder.

35. The acts and omissions complained of below point to the system-wide failure of Defendants to establish a policy and procedure for the timely and effective implementation of a Student's Pendency placement/program, including funding the same.

36. Plaintiffs seek, *inter alia*, the enforcement of their Pendency rights, placements, and funding; a Preliminary Injunction or, in the alternative, an Order under the IDEA requiring the Defendants to fully implement and fund each Student's and each class member's Pendency

placement, and make all outstanding payments without delay; and an Order directing the Defendants to develop an impartial due process compliance system to ensure that disabled children and their parents are not denied their right to automatic Pendency where a Student's Pendency placement is uncontroverted, as contemplated by § 1415(j) of the IDEA.

37. The IDEA grants the Court equitable powers and allows this Court to grant such relief as the Court determines appropriate. 20 U.S.C. § 1415(i)(2)(C)(iii).

38. In actions brought under Section 1415 of the IDEA, a court has the discretion to grant such relief as the Court determines appropriate. 20 U.S.C. § 1415(i)(2)(C)(iii). *Soria v. New York City Dep't of Educ.*, 397 F. Supp. 3d 397, 406 (S.D.N.Y. 2019), *vacated and remanded,* 831 F. App'x 16 (2d Cir. 2020).

39. The Court may also issue such an order under § 1415(j) of the IDEA.

40. Plaintiffs have exhausted all administrative remedies.

41. Plaintiffs need not exhaust administrative remedies, as in Pendency-related matters.

## **JURISDICTION AND VENUE**

42. This case arises under a federal statute, the Individuals with Disabilities Education Act ("IDEA") (20 U.S.C. § 1400 et seq.), and the regulations of the United States Department of Education, which were promulgated under authority granted by statute. (34 C.F.R. Part 300).

43. This Court has subject-matter jurisdiction of this matter under 28 U.S.C. § 1331, in that claims arise under federal law (IDEA), 28 U.S.C. § 1343(a), in that the claims arise under laws providing for the protection of civil rights, and under 42 U.S.C. § 1983.

44. As much as this case involves questions of special education rights under New York State Law, this Court has supplemental jurisdiction under 28 U.S.C. § 1367.

45. Under 28 U.S.C. § 1391(b), venue is properly placed within the Southern District of New York, in that Defendants DAVID C. BANKS, in his official capacity as Chancellor of the New York City Department of Education, and the NEW YORK CITY DEPARTMENT OF EDUCATION maintain a business office in New York County.

46. Plaintiffs are entitled to costs and attorneys' fees under 42 U.S.C. § 1988(b) and 20 U.S.C. § 1415(i) if found to be prevailing parties.

## THE PARTIES

47. D.O. was eighteen (18) years old at the start of the 2023-2024 ESY.

48. D.O. is a minor.

49. D.O. is a child with a disability defined by 20 U.S.C. § 1401(3).

50. D.O. is entitled to receive a Free Appropriate Public Education ("FAPE") and related services from DOE.

51. ADEJUMOKE OGUNLEYE is the Parent and Legal Guardian of D.O.

52. At all relevant times here, Plaintiff ADEJUMOKE OGUNLEYE and D.O. lived in the City of New York.

53. Since D.O. is a student with a disability, Defendant DOE must provide him with a FAPE under the IDEA and the New York Education Law. Accordingly, DOE must provide D.O. with an IEP for every school year.

54. H.C. was seven (7) years old at the start of the 2023-2024 ESY

55. H.C. is a minor.

56. H.C. is a child with a disability defined by 20 U.S.C. § 1401(3).

57. H.C. is entitled to receive a Free Appropriate Public Education ("FAPE") and related services from DOE.

58. MAYTINEE BIRD is the Parent and Legal Guardian of H.C.

59. At all relevant times here, Plaintiff MAYTINEE BIRD and H.C. lived in the City of New York.

60. Since H.C. is a student with a disability, Defendant DOE must provide her with a FAPE under the IDEA and the New York Education Law. Accordingly, DOE must provide H.C. with an IEP for every school year.

61. A.F. was nine (9) years old at the start of the 2023-2024 SY.

62. A.F. is a minor.

63. A.F. is a child with a disability defined by 20 U.S.C. § 1401(3).

64. A.F. is entitled to receive a Free Appropriate Public Education ("FAPE") and related services from DOE.

65. MARLENE FRIAS is the Parent and Legal Guardian of A.F.

66. At all relevant times here, Plaintiff MARLENE FRIAS and A.F. lived in the City of New York.

67. Since A.F. is a student with a disability, Defendant DOE must provide her with a FAPE under the IDEA and the New York Education Law. Accordingly, DOE must provide A.F. with an IEP for every school year.

68. At all relevant times herein, Defendant New York City Department of Education is, and was, a corporate body created by Article 52 of the New York State Education Law, CLS N.Y. Educ. Law § 2550 (McKinney) et seq., that manages and controls the educational affairs of the New York City public schools.

69. Defendant New York City Department of Education is the local education agency ("LEA"), defined in 14 U.S.C. § 1401 and 34 C.F.R. § 300.28, responsible for providing each Student with a FAPE.

70. New York State and DOE have established both written and informal policies and procedures for the implementation of the IDEA.

71. DOE receives federal funding under the IDEA, 20 U.S.C. § 1412.

72. Since DOE receives funding under the IDEA, it must comply with the provisions of the statute.

73. DOE's principal place of business is located at 52 Chambers Street, in the County and State of New York.

74. The New York City Department of Education's Impartial Hearing Order Implementation Unit is located at 65 Court Street, Room 1503, Brooklyn, New York 11201.

75. At all relevant times set forth herein, each Plaintiff was/is a New York City resident and lived within the DOE school district.

76. At all relevant times set forth herein, DOE was/is responsible for providing a FAPE to all students with disabilities, including Y.M., S.H., M.C., T.A., R.Z., N.A., D.O., K.R., and A.R., who live in DOE's school district, under statutory rights arising under the IDEA, its implementing regulations, and the applicable Part 200 Regulations implemented by New York State, to the extent such regulations are not inconsistent with the IDEA statute

## FACTUAL ALLEGATIONS

77. Each of the Plaintiffs brings this enforcement action on their behalf and on behalf of their respective children because the DOE failed to fund the pendency placements for each

Student below for the 2023-2024 extended school year ("ESY") based on an uncontested Pendency Order issued in favor of each Student.

78. The Defendants have not sought a stay of the Pendency Orders issued in the Plaintiffs' favor.

79. The Defendants have not appealed any of the Pendency Orders that Plaintiffs seek to enforce.

80. Defendants have yet to comply with each Plaintiff's Pendency Order or Pendency Implementation Form.

**ADEJUMOKE OGUNLEYE, as Legal Guardian of D.O.**

81. On June 20, 2023, Plaintiff ADEJUMOKE OGUNLEYE sent a Ten-Day Notice to DOE notifying them of her intent to enroll D.O. at the International Academy for the Brain ("iBRAIN") for the 2023-2024 ESY. A copy of D.O.'s Ten-Day Notice is attached hereto as **Exhibit 1.**

82. On July 5, 2023, Plaintiff ADEJUMOKE OGUNLEYE filed a DPC to seek funding for D.O.'s placement at iBRAIN, including special transportation services, for the 2023-2024 ESY, at which time the Parent should have had funding through pendency as a matter of law. The DPC was assigned to Impartial Hearing Officer ("IHO") Joshua Arocho in Case No. 251168. A copy of D.O.'s 2023-2024 DPC is attached hereto at **Exhibit 2.**

83. In the DPC, the Parent-Plaintiff indicated that the basis for D.O.'s pendency for the 2023-2024 SY was established by a previous Findings of Fact and Decision ("FOFD") issued by IHO Helene Peyser which found that iBRAIN was the appropriate placement for D.O. during the 2020-2021 and 2021-2022 SYs and ordered DOE to fund the full cost of D.O.'s tuition at iBRAIN, including related services, and the cost of DOE's special transportation.

84. At the beginning of the 2023-2024 school year, Plaintiff ADEJUMOKE OGUNLEYE signed agreements with iBRAIN and the transportation provider, Sister's Travel and

11

Transportation Services, LLC ("Sister's Transportation"), to provide her child with an education for this school year.

85. On August 25, 2023, IHO Arocho issued an Order on Pendency ("OP") in IHO Case No. 251168, which found D.O.'s pendency placement at iBRAIN for the 2023-2024 ESY, and thereby ordered DOE to fund D.O.'s placement at iBRAIN for the 2023-2024 ESY, including transportation costs, pending a final resolution of this matter. A copy of this Pendency Order is attached hereto at **Exhibit 3.**

86. The Defendants did not appeal IHO Arocho's Order.

87. IHO Arocho's OP is uncontested and is the final Order on D.O.'s pendency placement.

88. Plaintiff has provided the Implementation Unit of the DOE with all documentation necessary to implement IHO Arocho's Pendency Order in IHO Case No. 251168.

89. To date, DOE has failed and refused to fund tuition and related services, including special transportation, for D.O's pendency placement at iBRAIN for the 2023-2024 ESY.

90. On October 12, 2023, ADEJUMOKE OGUNLEYE received a letter from Sister's Transportation informing her of D.O.'s outstanding balances for the 2022-2023 and 2023-2024 SYs and stating that transportation services from the Student-Plaintiff's home to iBRAIN would cease unless the outstanding balances were made current. A copy of this letter is attached hereto as **Exhibit 4.**

91. Defendants' failure to fund D.O.'s transportation as part of her Pendency placement/program has jeopardized his educational placement—this Court has the power to protect his educational placement for the 2023-2024 SY.

**MAYTINEE BIRD, as Parent and Natural Guardian of H.C.**

92. On June 20, 2023, Plaintiff MAYTINEE BIRD sent a Ten-Day Notice to DOE notifying them of her intent to enroll H.C. at the iBRAIN for the 2023-2024 ESY. A copy of H.C.'s Ten-Day Notice is attached hereto as **Exhibit 5.**

93. On July 5, 2023, Plaintiff MAYTINEE BIRD filed a DPC to seek funding for H.C.'s placement at iBRAIN, including special transportation services, for the 2023-2024 ESY, at which time the Parent should have had funding through pendency as a matter of law. The DPC was assigned to IHO Hashim Rahman in Case No. 250798. A copy of H.C.'s 2023-2024 DPC is attached hereto at **Exhibit 6.**

94. In the DPC, the Parent-Plaintiff indicated that the basis H.C.'s pendency for the 2023-2024 SY was established by a previous FOFD issued by IHO Richard Zeitler which found that iBRAIN was the appropriate placement for H.C. during the 2022-2023 SY and ordered DOE to fund the full cost of H.C.'s tuition at iBRAIN, including related services, the cost of H.C.'s special transportation, and the cost of H.C.'s 1:1 nursing services.

95. At the beginning of the 2023-2024 school year, Plaintiff MAYTINEE BIRD signed agreements with iBRAIN, Sister's Transportation, and the nursing service provider.

96. On August 11, 2023, the DOE issued a Pendency Implementation Form in Case No. 250798, which stated that H.C.'s pendency placement was at iBRAIN for the 2023-2024 SY and that DOE consented to fund H.C.'s placement at iBRAIN for the 2023-2024 ESY, including transportation costs, and nursing costs, pending a final resolution of this matter. A copy of this Pendency Implementation Form is attached hereto at **Exhibit 7.**

97. Plaintiff has provided the Implementation Unit of the DOE with all documentation necessary to implement the Pendency Implementation Form provided by the DOE.

98. To date, DOE has failed and refused to fund tuition and related services, including special transportation, for H.C.'s pendency placement at iBRAIN for the 2023-2024 SY.

99. On October 10, 2023, MAYTINEE BIRD received a letter from Sister's Transportation informing her of H.C.'s outstanding balances from the 2022-2023 and 2023-2024 SYs and stating that transportation services from the Student-Plaintiff's home to iBRAIN would cease unless the outstanding balances were made current. A copy of this letter is attached hereto as **Exhibit 8.**

100. Defendants' failure to fund H.C.'s transportation as part of her Pendency placement/program has jeopardized her educational placement—this Court has the power to protect her educational placement for the 2023-2024 SY.

## MARLENE FRIAS, as Legal Guardian of A.F.

101. On June 20, 2023, Plaintiff MARLENE FRIAS sent a Ten-Day Notice to DOE notifying them of her intent to enroll A.F. at the iBRAIN for the 2023-2024 ESY. A copy of A.F.'s Ten-Day Notice is attached hereto as **Exhibit 9.**

102. On July 5, 2023, Plaintiff MARLENE FRIAS initiated a DPC to seek funding for A.F.'s placement at iBRAIN, including special transportation services, for the 2023-2024 ESY, at which time the Parent should have had funding through pendency as a matter of law. The DPC was assigned to IHO Marcel Denis in Case No. 251068. A copy of A.F.'s 2023-2024 DPC is attached hereto at **Exhibit 10.**

103. In the DPC, the Parent-Plaintiff indicated that A.F.'s basis for pendency for the 2023-2024 SY was established by a previous FOFD issued by IHO Jean Brescia which found that iBRAIN was the appropriate placement for A.F. during the 2022-2023 SY and ordered DOE to fund the full cost of A.F.'s tuition at iBRAIN, including related services, and the cost of her special transportation.

104. At the beginning of the 2023-2024 school year, MARLENE FRIAS signed agreements with iBRAIN and Sister's Transportation to provide her child with an education for this school year.

105. On August 28, 2023, IHO Denis issued an OP in IHO Case No. 251068, which found A.F.'s pendency placement at iBRAIN for the 2023-2024 ESY, and thereby ordered DOE to fund A.F.'s placement at iBRAIN for the 2023-2024 ESY, including transportation costs, pending a final resolution of this matter. A copy of this Pendency Order is attached hereto at **Exhibit 11.**

106. The Defendants did not appeal this Order.

107. IHO Denis's OP is uncontested and is the final Order on A.F.'s pendency placement.

108. Plaintiff has provided the Implementation Unit of the DOE with all documentation necessary to implement IHO Denis's Pendency Order in IHO Case No. 251068.

109. To date, DOE has failed and refused to fund tuition and related services, including special transportation, for A.F.'s pendency placement at iBRAIN for the 2023-2024 ESY.

110. On October 11, 2023, MARLENE FRIAS received a letter from Sister's Transportation informing her of A.F.'s outstanding balances from the 2021-2022, 2022-2023, and 2023-2024 SYs, and stating that transportation services from the Student-Plaintiff's home to iBRAIN would cease unless the outstanding balances were made current. A copy of this letter is attached hereto as **Exhibit 12.**

111. Defendants' failure to fund A.F.'s transportation as part of her Pendency placement/program has jeopardized her educational placement—this Court has the power to protect her educational placement for the 2023-2024 SY.

**AS AND FOR A FIRST CAUSE OF ACTION**

112. DOE's failure to fund each respective Student's placement at iBRAIN has deprived each respective Plaintiff, and said Plaintiff's Student, of their right to pendency under the "stay-put" provision of the IDEA (20 U.S.C. § 1415(j)), and the regulations promulgated thereunder, and § 4404(4)(a) of the New York Education Law, and the regulations promulgated thereunder.

## **RELIEF REQUESTED**

**WHEREFORE**, Plaintiffs request this Court:

a. Issue an injunctive order requiring DOE to immediately fund each Student's tuition and related services, including special transportation and nursing services, where applicable, as each Student is entitled to an automatic preliminary injunction for pendency as a matter of law;

b. Enter a Judgment:

  i. Awarding each Plaintiff damages because of the DOE's failure or delay in providing each Student's Pendency payments or placements;

  ii. Declaring that DOE violated each Plaintiff's rights as set forth herein;

  iii. Awarding each Plaintiff reasonable attorneys' fees and costs; and,

  iv. Granting such other, further, and different relief as this Court may deem just, proper, and equitable.

Dated: October 16, 2023
New York, N.Y.

Respectfully submitted,

/*S*/  Daniela Jampel
Daniela Jampel (DJ0925)
Brain Injury Rights Group, Ltd.
*Attorneys for Plaintiffs*
300 E. 95th Street, Suite 130
New York, N.Y. 10128
(646) 850-5035

daniela@pabilaw.org

17