EXHIBIT 2

A. Roman, Case Coordinator IHO Case # 251168

**BRAIN INJURY RIGHTS GROUP**

Address: 300 E 95th St., Suite #130 New York, NY 10128
Telephone: 646.850.5035
Website: www.braininjuryrights.org

July 5, 2023

**Sent Via Electronic Mail: (IHOQUEST@SCHOOLS.NYC.GOV)**
Impartial Hearing Office
New York City Department of Education
131 Livingston Street, Room 201
Brooklyn, NY 11201

## DUE PROCESS COMPLAINT - SCHOOL YEAR 2023-2024

Student:                   D     C
NYC ID#:
DOB:
Parent(s)/Guardian(s):     Jumoke Ogunleye
Home Address:
School:                    International Academy for the Brain ("iBRAIN")

To Whom It May Concern:

The Brain Injury Rights Group, Ltd. ("Counsel"), represents the above-named student ("Student" or "         ") and their parent(s)/guardian(s) ("Parent") (collectively "Client"), in matters pertaining to the classification, program, placement, and implementation of special education and related services for Student for the 2023-2024 extended school year ("23-24 ESY").

The New York City Department of Education("DOE") has procedurally and substantively denied the Student a Free Appropriate Public Education ("FAPE") as mandated by federal law, for the 2023-2024 extended school year. Accordingly, we write to request an impartial hearing pursuant to Section 1415 of the Individuals with Disabilities Education Act, 20 U.S.C. §1400, et seq. ("IDEA"), Article 89 of the New York State Education Law, and Part 200.5 of the Regulations of the New York State Commissioner of Education.

Please note, our Client waives the 30-day resolution period and requests the Impartial Hearing Office expedite this complaint by scheduling a hearing immediately to address the ongoing violations of state and federal law as outlined below. Our Client also requests that the Impartial Hearing be open to the public per 34 C.F.R. §300.512(c).

### PENDENCY

Our Client requests an interim order of pendency pursuant to federal and state special education law. Specifically, the federal IDEA and New York Education Law both contain "stay-put" provisions which give the child the right to remain in his or her current educational placement at district expense during the pendency of any administrative or judicial proceedings. 20 U.S.C. §1415(j); N.Y. Educ. Law 4404(4). Thus, the law allows the Student to remain in his

1



"last-agreed-upon placement" until the impartial hearing process (including all appeals) is complete, unless the Parent and the DOE otherwise agree in writing.

As per 20 U.S.C. §1415(j), ▮ pendency entitlements are automatic upon the filing of this Due Process Complaint and are required to be implemented by the DOE as a matter of law without the necessity of any application, motion, or other showing by Student's counsel, until there is a final order. In the event, however, the DOE fails to automatically implement ▮ pendency and insists upon the issuance of an Interim Order from the impartial hearing officer ("IHO"), we respectfully request an immediate pendency hearing. Without the implementation and honoring of the statutory entitlement of pendency, ▮ will suffer from the lack of funding for the services and program at iBRAIN.

The legal basis for pendency for ▮ is the unappealed Findings of Fact and Decision ("FOFD") of Impartial Hearing Officer Helene Peyser, dated December 23, 2021, in IHO Case No. 207856, which found that: 1) DOE denied ▮ a FAPE; 2) iBRAIN was appropriate for ▮ and, 3) equitable considerations supported a full award of direct payment of tuition and related services, including special transportation, for ▮ at iBRAIN for the 2021-2022 extended school year.[1]

This Student's placement includes the following:

- Funding for the cost of tuition, and supplemental services, where applicable, to be paid directly to the International Academy for the Brain ("iBRAIN") pursuant to the enrollment agreement between the Parent-Petitioner(s) and iBRAIN as outlined in Petitioner's Due Process Complaint;

- Funding for transportation services, as well as all services necessary to said transportation, to be paid directly to the transportation provider, in installments pursuant to the transportation contract between the Parent-Petitioner and the transportation company as outlined in Petitioner's Due Process Complaint; and

- Funding for nursing services to be paid directly to the nursing service provider, in monthly installments pursuant to the nursing contract between the Parent-Petitioner and nursing service provider as outlined in Petitioner's Due Process Complaint.

**DISPUTED ISSUES**

This Due Process Complaint includes three sections: (I) a description of ▮ educational needs and abilities; (II) an enumeration of the ways by which DOE failed to meet its obligation to provide ▮ with a FAPE; and, (III) a proposal for how this failure may be remedied.

I. **STUDENT'S EDUCATIONAL NEEDS AND ABILITIES**

---

[1] In IHO Case No. 228527 involving the 2022/2023 ESY, IHO Charrington found for the Parent, but that decision was appealed by the DOE to NYSED's Office of State Review, where a decision remains pending (SRO Appeal No. 23-073).

2

A. Roman, Case Coordinator IHO Case # 251168

▮ suffers from a brain injury resulting in severe impairments in the following areas: cognition, language, memory, attention, reasoning, abstract thinking, judgment, problem solving, sensory, perceptual and motor abilities, psychosocial behavior, physical functions, information processing and speech. ▮ is diagnosed with seizure disorder, Cerebral Palsy, and Cortical Visual Impairment. These impairments have adversely affected ▮ educational skills and performance.

Due to the severe nature of his brain injury, ▮ is non-verbal and non-ambulatory. ▮ has highly intensive management needs, requiring a high degree of individualized attention and intervention throughout the school day. Accordingly, ▮ requires a small, structured classroom offering an educational program delivered via a 1:1 direct instruction model, with a full-time 1:1 paraprofessional and access to a nurse during the school day and while in transit to and from school to assist with all daily activities. ▮ requires a modified environment reducing visual and sound distractions and requires a two-person transfer to and from his wheelchair or other repositioning. In addition, periodic breaks, additional processing time for tasks, and purposeful repetition of tasks during related service sessions and educational instruction are required to accommodate ▮ significant needs in order for ▮ to receive educational benefits and make progress.

▮ requires an intensive regimen of related services, delivered in 60-minute sessions, including occupational therapy (OT), physical therapy (PT), speech and language therapy (SL), assistive technology (AT), vision education services (VES), and music therapy (MT) in order to benefit from special education instruction. Because of the intensive level of services that ▮ requires, it is necessary for ▮ to attend a program which operates on an extended school day.

▮ also requires an extended school day in order to accommodate the intensive level of care required to prepare him for the school day upon arrival, and to prepare him for dismissal at the end of the day.

EDUCATIONAL PROGRAM HISTORY

▮ began attending iBRAIN in 2020. At iBRAIN, ▮ received an appropriate educational program that addressed all of ▮ health and educational needs. ▮ received OT, PT, SL, VES, AT, and MT in 60-minute sessions to allow for repetition, rest, transitioning, and reinforcing of skills. ▮ also has access to AT devices and services for communications. All of ▮ related services are provided on a push-in/pull-out basis so that ▮ will be able to generalize skills across environments and locations . ▮ also has the services of a 1:1 health paraprofessional to support his needs in his related services and classroom activities and access to a nurse to support his healthcare needs, including monitoring seizure activity and administering medication.

**2022-2023 School Year**

On March 30, 2022, DOE convened a Committee on Special Education ("CSE") to develop an Individualized Education Program ("IEP") for ▮ An IEP, dated May 19, 2022 ("May 2022 IEP"), was recommended for ▮ but rejected by the Parent. It is noted that the Parent and ▮ teacher and service providers at iBRAIN attended and participated in the IEP meeting.

3

By Prior Written Notice ("PWN") and School Location Letter ("SLL") dated May 19, 2022, Parent was informed of DOE's placement recommendation of a 12:1:4 class for M138 at M030 - 05M030: P.S. 030 ("Hernandez/Hughes") in a District 75 specialized program.

Parent rejected the placement as not appropriate for ▇ and filed a DPC regarding the 22-23 ESY. IHO Karen Charrington, in IHO Case No. 228527, found that: 1) DOE had denied a FAPE for the 22-23 ESY; 2) iBRAIN was appropriate; and, 3) the equites favored the Parent's claims.

### 2023-2024 School Year

On March 21, 2023, the CSE convened to create a new IEP for ▇ for the 2023-2024 ESY. Parent and ▇ teacher and service providers at iBRAIN attended and participated in the IEP meeting. The CSE agreed with iBRAIN's recommendations that ▇ be classified as a student with a traumatic brain injury ("TBI") and that he receive related services in the same frequency and duration (60 minutes) as he currently received at iBRAIN.

However, despite the documentation supporting ▇ need for a small class with minimal distractions in order to benefit from instruction, the CSE once again recommended a large 12:1:3+1 classroom in a District 75 public school. Parent strongly disagreed with the recommended placement due to concerns of ▇ regressing in a 12:1:3+1 placement where DOE would be unable to provide the 1:1 instruction and attention that ▇ requires.

Parent also disagreed with the recommendation of a District 75 school. In a District 75 school, ▇ will not be placed with similar peers and will not receive the one-on-one attention that he needs in order to receive educational benefits and make progress.

Parent also objected to DOE's failure to recommend proper transportation services for ▇ DOE did not recommend an air conditioned bus or limited travel time for ▇

Additionally, Parents also disagreed with DOE's failure to recommend music therapy.

As of the date of this Due Process Complaint, the Parent has not received a Prior Written Notice ("PWN") or a School Location Letter ("SLL") from the DOE for the 2023-2024 ESY. ▇ Parents do not have a school location to either investigate or send ▇ for the 2023-2024 ESY.

### iBRAIN is Appropriate for ▇ and The Equities Support the Parent's Claims

The educational program and placement ▇ currently receives at iBRAIN is appropriate. ▇ attends a small 6:1:1 class, with direct instruction, which minimizes distractions and enables ▇ to attend and make progress. ▇ receives an intensive regimen of related services, including OT 5x a week, PT 5x a week, SL 5x a week, vision education services (VES) 3x a week, AT services 1x a week and MT 3x a week individually and 1x a week in a group, all delivered in 60-minute sessions. ▇ is also receiving the assistance of a 1:1 paraprofessional throughout the day.

4

▇▇▇ has made considerable progress in all domains at iBRAIN, and it is incontrovertible that at iBRAIN, ▇▇▇ is receiving special education instruction, including related services, designed to meet his unique needs.

Parents have always made ▇▇▇ available for evaluations, observations, and assessments by DOE. Parents attended the March 2023 IEP meeting and participated actively in the meeting. Parents disagreed with DOE's recommended IEP and placement recommendation at the meeting, and sent DOE a timely Ten Day Notice. Accordingly, equitable considerations favor a full award of tuition and related services, including special transportation, for ▇▇▇ at iBRAIN.

## II. DOE FAILED TO OFFER OR PROVIDE A FAPE TO STUDENT

The DOE failed to offer or provide ▇▇▇ with a FAPE because DOE failed to provide an IEP and placement uniquely tailored to meet ▇▇▇ needs for the 2023-2024 ESY. Additionally, our Client challenges herein any and all IEPs offered to ▇▇▇ for the 2023-2024 ESY. This Due Process Complaint is based on, but not limited to, the following factors, which have procedurally and substantively denied the Student a FAPE:

### A. DOE FAILED TO RECOMMEND AN APPROPRIATE CLASS SIZE IN THE LEAST RESTRICTIVE ENVIRONMENT

   a. The recommended 12:1:4 classroom is grossly inappropriate for ▇▇▇
   b. The recommended 12:1:4 class is too large to provide ▇▇▇ with the quiet, distraction-free environment he needs in order to receive educational benefits and make progress.
   c. ▇▇▇ requires a small 6:1:1 class with 1:1 attention from a special education teacher to make progress.
   d. Parents disagreed with the 12:1:4 recommendation at the March 2023 IEP meeting and stated that the recommended class size does not offer ▇▇▇ the appropriate amount of individualized instruction.
   e. Parents informed the CSE of concerns that ▇▇▇ would regress in a placement where the class contained 12 students.
   f. ▇▇▇ teacher and related service providers expressed very clearly at the March 2023 IEP meeting their recommendation that ▇▇▇ requires a small, 6:1:1 class size with minimal noise, light, and movement so that ▇▇▇ will be able to attend without distractions.
   g. ▇▇▇ presents with highly intensive management needs, which, pursuant to § 200.6(h)(4)(ii)(a) of the Commissioner's Regulations, mandates placement in a class with <u>no more than six students</u>.
   h. The proposed 12:1:4 classroom is inappropriate for ▇▇▇
        i. The majority of the students in DOE classes are ambulatory, which indicates that ▇▇▇ would <u>not</u> be placed with students who have similar needs and abilities, which is his entitlement under 8 N.Y.C.R.R. § 200.6(h)(3).
        ii. There is a wide range of academic, social, emotional, behavioral, physical, and developmental needs in the proposed 12:1:4 class.
        iii. The recommended classroom presents safety risks to ▇▇▇ because a majority of the students in 12:1:4 classes are ambulatory.

### B. DOE FAILED TO RECOMMEND AN APPROPRIATE SCHOOL LOCATION

5

    a. **DOE failed to provide a PWN or a School Location for ▇ for the 2023-2024 extended school year, a clear denial of FAPE.**
    b. There is no school location recommendation for ▇ Parents to investigate or send ▇ for the 2023-2024 ESY.
    c. A District 75 school cannot implement the recommended IEP as written.
       i. There are not enough hours in the regular school day to provide the Student with all of the mandated related services and instructional hours.
       ii. DOE denied a FAPE by failing to recommend an extended school day for the Student.

C. **DOE FAILED TO RECOMMEND SUFFICIENT RELATED SERVICES**
    a. DOE failed to recommend music therapy, provided by a licensed music therapist, as a related service.

D. **DOE DENIED PARENT'S MEANINGFUL PARTICIPATION IN THE IEP PROCESS**
    a. By not providing a PWN or a SLL, the DOE failed to allow the Parent to review and assess a school location for ▇

E. **DOE FAILED TO RECOMMEND APPROPRIATE SPECIAL TRANSPORTATION SERVICES AND ACCOMMODATIONS**
    a. DOE failed to recommend limited travel time for ▇
    b. DOE failed to recommend an air conditioned bus for ▇

F. **DOE FAILED TO CONDUCT APPROPRIATE AND TIMELY EVALUATIONS**
    a. DOE failed to ever conduct a neuropsychological evaluation despite its own Standard Operating Procedures Manual recommendation of neuropsychological evaluations for students who have a traumatic brain injury.
    b. ▇ requires an independent neuropsychological evaluation in order to determine his true diagnoses and which would accurately reflect his needs and abilities.
    c. DOE failed to conduct appropriate evaluations.
       i. DOE did not conduct any evaluations for music therapy, yet still denied such services for ▇
    d. DOE rejected iBRAIN's recommendation for music therapy without conducting its own evaluation. It is DOE's legal obligation to justify its recommendations with evaluative data. Just because DOE does not provide a service that a student requires, it is not sufficient justification to deny that service.

G. **DOE PREDETERMINED THE OUTCOME OF ▇ IEP**
    a. Despite the clear, unequivocal information from ▇ Parents, teacher and service providers that ▇ needs to be placed in a small class so that he can benefit from instruction with minimal distraction, DOE nevertheless recommended a too large 12:1:4 class.
    b. It was clear at the meeting that DOE intended to disregard the concerns of the majority of the IEP team and recommend the 12:1:4 class ratio and offered no clinical or other evaluative data to justify moving him to the most restrictive class setting offered in the District 75 program.

**CONCLUSION**

In light of the above, DOE has failed to offer ▇ a FAPE for the 2023-2024 ESY. Furthermore, ▇ placement at iBRAIN for the 2023-2024 ESY is appropriate to address his academic, physical, and social/emotional needs, and is reasonably calculated to confer educational benefits upon him. Additionally, there are no equitable considerations which would bar reimbursement, as, at all relevant times, ▇ Parent has cooperated in the CSE review, development, and placement process.

Thus, the Parents hereby reserves the right to raise any other procedural or substantive issues that may come to their attention during the pendency of the litigation of this matter, including, but not limited to:

1) challenging the qualifications of any of the DOE's proposed supervisors, teachers, paraprofessionals, and/or any other service provider who might have been assigned to work with ▇

2) challenging the appropriateness of DOE's recommended placement by claiming that it cannot or will not maintain an appropriate student-to-staff ratio for the entirety of the school day; and,

3) challenging the appropriateness of DOE's recommended placement by claiming that it will not or cannot provide ▇ with all of the related services he needs to make meaningful progress.

### III.  PROPOSED RESOLUTION FOR DOE'S FAILURE TO OFFER OR PROVIDE A FAPE

DOE has failed to offer ▇ a FAPE for the 2023-2024 ESY. Furthermore, ▇ placement at iBRAIN for the 2023-2024 ESY is appropriate to address ▇ academic, physical, and social/emotional needs, and there are no equitable considerations which would bar direct/prospective payment for all costs associated with ▇ placement at iBRAIN.

Our Client, hereby reserves the right to raise any other procedural or substantive issues that may come to their attention during the pendency of the litigation of this matter, including, but not limited to: (1) challenging the qualifications of any of the DOE's proposed supervisors, teachers, paraprofessionals, and/or any other service provider who might have been assigned to work with Student; (2) challenging the appropriateness of DOE's recommended placement by claiming that it cannot or will not maintain an appropriate student-to-staff ratio for the entirety of the school day and that the Student's IEP can be implemented as drafted without an extended school day; and, (3) challenging the appropriateness of DOE's recommended placement by claiming that it will not or cannot provide ▇ with all of the related services he needs to make meaningful progress.

In an effort to avoid prolonged litigation of this matter, Parent proposes the terms of settlement discussed below:

7

   a. An Order declaring that DOE denied Student a FAPE during the 2023-2024 ESY;
   b. A determination that iBRAIN is an appropriate placement for Student;
   c. An Order directing payment by DOE directly to iBRAIN for the cost of Full Tuition for the 2023-2024 ESY in addition to the costs of related services, and a 1:1 paraprofessional;
   d. Direct payment/prospective funding of special education transportation with limited travel time, a 1:1 travel paraprofessional, air conditioning, a lift bus, and a regular-sized wheelchair;
   e. An Order directing DOE to fund an IEE in the form of an independent neuropsychological evaluation conducted by a qualified provider of Parent's choosing at a reasonable market rate;
   f. Reconvene a new IEP meeting to address changes if necessary;

Should this matter proceed to litigation and Parent is a prevailing party on any substantial issue, then we will additionally seek an award of attorneys' fees and the recovery of all related fees and disbursements as permitted by relevant statute.

Thank you in advance for your time and attention to this matter.

Very truly yours,

/s/ *Zack Zylstra*

Zack Zylstra, Esq.
Brain Injury Rights Group, Ltd.
Attorneys for Parents
Email: hearings@pabilaw.org

cc:   Parents: Jumoke Ogunleye

8

A. Roman, Case Coordinator IHO Case # 251168

## Okafor Glory

| | |
|---|---|
| **From:** | Elizabeth Rodriguez <elizabeth@pabilaw.org> |
| **Sent:** | Wednesday, July 5, 2023 2:51 PM |
| **To:** | Impartial Hearing Office |
| **Subject:** | NYC ID#:   Due Process Complaint 23-24 SY |
| **Attachments:** | DPC -   23-24 SY - f (1).docx.pdf |

Good afternoon;

See attached for Ogunleye's due process complaint.

--



**Elizabeth Rodriguez | Paralegal**
*300 East 95th Street, Suite #130*
*New York, New York 10128*
*Tel. 347.538.7794*
[braininjuryrights.org](braininjuryrights.org)

**Confidentiality Notice -** This email message, including all the attachments, is for the sole use of the intended recipient(s) and contains confidential information. Unauthorized use or disclosure is prohibited. If you are not the intended recipient, you may not use, disclose, copy or disseminate this information. If you are not the intended recipient, please contact the sender immediately by reply email and destroy all copies of the original message, including attachments.
**Aviso de confidencialidad -** Este mensaje de correo electrónico, incluyendo todos los archivos adjuntos, es para el uso exclusivo de los destinatarios previstos y contiene información confidencial. Se prohíbe el uso o la divulgación no autorizados. Si usted no es el destinatario deseado, usted no puede utilizar, revelar, copiar o difundir esta información. Si usted no es el destinatario deseado, por favor póngase en contacto con el remitente inmediatamente por correo electrónico de respuesta y destruir todas las copias del mensaje original, incluyendo los archivos adjuntos