EXHIBIT 3

NEW YORK CITY DEPARTMENT OF EDUCATION
IMPARTIAL HEARING OFFICE
----------------------------------------------------------------X
In the Matter of the Due Process Complaint of
**ADEJUMOKE OGUNLEYE**, on behalf of her
son **D.O**, a minor,

                Petitioner,                     **PENDENCY ORDER**

   -against-

                                                  IHO Case No. 251168
**THE NEW YORK CITY DEPARTMENT**
**OF EDUCATION,**                                   IHO Joshua Arocho, Esq.

                Respondent.
----------------------------------------------------------------X

This Order addresses a Student with disabilities whose Parent challenges the Individualized Educational Program ("IEP") and placement proposed for the 2023-2024 extended school year by Respondent The New York City Department of Education ("DOE"). Through this Order, the Parent seeks to enforce the Student's pendency rights under 20 U.S.C. § 1415(j) and N.Y. Educ. Law § 4404(4), which entitle the Student to remain in his current educational placement, at public expense, during the pendency of their administrative and/or judicial proceeding.

Under the Individuals with Disabilities Education Act ("IDEA"), the pendency inquiry identifies the Student's then-current educational placement. *Mackey v. Bd. of Educ., Arlington C.S.D.*, 386 F.3d 158 (2d Cir. 2004), *supplemented*, 112 F. App'x 89 (2d Cir. 2004). Although not defined by statute, the phrase "then current educational placement" has been found to mean the last agreed-upon placement at the moment when the due process proceeding is commenced. *Murphy v. Arlington C.S.D.*, 86 F. Supp. 2d 354 (S.D.N.Y. 2000), *aff'd,* 297 F.3d 195 (2d Cir. 2002).

The DOE does not contest, and I find that the Student's "last agreed upon placement" is at the International Academy for the Brain ("iBRAIN"). The legal basis for pendency for D.O. is the unappealed Findings of Fact and Decision ("FOFD") of Impartial Hearing Officer Helene Peyser, dated December 23, 2021, in IHO Case No. 207856, which found that: 1) DOE denied the Student a FAPE; 2) iBRAIN was an appropriate unilateral placement for the Student; and, 3) equitable

1

considerations supported a full award of direct payment of tuition and related services, including special transportation, for the Student at iBRAIN for the 2021-2022 extended school year.[1]

For the preceding reasons, it is hereby **ORDERED** that effective July 5, 2023, and during the pendency of all Due Process Proceedings relative to IHO Case No. 251168 and all administrative and judicial proceedings taken on appeal therefrom, the DOE shall fund the Student's placement at iBRAIN. This placement includes the following:

- Funding for costs of tuition to be paid directly to the International Academy for the Brain ("iBRAIN") pursuant to the enrollment agreement between the Parent-Petitioner and iBRAIN, Ex. D;

- Transportation services to be paid in installments directly to the transportation provider pursuant to the transportation contract between the Parent-Petitioner and transportation provider, Ex. E.

**SO ORDERED**

DATED: August 25, 2023

*/s/ Joshua H. Arocho*

Joshua H. Arocho
Impartial Hearing Officer

---

[1] Although there is an intervening FOFD dated March 28, 2023 in Case No. 228527, the FOFD was appealed to the Office of State Review, which issued its decision in SRO 23-073 on June 30, 2023. Because the time to appeal SRO 23-073 has not expired, it is not considered a final decision under 34 C.F.R. § 300.514(a). *Student X v. N.Y. City Dep't of Educ.*, 2008 U.S. Dist. LEXIS 88163 at *66–67 (E.D.N.Y. Oct. 30, 2008). Accordingly, the FOFD dated December 23, 2021 in Case No. 207856 remains the last agreed upon placement and constitutes the Student's pendency placement in the case at bar.

2

## **NOTICE OF RIGHT TO APPEAL**

Within 40 days of the date of this decision, the parent and/or the Public School District has a right to appeal the decision to a State Review Officer (SRO) of the New York State Education Department under section 4404 of the Education Law and the Individuals with Disabilities Education Act.

If either party plans to appeal the decision, a notice of intention to seek review shall be personally served upon the opposing party no later than 25 days after the date of the decision sought to be reviewed.

An appealing party's request for review shall be personally served upon the opposing party within 40 days from the date of the decision sought to be reviewed. An appealing party shall file the notice of intention to seek review, notice of request for review, request for review, and proof of service with the Office of State Review of the State Education Department within two days after service of the request for review is complete. The rules of procedure for appeals before an SRO are found in Part 279 of the Regulations of the Commissioner of Education. A copy of the rules in Part 279 and model forms are available at http://www.sro.nysed.gov.

## APPENDIX A: EXHIBITS ADMITTED INTO THE RECORD

**DISTRICT EVIDENCE**

| Exhibit | Title | Date | Pages |
|---|---|---|---|
| 1. | *None* | | |

**PARENT EVIDENCE**

| Exhibit | Title | Date | Pages |
|---|---|---|---|
| A. | Due Process Complaint | 7/5/2023 | 9 |
| B. | Findings of Fact and Decision IH# 207856 | 12/23/2021 | 18 |
| C. | [Omitted – Not Admitted to the Record] | | |
| D. | iBRAIN Enrollment Contract 2023-24 School Year | 7/2/2023 | 6 |
| E. | Transportation Agreement 2023-24 School Year | 7/6/2023 | 6 |
| F. | Proposed Order of Pendency 2023-24 School Year | 8/17/2023 | 2 |