EXHIBIT 6

**BRAIN INJURY RIGHTS GROUP**

Address: 300 E 95th St., Suite #130 New York, NY 10128
Telephone: 646.850.5035
Website: www.braininjuryrights.org

July 5, 2023

**Sent Via Electronic Mail: (IHOQUEST@SCHOOLS.NYC.GOV)**
New York City Department of Education
Impartial Hearing Office
131 Livingston Street, Room 201
Brooklyn, NY 11201

### DUE PROCESS COMPLAINT - SCHOOL YEAR 2023-2024

| | |
|---|---|
| Student: | H___ C___ |
| NYC ID#: | [redacted] |
| DOB: | [redacted] |
| Parent(s)/Guardian(s): | Maytinee Bird |
| Home Address: | [redacted] |
| School: | International Academy for the Brain ("iBRAIN") |

To Whom It May Concern:

The Brain Injury Rights Group, Ltd. ("Counsel"), represents the above-named student ("Student" or "[redacted]") and their parent(s)/guardian(s) ("Parent") (collectively "Clients"), in matters pertaining to the classification, program, placement, and implementation of special education and related services for Student for the 2023-2024 extended school year ("23-24 ESY").

The New York City Department of Education("DOE") has procedurally and substantively denied the Student a Free Appropriate Public Education ("FAPE") as mandated by federal law, for the 2023-2024 extended school year. Accordingly, we write to request an impartial hearing pursuant to Section 1415 of the Individuals with Disabilities Education Act, 20 U.S.C. §1400, et seq. ("IDEA"), Article 89 of the New York State Education Law, and Part 200.5 of the Regulations of the New York State Commissioner of Education.

Please note, our Clients waive the 30-day resolution period and request the Impartial Hearing Office expedite this Due Process Complaint by scheduling a hearing immediately to address the ongoing violations of state and federal law as outlined below. Our Clients also request that the Impartial Hearing be open to the public per 34 C.F.R. §300.512(c).

### PENDENCY

Our Clients request an interim order of pendency pursuant to federal and state special education law. Specifically, the IDEA and New York Education Law both contain "stay-put" provisions which give the student the right to remain in his or her current educational placement at district expense during the pendency of any administrative or judicial proceedings. 20 U.S.C. §1415(j); N.Y. Educ. Law 4404(4). Thus, the law allows the Student to remain in her

1

"last-agreed-upon placement" until the impartial hearing process (including all appeals) is complete, unless the Parent and the DOE otherwise agree in writing.

As per 20 U.S.C. §1415(j), ▇ pendency entitlements are automatic upon the filing of this Due Process Complaint ("DPC"), and are required to be implemented by the DOE as a matter of law without the necessity of any application, motion, or other showing by Student's counsel, until there is a final order. In the event, however, the DOE fails to automatically implement ▇ pendency and insists upon the issuance of an Interim Order from the Impartial Hearing Officer ("IHO"), we respectfully request an immediate pendency hearing. Without the implementation and honoring of the statutory entitlement of pendency, ▇ will suffer from the lack of funding for the services and program at iBRAIN.

The legal basis for pendency herein is the Findings of Fact and Decision ("FOFD") of Impartial Hearing Officer Richard J. Zeitler Jr. in IHO Case No. 228745, dated September 20, 2022, which found that: 1) DOE denied ▇ a FAPE for the 22/23 ESY; 2) iBRAIN was appropriate for ▇ and, 3) equitable considerations supported a full award of direct payment of tuition and related services, including special transportation, for ▇ at iBRAIN for the 22/23 ESY.

This Student's placement includes the following:

- Funding for the cost of tuition, and supplemental services, where applicable, to be paid directly to the International Academy for the Brain ("iBRAIN") pursuant to the enrollment agreement between the Parent-Petitioner(s) and iBRAIN as outlined in Petitioner's Due Process Complaint;

- Funding for transportation services, as well as all services necessary to said transportation, to be paid directly to the transportation provider, in installments pursuant to the transportation contract between the Parent-Petitioner and the transportation company as outlined in Petitioner's Due Process Complaint; and

- Funding for nursing services to be paid directly to the nursing service provider, in monthly installments pursuant to the nursing contract between the Parent-Petitioner and nursing service provider as outlined in Petitioner's Due Process Complaint.

**DISPUTED ISSUES**

This Due Process Complaint ("DPC") includes three sections: (I) a description of ▇ educational needs and abilities; (II) an enumeration of the ways by which DOE failed to meet its obligation to provide ▇ with a FAPE; and, (III) a proposal for how this failure may be remedied.

I. **STUDENT'S EDUCATIONAL NEEDS AND ABILITIES**

▇ suffers from a brain injury resulting in severe impairments in the following areas: cognition, language, memory, attention, reasoning, abstract thinking, judgment, problem solving, sensory, perceptual and motor abilities, psychosocial behavior, physical functions, information processing and speech. ▇ is diagnosed with an acquired brain injury, as well as Cerebral Palsy, seizure disorder, and Heterotaxy Syndrome. ▇ also has a heart defect for which she underwent a

2

cardiac shunt procedure and uses a G-tube for feeding purposes. These impairments adversely affect ▮ educational skills and performance.

Due to the severe nature of her brain injury, ▮ is non-verbal and non-ambulatory, with highly intensive management needs requiring a high degree of individualized attention and intervention throughout the school day.

Accordingly, ▮ requires a small, structured 6:1:1 classroom offering an educational program delivered via a 1:1 direct instruction model, with a full-time 1:1 paraprofessional during the school day and while in transit to and from school to assist with all daily activities, and a 1:1 nurse to aid with medical needs, feedings, reassurance and redirections, and monitoring of oxygen levels during the school day. ▮ requires a modified environment reducing visual and sound distractions, and requires a two-person transfer to and from her wheelchair or other repositioning. In addition, periodic breaks, additional processing time for tasks, and purposeful repetition of tasks during related services sessions and educational instruction are required to accommodate ▮ significant needs in order for her to receive educational benefits and make progress.

▮ requires an intensive regimen of related services, delivered in 60-minute sessions, including occupational therapy (OT), physical therapy (PT), speech and language therapy (SL), assistive technology (AT), and music therapy (MT) in order to benefit from special education instruction. Because of the intensive level of services that ▮ requires, it is necessary for ▮ to attend a program which operates on an extended school day.

▮ also requires an extended school day in order to accommodate the intensive level of care required to prepare her for the school day upon arrival, and to prepare her for dismissal at the end of the day.

**EDUCATIONAL PROGRAM HISTORY**

▮ began attending iBRAIN in 2020. At iBRAIN, ▮ receives an appropriate educational program that addresses her health and educational needs. ▮ attends a 6:1:1 class with direct and small group instruction. Additionally, she receives OT, PT, SL, AT, and MT, all in 60-minute sessions to allow for repetition, rest, transitioning, and reinforcement of skills. ▮ is also receiving access to AT devices and services. All of ▮ related services are provided on a push-in/pull-out basis so that she will be able to generalize skills across environments. ▮ also has the services of a 1:1 paraprofessional to support her needs in her related services and classroom activities, and a 1:1 nurse to aid with medical needs, feedings, and monitoring of oxygen levels. (▮ has a known cardiac condition where her baseline SpO2 level is at 85%).

**2022-2023 School Year**

On April 6, 2022, DOE convened a Committee on Special Education ("CSE") to develop an Individualized Education Program ("IEP") for ▮ ("April 2022 IEP"). Parent and ▮ teacher and service providers at iBRAIN attended and participated in the IEP meeting. The CSE agreed with iBRAIN's recommendations that ▮ be classified as a student with a traumatic brain injury ("TBI") and that she receive related services in the same frequency and duration (i.e., 60 minutes) as she currently received at iBRAIN.

3

A.Roman, Case Coordinator - IHO# 250798

Parent disagreed with DOE's failure to recommend music therapy and a 1:1 nurse. Given ▓ intensive healthcare needs, a 1:1 nurse is essential for her safety and well-being. Further, while Parent was informed that music was part of the curriculum in District 75, the music would not be provided by a licensed music therapist. As ▓ has shown excellent progress with the music therapy she is being provided at iBRAIN, Parent was disappointed and disagreed with DOE's failure to recommend music therapy.

### 2023-2024 School Year

DOE convened a Committee on Special Education ("CSE") on June 26, 2023, to develop an IEP for ▓ for the 23-24 ESY ("June 2023 IEP"). This time, the CSE adopted most of iBRAIN's recommendations, including the disability classification of traumatic brain injury ("TBI"), the same 6:1:1 class ratio, and the recommendations for OT, PT, and SL. The CSE also adopted iBRAIN's recommendation for assistive technology devices and services, as well as the recommendation for a 1:1 health paraprofessional. However, the CSE failed to offer or provide music therapy or appropriate special transportation. And, the CSE recommended a District 75 public school for ▓ Most egregious was the CSE's failure to recommend 1:1 nursing for ▓ notwithstanding the documentation supporting her need for such services.

To date, the DOE has failed to provide Parent with a copy of the recommended IEP, a Prior Written Notice ("PWN"), or a School Location Letter ("SLL") for the 23-24 ESY.

Parent disagreed with the recommended program and placement out of concern that a District 75 classroom will have too many distracting variables and not provide the multiple modalities required for ▓ learning. Without ▓ current robust program and services, Parent is concerned that ▓ will lose the skills she has acquired. Additionally, due to the complexity of her medical needs, Parent believes that ▓ needs a highly specialized program of direct instruction and extensive related services.

The educational program ▓ currently receives at iBRAIN continues to be appropriate inasmuch as it addresses all of ▓ health and educational needs. ▓ attends a 6:1:1 class and receives OT, PT, SL, and MT in 60-minute sessions to allow for repetition, rest, transitioning, and reinforcing of skills. ▓ also has access to AT devices and services so she can improve her communication skills and better access her curriculum. ▓ also receives music therapy, which is providing a great benefit. All of ▓ related services are provided on a push-in/pull-out basis so that ▓ will be able to generalize skills across environments. ▓ also has the services of a 1:1 health paraprofessional to support her needs in classroom and related services sessions, and a 1:1 nurse to aid with medical needs, feedings, reassurance and redirections, and monitoring of oxygen levels.

## II. DOE FAILED TO OFFER OR PROVIDE A FAPE TO ▓

The DOE failed to offer or provide ▓ with a FAPE because DOE failed to provide a written IEP and placement uniquely tailored to meet ▓ needs for the 2023-2024 ESY. Additionally, our Clients challenge herein any and all IEPs offered to ▓ for the 2023-2024 ESY. This DPC is based on, but not limited to, the following factors, which have procedurally and substantively denied the Student a FAPE:

4

A.Roman, Case Coordinator - IHO# 250798

A. **DOE FAILED TO RECOMMEND AN APPROPRIATE SCHOOL LOCATION**
   a. DOE failed to recommend an appropriate school for ▇ for the 23-24 ESY, thereby denying ▇ a FAPE.
   b. To date, the DOE has failed to provide the Parent with a recommended School Location Letter, leaving ▇ with no school to attend.
   c. The proposed 6:1:1 classroom in a District 75 public school is inappropriate for ▇
      i. Pursuant to the Commissioner's Regulation §200.6, the size and composition of proposed classes shall be based on the "similarity of the individual needs of the students according to: (i) levels of academic or educational achievement and learning characteristics; (ii) levels of social development; (iii) levels of physical development; and (iv) the management needs of the students in the classroom." A 6:1:1 class in a District 75 school is primarily for ambulatory students, and students with autism, which is inappropriate for ▇
      ii. ▇ would not be appropriately grouped within the recommended class based on her extensive medical and academic needs. Additionally, ▇ would not have access to appropriate peer models. Due to ▇ inability to sense danger and her impairments, placing ▇ in a class with ambulatory students who have intensive behavioral and communication needs based on the classification of autism would be inappropriate for ▇ and would also present a health hazard for ▇
   d. The proposed school (District 75) cannot provide the quiet, distraction-free environment that ▇ requires to receive educational benefits and make progress.
   e. DOE failed to recommend a school location where the June 2023 IEP could be implemented by its failure to recommend an extended school day. There are simply not enough hours in the regular school day to provide ▇ with the program recommended by the June 2023 IEP. In order to meet ▇ related services mandate, 100% of ▇ related services would have to be on a push-in basis. DOE's Failure to recommend an extended school day constitutes a clear denial of FAPE.
   f. A District 75 school cannot implement the recommended IEP as written.
      a. There are not enough hours in the regular school day to provide the Student with all of the mandated related services and instructional hours.
      b. DOE denied a FAPE by failing to recommend an extended school day for the Student.

B. **DOE FAILED TO RECOMMEND SUFFICIENT RELATED SERVICES**
   a. Music Therapy - Despite noting that ▇ has benefited from music therapy, the CSE failed to adopt iBRAIN's recommendation for music therapy for ▇
   b. Skilled Nursing Services — Due to her complex medical history and diagnoses, ▇ requires a skilled 1:1 nurse all day to address her medical needs which would in turn, help increase her participation in classroom activities. ▇ needs a trained medical professional to assist with feeding, breathing/suctioning and to ensure that she remains on schedule for all required medications. Without a 1:1 nurse, ▇ safety is in jeopardy. ▇ would also be unable to make any

5

      meaningful progress under the DOE's proposed IEP. The DOE's failure to address ▮▮▮ need for 1:1 skilled nursing services is a denial of FAPE.
  c. Sufficient and appropriate support for ▮▮▮ AT devices and services were not recommended (e.g., DOE failed to recommend switches, AAC, switch mounts, appropriate software, and/or adaptive seating).

C. **DOE FAILED TO CONDUCT APPROPRIATE AND TIMELY EVALUATIONS**
  a. DOE failed to conduct a neuropsychological evaluation despite its own Standard Operating Procedures Manual recommendation of neuropsychological evaluations for students who have a traumatic brain injury.
  b. ▮▮▮ requires an independent neuropsychological evaluation in order to determine her true diagnoses and which would accurately reflect her needs and abilities.
  c. DOE failed to conduct the mandated 3-year ("triennial") evaluation.
  d. DOE failed to conduct updated evaluations in OT, PT, and SL prior to the 23/24 ESY.
  e. DOE denied Parent's request for music therapy without conducting its own evaluation.
  f. DOE failed to conduct any evaluations on ▮▮▮ in advance of the 2023-2024 ESY.
  g. DOE's evaluations failed to thoroughly assess ▮▮▮ in all areas of her suspected disability.
  h. DOE failed to adequately address the Parent's request to consider an NYSED-approved Non-Public School (NPS), by, inter alia, failing to conduct evaluations in connection with an NPS placement, which is violative of the DOE's Standard Operating Procedures Manual ("SOPM").
  i. DOE failed to conduct a psychological assessment completed within three years or, if the school psychologist determined that this was unnecessary, a written report by the psychologists indicating the reasons the assessment was not needed before the 2023 IEP meeting;
  j. DOE failed to assess ▮▮▮ specific educational needs for the last six months;
  k. DOE failed to recommend an NPS program that would be appropriate for Sebastian, given that there was no appropriate DOE program.
  l. Parent hereby disagrees with the DOE's evaluations, or lack thereof, and formally requests an order directing DOE to fund independent educational evaluation ("IEE") in the form of an independent neuropsychological evaluation to be conducted by a qualified provider of Parent's choosing at a reasonable market rate.

D. **DOE FAILED TO RECOMMEND APPROPRIATE SPECIAL EDUCATION TRANSPORTATION SERVICES AND ACCOMMODATIONS**
  a. Despite the ample description of ▮▮▮ intensive needs in the June 2023 IEP, the IEP does not contain all of the accommodations that ▮▮▮ requires during transportation, including, but not limited to: air conditioning, a travel nurse and adult supervision, wheelchair accommodation, a ventilator, and a limited travel time.

E. **DOE DENIED PARENT MEANINGFUL PARTICIPATION IN THE IEP PROCESS**

6

    a. By its failure to appropriately evaluate ▇ DOE failed to provide Parent with sufficient clinical evaluative material to understand ▇ needs and abilities.
    b. DOE ignored the recommendation of the majority of the participants in the IEP meeting.
    c. DOE failed to recommend a school location to implement the proposed June 2023 IEP.

### III. PROPOSED RESOLUTION FOR DOE'S FAILURE TO OFFER OR PROVIDE A FAPE

In light of the above, DOE has failed to offer ▇ a FAPE for the 2023-2024 ESY. Furthermore, ▇ placement at iBRAIN for the 2023-2024 ESY is appropriate to address her academic, physical, and social/emotional needs, and is reasonably calculated to confer educational benefits upon ▇ Additionally, there are no equitable considerations which would bar direct/prospective payment for all costs associated with ▇ placement at iBRAIN, including tuition, related services, nursing, and special transportation, as, at all relevant times, our Clients have cooperated in the DOE/CSE review, development, and placement process, and timely DOE a 10-day notice.

Our Clients, hereby reserve the right to raise any other procedural or substantive issues that may come to their attention during the pendency of the litigation of this matter, including, but not limited to: (1) challenging the qualifications of any of the DOE's proposed supervisors, teachers, paraprofessionals, and/or any other service provider who might have been assigned to work with Student; (2) challenging the appropriateness of DOE's recommended placement by claiming that it cannot or will not maintain an appropriate student-to-staff ratio for the entirety of the school day and that the Student's IEP can be implemented as drafted without an extended school day; and, (3) challenging the appropriateness of DOE's recommended placement by claiming that it will not or cannot provide ▇ with all of the related services her needs to make meaningful progress.

In an effort to avoid prolonged litigation of this matter, Parent proposes the terms of settlement discussed below:

    a. An Order declaring that DOE denied Student a FAPE during the 2023-2024 ESY;

    b. A determination that iBRAIN is an appropriate placement for Student;

    c. An Order directing payment by DOE directly to iBRAIN for the cost of Full Tuition for the 2023-2024 ESY in addition to the costs of related services, 1:1 nursing services, and a 1:1 paraprofessional;

    d. Direct payment/prospective funding of special education transportation with limited travel time, a 1:1 transportation nurse and paraprofessional, air conditioning, a lift bus, and a regular-sized wheelchair;

    e. Reconvene a new IEP meeting to address changes if necessary;

    f. An Order directing DOE to fund an independent neuropsychological evaluation.

A.Roman, Case Coordinator - IHO# 250798

      Should this matter proceed to litigation and Parent is a prevailing party on any substantial issue, then we will additionally seek an award of attorneys' fees and the recovery of all related fees and disbursements as permitted by relevant statute.

Very truly yours,

/s:/ *Jeong In Kwon*

Jeong In Kwon, Esq.
Brain Injury Rights Group, Ltd.
Attorneys for Parents
Email: hearings@pabilaw.org

cc:    Parent:  Maytinee Bird

8

A.Roman, Case Coordinator - IHO# 250798

## Shakur Shabaka Ra

**From:** Elizabeth Rodriguez <elizabeth@pabilaw.org>
**Sent:** Wednesday, July 5, 2023 2:59 PM
**To:** Impartial Hearing Office
**Subject:** ▮▮▮▮▮ NYC ID#: ▮▮▮▮ Due Process Complaint
**Attachments:** DPC ▮▮ Cajamara 23_24 SY - f (1).docx.pdf

Good afternoon;

See attached for Cajamarca's due process complaint.

--



**Elizabeth Rodriguez | Paralegal**
*300 East 95th Street, Suite #130*
*New York, New York 10128*
*Tel. 347.538.7794*
[braininjuryrights.org](braininjuryrights.org)

**Confidentiality Notice -** This email message, including all the attachments, is for the sole use of the intended recipient(s) and contains confidential information. Unauthorized use or disclosure is prohibited. If you are not the intended recipient, you may not use, disclose, copy or disseminate this information. If you are not the intended recipient, please contact the sender immediately by reply email and destroy all copies of the original message, including attachments.
**Aviso de confidencialidad -** Este mensaje de correo electrónico, incluyendo todos los archivos adjuntos, es para el uso exclusivo de los destinatarios previstos y contiene información confidencial. Se prohíbe el uso o la divulgación no autorizados. Si usted no es el destinatario deseado, usted no puede utilizar, revelar, copiar o difundir esta información. Si usted no es el destinatario deseado, por favor póngase en contacto con el remitente inmediatamente por correo electrónico de respuesta y destruir todas las copias del mensaje original, incluyendo los archivos adjuntos