# EXHIBIT 10

A. ROMAN, CASE COORDINATOR - IHO# 251068

**BRAIN INJURY RIGHTS GROUP**

Address: 300 E 95th St., Suite #130 New York, NY 10128
Telephone: 646.850.5035
Website: www.braininjuryrights.org

July 5, 2023

**Sent Via Electronic Mail: (IHOQUEST@SCHOOLS.NYC.GOV)**
Impartial Hearing Office
New York City Department of Education
131 Livingston Street, Room 201
Brooklyn, NY 11201

### DUE PROCESS COMPLAINT - SCHOOL YEAR 2023-2024

Student:                    A█████ F███
NYC ID#:
DOB:
Parent(s)/Guardian(s):      Marlene Frias
Home Address:
School:                     International Academy for the Brain ("iBRAIN")

To Whom It May Concern:

  The Brain Injury Rights Group, Ltd. ("Counsel"), represents the above-named student ("Student" or "█████") and his parent(s)/guardian(s) Marlene Frias ("Parent") (collectively "Clients"), in matters pertaining to the classification, program, placement, and implementation of special education and related services for Student for the **2023-2024** extended school year ("23/24 ESY").

  The New York City Department of Education ("DOE") has procedurally and substantively denied Student a Free Appropriate Public Education ("FAPE") as mandated by federal law, for the 2023-2024 extended school year. Accordingly, we write to request an impartial hearing pursuant to Section 1415 of the Individuals with Disabilities Education Act, 20 U.S.C. §1400, et seq. ("IDEA"), Article 89 of the New York State Education Law, and Part 200.5 of the Regulations of the New York State Commissioner of Education.

  Please note, our Clients waive the 30-day resolution period and request the Impartial Hearing Office expedite this complaint by scheduling a hearing immediately to address the ongoing violations of state and federal law as outlined below. Our Clients also request that the Impartial Hearing be open to the public per 34 C.F.R. §300.512(c).

1

A. ROMAN, CASE COORDINATOR - IHO# 251068

## PENDENCY

Our Clients request an interim order of pendency pursuant to federal and state special education law. Specifically, the federal IDEA and New York Education Law both contain "stay-put" provisions which give the child the right to remain in his or her current educational placement at DOE expense during the pendency of any administrative or judicial proceedings. 20 U.S.C. §1415(j); N.Y. Educ. Law 4404(4). Thus, the law allows the student to remain in his or her "last-agreed-upon placement" until the impartial hearing process (including all appeals) is complete, unless the parent and the DOE otherwise agree in writing.

As per 20 U.S.C. §1415(j), ▇ pendency entitlements are automatic upon the filing of this Due Process complaint and are required to be implemented by the DOE as a matter of law without the necessity of any application, motion, or other showing by Student's counsel, until there is a final order. In the event, however, the DOE fails to automatically implement ▇ pendency and insists upon the issuance of an Interim Order from the impartial hearing officer ("IHO"), we respectfully request an immediate pendency hearing. Without the implementation and honoring of the statutory entitlement of pendency, ▇ will suffer from the lack of funding for the services and program at iBRAIN.

The legal basis for pendency for ▇ is the Findings of Fact and Decision ("FOFD") of Impartial Hearing Officer Jean Marie Brescia ("IHO Brescia") in IHO Case No. 242435 issued on May 30, 2023, which found that 1) DOE denied ▇ a FAPE during the 2022-2023 school year ("22/23 SY"); 2) that iBRAIN was appropriate for ▇ for the 22/23 SYs; and 3) that equitable considerations supported a full award of direct payment of tuition and related services, including special transportation for ▇ at iBRAIN during the 22/23 school year. For this reason, this FOFD should serve as the basis of pendency going forward.

This Student's placement includes the following:
- Funding for the cost of tuition, and supplemental services, where applicable, to be paid directly to the International Academy for the Brain ("iBRAIN") pursuant to the enrollment agreement between the Parent-Petitioner(s) and iBRAIN as outlined in Petitioner's Due Process Complaint;
- Funding for transportation services, as well as all services necessary to said transportation, to be paid directly to the transportation provider, in installments pursuant to the transportation contract between the Parent-Petitioner and the transportation company as outlined in Petitioner's Due Process Complaint; and
- Funding for nursing services to be paid directly to the nursing service provider, in monthly installments pursuant to the nursing contract between the Parent-Petitioner and nursing service provider as outlined in Petitioner's Due Process Complaint.

## DISPUTED ISSUES

This due process complaint includes three sections: (I) a description of ▇ educational needs and abilities; (II) an enumeration of the ways by which DOE failed to meet its

A. ROMAN, CASE COORDINATOR - IHO# 251068

obligation to provide ▬ with a FAPE; and, (III) a proposal for how this failure may be remedied.

I. **STUDENT'S EDUCATIONAL NEEDS AND ABILITIES**

▬ suffers from a brain injury resulting in severe impairments in the following areas: cognition, language, memory, attention, reasoning, abstract thinking, judgment, problem solving, sensory, perceptual and motor abilities, psychosocial behavior, physical functions, information processing and speech. ▬ is diagnosed with Pierre Robin Syndrome. At two months of age, she received a Percutaneous Endoscopic Gastronomy (PEG/G) Tube and at three months, underwent jaw surgery as a result of symptoms related to Pierre Robin. During surgery she developed a blood infection from her central line and, as a result, was placed in a medically-induced coma for a couple of months. She also received pressure equalizing (PE) tubes bilaterally at around 12 months of age, due to a history of frequent ear infections. ▬ also has a g/j-tube as she is currently NPO. These impairments have adversely affected ▬ educational performance.

▬ has intensive management needs, requiring a significant degree of individualized attention and intervention throughout the school day. Due to the severe nature of her brain injury, ▬ is non-verbal and non-ambulatory.

Accordingly, ▬ requires a small, highly-structured classroom offering an educational program delivered via a 1:1 direct instruction model, with a full-time 1:1 paraprofessional during the school day and while in transit to and from school to assist with all activities of daily living. ▬ requires a modified environment reducing visual and sound distractions. She requires a two-person transfer to and from her wheelchair or other repositioning. Furthermore, she requires an air-conditioned environment to prevent additional seizures, including academic and therapy periods, and transportation to and from school. In addition, periodic breaks, additional processing time for tasks, and purposeful repetition of tasks during therapy sessions and educational instruction are required to accommodate ▬ highly significant needs in order for ▬ to make progress.

▬ also requires an intensive regimen of related services, including occupational therapy (OT), physical therapy (PT), speech and language therapy (SL), Vision Education Services (VES), assistive technology (AT), and music therapy (MT) in order to benefit from special education instruction. Because of the intensive level of services that ▬ requires, it is necessary for ▬ to attend a program which operates on an extended school day within an extended school year to prevent regression. Furthermore, ▬ requires an extended school day to prepare her for the school day upon arrival, and to prepare her for dismissal at the end of the day.

EDUCATIONAL PROGRAM HISTORY

▬ began attending iBRAIN on March 2022. ▬ Parent has re-enrolled her at iBRAIN for the 2023-2024 extended school year. At iBRAIN, ▬ continues to receive an appropriate educational program that addresses all of ▬ health and educational needs. Since

3

███████ enrollment at iBRAIN, she has received all of her related services and academic instruction, as well as additional support and special transportation, at iBRAIN. ███████ currently attends an 8:1:1 class and receives the following services:

OT: 5 times per week for 60 minutes;
PT: 3 times per week for 60 minutes;
SL: 5 times per week for 60 minutes;
VES: once per month for 60 minutes;
MT: 2 times per week for 60 minutes; and
AT: once per week for 60 minutes.

At iBRAIN, ███████ also utilizes an AT device and receives assistance from a 1:1 paraprofessional for all activities of daily living. Furthermore, she also receives transportation services, which includes: a 1:1 travel paraprofessional, air conditioning, and limited travel time of 90 minutes.

On March 23, 2023, the DOE convened a Committee on Special Education (CSE) to develop ███████ Individualized Education Program (IEP) ("March 2023 IEP"). The CSE recommended a 8:1:1 class in a District 75 public school. At the IEP meeting, the CSE recommended the following services:

OT: 5 times per week for 60 minutes;
PT: 3 times per week for 60 minutes;
SL: 5 times per week for 60 minutes; and
AT: once per week for 60 minutes.

The CSE also recommended a 1:1 paraprofessional for ███████

Furthermore, for transportation services/accommodations, the CSE recommended: curb transportation and a 1:1 travel paraprofessional.

███████ teachers expressed, and Parent agrees, that although a class of 8 students would be appropriate, a District 75 public school program would fail to address her intensive management needs. Moreover, the lack of provision of music therapy by a board-certified music therapist would only serve a recreational and not a therapeutic purpose.

Parent also expressed to the CSE some health and safety concerns for ███████ when she was previously attending a District 75 school, where Ariel came home from school dirty and uncared for on some occasions. Parent further expressed that she has seen remarkable progress from Ariel since she transitioned to iBRAIN, and that she continues to require the specialized setting

To date, Parent has not received a Prior Written Notice ("PWN") package and a School Location Letter ("SLL") from the DOE for the 2023-2024 extended school year.

Parent remains willing to investigate a placement that the DOE would offer, but given the circumstances and ███████ conditions, Parent had no choice but to re-evaluate alternative options.

4

As a result of the issues noted above, Parent decided to re-enroll ▇ at iBRAIN and informed the DOE of this decision via a Ten-Day Notice ("TDN") on June 20, 2023.

## II. DOE FAILED TO PROVIDE A FAPE TO STUDENT

The DOE failed to offer or provide ▇ with a FAPE because DOE failed to provide an IEP and placement uniquely tailored to meet ▇ needs for the 2023-2024 extended school year. Additionally, our Clients challenge herein any and all IEPs offered to ▇ for the 2023-2024 school year. This due process complaint is based on, but not limited to, the following factors, which have procedurally and substantively denied Student a FAPE:

### A. DOE FAILED TO TIMELY RECOMMEND A SCHOOL LOCATION FOR ▇

a. The DOE convened a CSE on March 23, 2023 to develop ▇ IEP. Parent has not received a copy of the IEP to date. DOE failed to provide Parent with a Prior Written Statement ("PWN") and a School Location Letter ("SLL"). This is a *per se* denial of FAPE. By its failure to timely recommend a school location, DOE denied Parent of the right to obtain sufficient information about a proposed school location to determine whether the school can implement the March 2023 IEP.

### B. DOE FAILED TO RECOMMEND AN APPROPRIATE PUBLIC SCHOOL LOCATION

a. DOE's recommendation of a District 75 public school is woefully inappropriate for ▇ 8:1:1 classes in District 75 schools have students with different educational and behavioral needs than ▇ who suffers from an acquired brain injury.
b. DOE failed to recommend a school location where ▇ would be placed with peers who have similar needs, as is her entitlement under the law.
c. DOE's recommendation of a District 75 school would subject ▇ to danger, as she is visually impaired, lacks safety awareness, and is unable to protect herself.
d. Depriving ▇ of access to peers who are working on similar communication goals and who can act as appropriate peer models constitutes denial of FAPE for ▇
e. It is mathematically impossible for DOE to provide ▇ with all of her related services in a typical school week in a District 75 school, as there are simply not enough hours in the school week to provide ▇ with all of her mandated instructional time and related services.
f. DOE failed to adequately address Parent's request to consider an NYSED-approved Non-Public School (NPS), which is in clear contradiction with the NYC DOE Standard Operating Procedures Manual ("SOPM").

5

A. ROMAN, CASE COORDINATOR - IHO# 251068

### C. DOE FAILED TO RECOMMEND APPROPRIATE RELATED SERVICES AND SUPPORTS TO PREVENT REGRESSION AND CONFER MEANINGFUL BENEFIT TO STUDENT

  a. The IEP team, and the documents presented by iBRAIN, and incorporated into the March 2023 IEP, indicated that ▮ benefits greatly from music therapy as a related service. DOE's failure to recommend music therapy, based not on ▮ needs but on DOE's inability to provide the service, denied ▮ a FAPE.
  b. DOE failed to specifically identify and recommend whether a related service is to be facilitated via push-in or pull-out on the March 2023 IEP.

### D. DOE FAILED TO CONDUCT NECESSARY EVALUATIONS FOR ▮

  a. DOE failed to provide sufficient evaluative data to support its recommendations for ▮
  b. DOE's evaluations failed to thoroughly assess ▮ in all areas of her suspected disability.
  c. DOE failed to follow its own procedures identified in the SOPM when considering an NYSED-non-public school placement ("NPS"), which shows that DOE ignored Parent's request for considering an NPS by failing to consider the following before the March 2023 IEP meeting:
     i. DOE failed to provide a psychological assessment completed within three years or, if the school psychologist determines that this is unnecessary, a written report by the psychologists indicating the reasons the assessment was not needed before the March 2023 IEP meeting;
     ii. DOE failed to assess ▮ specific educational needs for the last six months prior to the March 2023 IEP meeting; and
     iii. DOE failed to recommend an NPS program that would be appropriate for ▮ given that there is no DOE program appropriate for her.
  d. DOE failed to conduct a neuropsychological evaluation of ▮ The evaluations conducted by the DOE were insufficient to accurately assess ▮
  e. ▮ requires an independent neuropsychological evaluation to determine his true diagnoses and which would accurately reflect his needs and abilities.
  f. DOE failed to conduct an AT evaluation to determine what device ▮ specifically needs to progress.
  g. Parent hereby restates her disagreement with the DOE's evaluations and request an Independent Educational Evaluation ("IEE") to take the form of funding for an independent psychological assessment, educational needs assessment, an AT evaluation, and a neuropsychological evaluation to be conducted by a qualified provider of Parent's choosing at a reasonable market rate.

### E. DOE DENIED PARENTS MEANINGFUL PARTICIPATION IN THE IEP PROCESS

6

  a. By its failure to appropriately evaluate ▓ DOE failed to provide Parents with sufficient clinical evaluative material to understand ▓ needs and abilities.

**F. DOE FAILED TO MANDATE APPROPRIATE SPECIAL EDUCATION TRANSPORTATION SERVICES AND ACCOMMODATIONS**
  a. On the March 2023 IEP, DOE recommended the following transportation accommodations/services: curb transportation, and a 1:1 transportation paraprofessional. These alone would not appropriately address ▓ transportation needs.
  b. DOE failed to recommend the following accommodations/services, including but not limited to: air-conditioning and limited travel time of 60 minutes.

**G. DOE PREDETERMINED THE OUTCOME OF THE MARCH 23 IEP**

  a. Despite the clear, unequivocal recommendations of ▓ teacher and therapists that ▓ be placed in a small class so that she can benefit from instruction with minimal distraction, DOE recommended a placement in a D75 school.
  b. It was clear at the meeting that DOE was going to disregard the concerns of the overwhelming majority of the IEP team and recommend a D75 school.
  c. The DOE failed to consider alternative placement options at the IEP meeting.

## iBRAIN is Appropriate for ▓

At iBRAIN, ▓ continues to receive special education programming, supported by appropriate related services that address his highly intensive management needs, that provide a benefit to ▓ and allow for him to make meaningful progress. She attends a small 8:1:1 class with peers who function on a similar level and who are working on similar communication and therapeutic goals.

## Equitable Considerations Favor a Full Award of Tuition and Related Services for ▓ at iBRAIN

Parent has always made ▓ available for evaluations and/or observations by the DOE. Furthermore, Parent participated in the March 2023 IEP meeting, but had to disagree with the CSE's recommendation at the meeting as the recommendations were inappropriate for ▓ Parent expressed that she was willing to investigate DOE's proposed public school location, but has not received a recommendation, to date. Accordingly, any analysis of equitable considerations supports a full award of tuition and related services, including special transportation, for ▓ at iBRAIN.

  **III. PROPOSED RESOLUTION FOR DOE'S FAILURE TO PROVIDE A FAPE**

A. ROMAN, CASE COORDINATOR - IHO# 251068

In light of the above, DOE has failed to offer ▓ a FAPE for the 2023-2024 school year. Furthermore, ▓ placement at iBRAIN for the 2023-2024 extended school year is appropriate to address ▓ academic, physical, social, and emotional needs, and is reasonably calculated to confer educational benefits upon ▓ Additionally, there are no equitable considerations which would bar direct/prospective payment for all costs associated with ▓ placement at iBRAIN, as, at all relevant times, our Clients have cooperated in the DOE/CSE review, development, and placement process.

Our Clients hereby reserve the right to raise any other procedural or substantive issues that may come to their attention during the pendency of the litigation of this matter, including, but not limited to: (1) challenging the qualifications of any of the DOE's proposed supervisors, teachers, paraprofessionals, and/or any other service provider who might have been assigned to work with Student; (2) challenging the appropriateness of DOE's recommended placement by claiming that it cannot or will not maintain an appropriate student-to-staff ratio for the entirety of the school day and that the Student's IEP can be implemented as drafted without an extended school day; (3) challenging the appropriateness of DOE's recommended placement by claiming that it will not or cannot provide ▓ with all of the related services he needs to make meaningful progress; and (4) challenging the appropriateness of the recommended school location by claiming that it does not have the appropriate facilities to effectively implement the DOE's proposed recommendations (e.g., AC, elevator access, therapy rooms).

In an effort to avoid prolonged litigation of this matter, Parent proposes the terms of settlement discussed below:

a. An interim order of pendency maintaining iBRAIN as ▓ placement for the 2023-2024 school year;

b. An order declaring that DOE denied ▓ a FAPE during the 2023-2024 school year;

c. A determination that iBRAIN is an appropriate placement for ▓ during the 2023-2024 extended school year;

d. An order declaring that equitable considerations favor full funding by the DOE for ▓ placement at iBRAIN for the 2023-2024 extended school year;

e. An order directing payment by DOE directly to iBRAIN for the cost of Full Tuition for the 2023-2024 school year in addition to the costs of related services, and a 1:1 paraprofessional;

f. Direct payment/prospective funding of special education transportation with a 1:1 transportation paraprofessional, air conditioning, a lift bus, a regular-sized wheelchair, and limited travel time of 60 minutes;

g. Request a reconvened IEP meeting to address changes if necessary;

8

    h.   An order compelling the DOE to evaluate ▮ and provide Assistive Technology Services and Devices and AAC to assist ▮ with communications; and

    i.   An order directing DOE to fund an independent psychological, neuropsychological, and educational needs assessment of ▮

Should this matter proceed to litigation and Parent is a prevailing party on any substantial issue, then we will additionally seek an award of attorneys' fees and the recovery of all related fees and disbursements as permitted by relevant statute.

Very truly yours,

/s:/
Angelo Lagman, Esq.
Brain Injury Rights Group, Ltd.
Attorneys for Parents
Email: hearings@pabilaw.org

cc:    Marlene Frias, Parent

**Sterling Sherika**

**From:** Zack Zylstra <zack@pabilaw.org>
**Sent:** Wednesday, July 5, 2023 8:44 PM
**To:** Impartial Hearing Office
**Subject:** ▮▮▮▮▮▮ NYC ID # ▮▮▮▮ Due Process Complaint 23-24 SY
**Attachments:** BIRG iBRAIN Academy Due Process Complaint - ▮▮▮▮ SY 23_24 (al).docx

Good Evening,

Please see attached Due Process Complaint.

--

**Zachary E. Zylstra, Esq. | Law Clerk**
300 East 95th Street, Suite #130
New York, New York 10128
Tel. 646.850.5035
braininjuryrights.org

Confidentiality Notice - This email message, including all the attachments, is for the sole use of the intended recipient(s) and contains confidential information. Unauthorized use or disclosure is prohibited. If you are not the intended recipient, you may not use, disclose, copy or disseminate this information. If you are not the intended recipient, please contact the sender immediately by reply email and destroy all copies of the original message, including attachments.

Aviso de confidencialidad - Este mensaje de correo electrónico, incluyendo todos los archivos adjuntos, es para el uso exclusivo de los destinatarios previstos y contiene información confidencial. Se prohíbe el uso o la divulgación no autorizados. Si usted no es el destinatario deseado, usted no puede utilizar, revelar, copiar o difundir esta información. Si usted no es el destinatario deseado, por favor póngase en contacto con el remitente inmediatamente por correo electrónico de respuesta y destruir todas las copias del mensaje original, incluyendo los archivos adjuntos