UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
**ADEJUMOKE OGUNLEYE,** as Parent and Natural
Guardian of **D.O.,** and **ADEJUMOKE OGUNLEYE**,
**Individually**, **et al**

                       Plaintiffs,                                  Docket No. 23-cv-09092

-against-

**DAVID C. BANKS**, in his official capacity as
Chancellor of the New York City Department of
Education; **NEW YORK CITY DEPARTMENT
OF EDUCATION;** and **BRAD LANDER,** in his
official capacity as Comptroller of the City of
New York,

                       Defendants.

------------------------------------------------------------------X

## PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF
## ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION

Daniela Jampel, Esq.
Brain Injury Rights Group, Ltd.
*Attorneys for the Plaintiffs*
300 East 95th Street, #130
New York, New York 10128
Daniela@pabilaw.org

## TABLE OF CONTENTS

*Page(s)*

**PRELIMINARY STATEMENT** .......................................................................... 1

**STATEMENT OF FACTS** ................................................................................ 2

**LEGAL BACKGROUND** ................................................................................ 3

**ARGUMENT** ..................................................................................................... 4

I.   **PLAINTIFFS HAVE STANDING AND THE COURT HAS SUBJECT MATTER JURISDICTION OVER THE INSTANT MATTER** .................................. 4

II.  **EXHAUSTION OF ADMINISTRATIVE REMEDIES IS NOT REQUIRED; IN THE ALTERNATIVE, ANY ADMINISTRATIVE REMEDIES HAVE ALREADY BEEN EXHAUSTED** ............................................................. 6

    *a.   The DOE Has Adopted a Policy Contrary to the Law* .............................. 8

    *b.   Adequate Relief Cannot be Obtained by Pursuing Administrative Remedies* .... 8

III. **AS A MATTER OF LAW, PLAINTIFFS NEED NOT DEMONSTRATE IRREPARABLE HARM** ......................................................................... 9

IV.  **PENDENCY ACTS AS AN AUTOMATIC PRELIMINARY INJUNCTION THAT REQUIRES DEFENDANTS TO FUND PLAINTIFFS' EDUCATIONAL PLACEMENT DURING THE PENDENCY OF THE DUE PROCESS PROCEEDINGS** ................................................................... 11

V.   **ALTERNATIVELY, PLAINTIFFS' CLAIMS SATISFY THE TRADITIONAL PRELIMINARY INJUNCTION STANDARD** ........................................ 13

    *a.   Likelihood of Success on the Merits* ................................................. 13

    *b.   Irreparable Harm* ........................................................................ 14

    *c.   The Balance of Equities Favors Injunctive Relief* ................................. 15

    *d.   Preliminary Injunctive Relief is in the Public's Interest* ......................... 15

VI.  **DEFENDANTS HAVE NOT MOVED FOR A STAY OF THE PENDENCY RIGHTS** ............................................................................................ 16

**CONCLUSION** ............................................................................................ **17**

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*A.S. ex rel. P.B.S. v. Bd. of Educ. for Town of W. Hartford*, 47 F. App'x 615, 616, n.2 (2d Cir. 2002)........6

*Abrams, et al. v. Carranza, et al.,* 20-cv-5085 (JPO) ...............................................................................15

*Angamarca v. New York City Dep't of Educ.*, No. 19 CIV. 2930 (PGG), 2019 WL 3034912, at *6
   (S.D.N.Y.   July   11, 2019) ...................................................................................12

*Araujo v. New York City Dep't of Educ.*, 20 Civ. 7032 (LGS), 2020 U.S. Dist. LEXIS 175767* at *8
   (S.D.N.Y. 2020)...............................................................................................8, 12

*Araujo v. New York City Dep't of Educ.*, 20-cv-7032 (LGS), 2020 U.S. Dist. LEXIS 175767* (S.D.N.Y.
   2020)...............................................................................................................15

*Bd. of Educ. of Hendrick Hudson Cent. Sch. Dist., Westchester Cnty. v. Rowley*, 458 U.S. 176, 206–07,
   102 S. Ct. 3034, 73 L. Ed. 2d 690 (1982) .................................................................18

*Bd. of Educ. of the Cnty. of Boone v. K.M.*, Civil Action No. 2:14 CV 10563, at *5 (S.D.W. Va. March 31,
   2015) ..............................................................................................................18

*Concerned Parents & Citizens for the Continuing Ed. at Malcolm X (PS 79) v. New York City Bd. of Ed.*,
   629 F.2d 751, 753 (2d Cir. 1980) ...........................................................................14

*Cronin v. Bd. of Educ. of E. Ramapo Cent. Sch. Dist.*, 689 F. Supp. 197, 202 (S.D.N.Y. 1988)................11

*Cruz v. New York City Dep't of Educ.*, 18-cv-12140 (PGG) .............................................7, 8, 12

*D.C. v. Masucci*, 13 F. Supp. 3d 33, 42–43 (D.D.C. 2014) .........................................................18

*Doe v. E. Lyme Bd. of Educ.*, 790 F.3d 440, 445 (2d Cir. 2015) ....................................................9

*Draper v. Atlanta Independent School System*, Civil Action No. 1:06-CV487-MHS, at *12 (N.D. Ga. June
   19, 2006) .........................................................................................................18

*Dubois v. Connecticut State Bd. of Educ.*, 727 F.2d 44 (2d Cir. 1984).......................................17

*E.Z.-L. v. New York City Dep't of Educ.*, 763 F. Supp. 2d 584, 599 (S.D.N.Y. 2011), *aff'd* 694 F.3d 167
   (2d Cir. 2012)......................................................................................................5

*Forest Grove Sch. Dist. v. T.A.*, 557 U.S. 230, 239, 129 S. Ct. 2484, 174 L. Ed. 2d 168 (2009) ..............17

*Gabel ex rel. L.G. v. Bd. of Educ. of Hyde Park Cent. Sch. Dist.*, 368 F. Supp. 2d 313, 314 (S.D.N.Y. 2005) ................................................................................................................................. 14, 16, 17

*Heldman on Behalf of T.H. v. Sobol*, 962 F.2d 148, 154 (2d Cir. 1992) ................................... 7, 8

*Honig v. Doe*, 484 U.S. 305, 108 S. Ct. 592, 98 L. Ed. 2d 686 (1988) ................................... 9, 16

*L.V. et al., v. New York City Department of Education, et al.* (03-cv-09917) (S.D.N.Y.) (LAP) ............... 5

*Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992) ................... 7

*LV v. NYC Dep't. of Educ.* 03-cv-09917 [Order, ECF No. 285]................................................. 15

*M.G. v. New York City Dep't of Educ.*, 15 F. Supp. 3d 296 (S.D.N.Y. 2014) ................................ 9

*Mackey ex rel. Thomas M. v. Bd. of Educ. For Arlington Cent. Sch. Dist.*, 386 F.3d 158, 163 (2d Cir.) ..14, 16

*Mackey v. Bd. of Educ. for Arlington Cent. Sch. Dist.*, 112 F. App'x 89 (2d Cir. 2004)............................ 14

*McAdams v. Bd. of Educ. of Rocky Point Union Free Sch. Dist.*, 216 F. Supp. 2d 86 (E.D.N.Y. 2002) ...... 9

*Mendez v. Banks*, 65 F.4th 56, 62 (2d Cir. 2023) ...........................................................passim

*Mrs. W. v. Tirozzi*, 832 F.2d 748, 756 (2d Cir. 1987)................................................................. 9

*Murphy v. Arlington Cent. Sch. Dist. Bd. of Educ.* 297 F.3d 195, 200 (2d Cir. 2002)........................... 6, 9

*Nahoko Mizuta v Banks*, 2022 U.S. Dist. LEXIS 142956, at *3 (S.D.N.Y. August 9, 2022) ...................... 7

*Polera v. Bd. of Educ. of Newburgh Enlarged City Sch. Dist.*, 288 F.3d 478, 483 (2d Cir. 2002) ....... 9

*R.S. v. New York City Department of Education,* 1:21-cv-02257 (S.D.N.Y. 2021) (JPO)........................ 15

*S.W. v. New York City Dep't of Educ.*, 646 F. Supp. 2d 346, 358 (S.D.N.Y. 2009).................................... 7

*Sch. Comm. of Town of Burlington, Mass. v. Dep't of Educ. of Mass.*, 471 U.S. 359, 372, 105 S. Ct. 1996, 85 L. Ed. 2d 385 (1985)................................................................................................................. 8

*Soria v. New York City Dep't of Educ.*, 397 F. Supp. 3d 397, 400 (S.D.N.Y. 2019)................................... 6

*Spokeo, Inc. v. Robins*, 578 U.S. 330, 339, 136 S. Ct. 1540, 194 L. Ed. 2d 635 (2016) ........................ 6, 7

*Susquenita Sch. Dist. v. Raelee S. By & Through Heidi S.*, 96 F.3d 78, 86– 87 (3d Cir. 1996)................... 8

*T.M. ex rel. A.M. v. Cornwall Cent. Sch. Dist.*, 752 F.3d 145, 152 (2d Cir. 2014) ........................ 12, 14, 16

*Tamalpais Union High Sch. Dist D.W.*, Case No. 16-cv-04350-HSG, at *13 (N.D. Cal. October 4, 2016)

............................................................................................................................................18

*Vengalattore v. Cornell Univ.*, 36 F.4th 87, 112 (2d Cir. 2022)..................................................7

*Ventura de Paulino v. New York City Dep't of Educ.*, 959 F.3d 519, 531 (2d Cir. 2020).....................7, 12

*Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20, 129 S. Ct. 365, 172 L. Ed. 2d 249 (2008).......15, 16

*Zvi D. by Shirley D. v. Ambach*, 694 F.2d 904, 906 (2d Cir. 1982) .........................................12, 13, 14, 15

## Statutes

20 U.S.C. § 1415, *et. seq* .......................................................................................................10

20 U.S.C. § 1415(j)..................................................................................................................7

20 U.S.C.§ 1415(1).................................................................................................................9

34 C.F.R. §300.518(a) ...........................................................................................................14

N.Y. Educ. Law §4404(a) (McKinney) ..................................................................................14

## PRELIMINARY STATEMENT

This Memorandum of Law is submitted in support of the named Plaintiffs', referenced as "Plaintiff" or "Plaintiffs", Motion for a Preliminary Injunction, ordering Defendants, DAVID C. BANKS, in his official capacity as Chancellor of New York City Department of Education and the NEW YORK CITY DEPARTMENT OF EDUCATION collectively referred to as "DOE", to immediately fund tuition and related services, including special transportation, and nursing services where applicable, relative to each respective Plaintiff and such Plaintiff's disabled Student, as set forth more fully in Plaintiffs' Complaint. Plaintiffs seek an Order from this Court ordering Defendants to fund the cost of each Plaintiff's attendance at the International Academy for the Brain ("iBRAIN") in accordance with each Plaintiff's respective Pendency Placement for the underlying respective administrative cases for the 2023-2024 extended school year ("Pendency Placement"). Each Pendency Placement *is uncontested and Defendants have not sought or received a stay regarding any of the Pendency rights of Plaintiffs.*

The urgency of this matter is compounded by the fact that these students are now at risk of losing their placements. Each Student-Plaintiff in this matter has received letters indicating that transportation providers will cease services unless the outstanding balance for this school year is paid in full. As such, Plaintiffs request this Court issue an Order directing the Defendants to implement and maintain each Plaintiff's Pendency Placement without further delay requiring DOE to fund each Student's tuition and related services, including special transportation and nursing where applicable, during the Pendency of all administrative and judicial proceedings relative to each Student's Due Process Complaint ("DPC") for the 2023-2024 school year ("SY") at iBRAIN under 20 U.S.C. §1415(j) ("Pendency Provision") of the Individuals with Disabilities Education Act ("IDEA").

Defendants' refusal to implement each Student's respective Pendency Placement is the latest example of a continued pattern of DOE's failure to comply with IDEA requirements that span over two decades. The injunctive relief Plaintiffs seek is warranted and practical in its application as contemplated by the courts that have examined the Pendency Provision of the IDEA. Accordingly, the Plaintiffs request that the Court grant their motion for a preliminary injunction in its entirety.

## STATEMENT OF FACTS

Because of the similar nature of the basic facts for each of the Plaintiffs[1] here, Plaintiffs set forth the following, along with those specific facts about each Plaintiff as outlined in the Complaint. In July 2023, each respective Parent-Plaintiff filed a DPC against DOE alleging, in essence, that: (1) Parent(s) were seeking Pendency placement at iBRAIN for the 2023-2024 extended school year for the duration of the IDEA proceeding(s); (2) DOE denied the Parents and their respective child, each a disabled Student, a Free Appropriate Public Education ("FAPE"), relative to the school year outlined in each DPC; (3) each Plaintiff's unilateral placement of their Student at iBRAIN was appropriate; and, (4) equitable considerations favored an award of full tuition reimbursement/payment by DOE to each respective Plaintiff.

Each respective Plaintiff's DPC was assigned to an Impartial Hearing Officer ("IHO") and received a case number. Each respective Plaintiff has received a Pendency Order or Pendency Form establishing iBRAIN as their appropriate pendency placement. To date, DOE has failed and/or refused to comply with implementing the Pendency Placements in IHO Cases: 251168, 250798, and 251068. DOE has failed and/or refused to fund each Plaintiff's uncontested Pendency Placement at iBRAIN for the 2023-2024 SY.

---

[1] Although the full names of the Parents are used herein, consistent with the federal Family Educational Rights and Privacy Act, 20 U.S.C. § 1232 (g) (and 34 C.F.R., Part 99) ("FERPA"), Plaintiffs' Counsel is using the initials of the Students herein to protect each Student's privacy.

In this case, all of the named Plaintiffs were re-enrolled at the private school, and each had

a Findings of Fact and Decision ("FOFD") and/or State Review Officer ("SRO") decision in their

favor, holding that the private school was an appropriate placement for the Student-Plaintiffs. All

Plaintiffs filed their Due Process Complaint ("DPC") on or about July 5, 2023, thereby triggering

the Defendants' obligation to fund their pendency placements from that date forward. *See*, *E.Z.-L.*

*v. New York City Dep't of Educ.*, 763 F. Supp. 2d 584, 599 (S.D.N.Y. 2011), *aff'd* 694 F.3d 167

(2d Cir. 2012) ("If the student's "current educational placement" is in private school, "the

responsibility for private school tuition 'stays put' as well." Thus, where, as here, the school district

has been paying for a child's private school tuition, it must continue to do so until the moment

when the child's educational placement changes.") (internal citations omitted).

## LEGAL BACKGROUND

Though this matter involves the implementation and enforcement of Pendency Placements

of the Plaintiffs, a review of the agency's history shows that DOE has a more than two-decade-

long, unfortunate history of both failing to provide students with disabilities the individualized,

specialized educational services they need and deserve and the failure to implement final orders to

remedy the same. For example, in 2003, a civil action was brought against DOE in *L.V. et al., v.*

*New York City Department of Education, et al.* (03-cv-09917) (S.D.N.Y.) (LAP) for its systemic

failure to implement Impartial Hearing Orders (final Administrative Orders) promptly–and the

class action remains open to date.

Pendency is a procedural right in which "access to immediate interim relief is essential for

the vindication of this particular IDEA right." *Murphy v. Arlington Cent. Sch. Dist. Bd. of Educ.*

297 F.3d 195, 200 (2d Cir. 2002) (emphasis added); *see also, A.S. ex rel. P.B.S. v. Bd. of Educ. for*

*Town of W. Hartford*, 47 F. App'x 615, 616, n.2 (2d Cir. 2002) ("Under the IDEA, a 'stay-put' is a

procedural right."). Notwithstanding the recent implementation and appointment of a Special Master to oversee and facilitate the implementation of Administrative Orders (*see, L.V. v. NYC Dep't. of Educ.* 03-cv-09917 [Order, ECF No. 285] November 4, 2021), DOE has failed and refused to fund the Students' tuition and related services at iBRAIN for the 2023-2024 SY, despite their entitlement to such funding while they receive their educational programs under Pendency ("Pendency Placements") at iBRAIN for the duration of Plaintiffs' administrative due process proceedings. *See, e.g., Soria v. New York City Dep't of Educ.*, 397 F. Supp. 3d 397, 400 (S.D.N.Y. 2019), *vacated and remanded,* 831 F. App'x 16 (2d Cir. 2020) ("If the student's 'current educational placement' is in private school, the responsibility for private school tuition 'stays put' as well"). To date, without explanation, Defendants have funded none of the Student's uncontested Pendency Placements at iBRAIN for the 2023-2024 SY.

## ARGUMENT

### POINT I: PLAINTIFFS HAVE STANDING AND THE COURT HAS SUBJECT MATTER JURISDICTION OVER THE INSTANT MATTER

To establish standing, Plaintiffs must show an "injury-in-fact," which requires each Plaintiff to show that they suffered "an invasion of a legally protected interest that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339, 136 S. Ct. 1540, 194 L. Ed. 2d 635 (2016), *as revised* (May 24, 2016). The "violation of a procedural right granted by statute can be sufficient in some circumstances to constitute injury-in-fact," where the violation "entail[s] a degree of risk sufficient" to indicate resulting concrete harm." *Spokeo, Inc.*, 578 U.S. 330; *see also, Heldman on Behalf of T.H. v. Sobol*, 962 F.2d 148, 154 (2d Cir. 1992) ("Congress may create a statutory right the alleged violation of which constitutes injury-in-fact"). In this case, Plaintiffs have been injured through denial of a procedural right—that is, to have their pendency placements maintained unless and until there is a

lawful change in placement. In this regard, it is well-established that "[t]he denial of. . . a procedural right created by the IDEA. . . constitutes an injury, in fact, sufficient to satisfy the standing requirement." *S.W. v. New York City Dep't of Educ.*, 646 F. Supp. 2d 346, 358 (S.D.N.Y. 2009); *see also, Cruz v. New York City Dep't of Educ.*, 18-cv-12140 (PGG), [ECF No. 14, at **9-11] (S.D.N.Y. 2019).

Impartial Hearing Officers and State Review Officers ("SRO") lack the authority to enforce Plaintiffs' pendency rights. By seeking enforcement of the various Pendency Placements, each Plaintiff seeks to redress a concrete and particularized harm caused by Defendants' failure to remit Pendency payments to maintain each Student-Plaintiff's continued educational placement. The Defendants have unnecessarily placed each Student-Plaintiff's current educational placement in jeopardy by failing to make Pendency payments and maintaining their educational placements as required by law. *See Nahoko Mizuta v Banks*, 2022 U.S. Dist. LEXIS 142956, at *3 (S.D.N.Y. August 9, 2022); *See Vengalattore v. Cornell Univ.*, 36 F.4th 87, 112 (2d Cir. 2022) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992)) (enumerating requirements of Article III standing). While the substantive merits of Plaintiff's IDEA claims are pending, the IDEA's "stay-put" provision mandates that each Student-Plaintiff "remain in the[ir] then-current educational placement" at public expense "during the pendency of **any** proceedings." *Mendez v. Banks*, 65 F.4th 56, 62 (2d Cir. 2023); 20 U.S.C. § 1415(j). *See* also *Ventura de Paulino v. New York City Dep't of Educ.*, 959 F.3d 519, 531 (2d Cir. 2020), *cert. denied*, 208 L. Ed. 2d 534, 141 S. Ct. 1075 (2021), *reh'g denied*, 209 L. Ed. 2d 262, 141 S. Ct. 1530 (2021) (emphasis added). Each Plaintiff has suffered an injury-in-fact as each Plaintiff has been denied a procedural right guaranteed by IDEA and now faces the loss of their related service providers. Defendants have an obligation to implement Pendency Placements without further delay–no law, statute, or

regulation permits. Defendants are to provide payment for such Pendency placement where administrative orders are uncontested and final or where both the school district and Parents ***agree on*** where the placement lies. When a parent receives a ruling in their favor, the local school authorities must fund the private placement costs from then on. *Sch. Comm. of Town of Burlington, Mass. v. Dep't of Educ. of Mass.*, 471 U.S. 359, 372, 105 S. Ct. 1996, 85 L. Ed. 2d 385 (1985); *Susquenita Sch. Dist. v. Raelee S. By & Through Heidi S.*, 96 F.3d 78, 86– 87 (3d Cir. 1996) (a school district's financial responsibility begins when an administrative or judicial decision vindicates the parents' position).

Here, DOE has failed and refused to implement each Student's Pendency Placement requiring the DOE to fund each Student's uncontested Pendency placement at iBRAIN. **DOE has not sought a stay of any Plaintiff's Pendency rights**. When the IDEA's stay-put provision is implicated, the provision triggers the applicability of an ***automatic injunction*** designed to maintain the child's educational status quo while the parties' IEP dispute is being resolved. *Ventura de Paulino*, 959 F.3d at 529 (emphasis added); *see also, Araujo v. New York City Dep't of Educ.*, 20 Civ. 7032 (LGS), 2020 U.S. Dist. LEXIS 175767* at *8 (S.D.N.Y. 2020).

As developed below, the Plaintiffs have shown that they have suffered an injury-in-fact in the form of a significant violation of the Plaintiffs' procedural rights under the "stay-put" provision of the IDEA. § 1415(j); *see, Cruz v. New York City Dep't of Educ.*, 18-cv-12140 (PGG), [ECF No. 14, at **9-11] (S.D.N.Y. 2019); *see also, Heldman on Behalf of T.H.*, 962 F.2d at 154–56.

**POINT II: EXHAUSTION OF ADMINISTRATIVE REMEDIES IS NOT REQUIRED; IN THE ALTERNATIVE, ANY ADMINISTRATIVE REMEDIES HAVE ALREADY BEEN EXHAUSTED**

Generally, the IDEA contains an exhaustion requirement. *See, Polera v. Bd. of Educ. of Newburgh Enlarged City Sch. Dist.*, 288 F.3d 478, 483 (2d Cir. 2002) (quoting 20 U.S.C.§

1415(1)). In most cases, an appeal may be taken to either the state or federal courts ***only after*** the SRO has rendered a determination from an appeal of an IHO's decision. *Murphy*, 297 F.3d at 197. That said, exhaustion ***is not required*** where: "(1) it would be futile to resort to the IDEA's due process procedures; (2) an agency has adopted a policy or pursued a practice of general applicability that is contrary to the law; or (3) it is improbable that adequate relief can be obtained by pursuing administrative remedies." *Id.* (citing *Mrs. W. v. Tirozzi*, 832 F.2d 748, 756 (2d Cir. 1987)). The purpose of the stay-put provision is to establish a student's right to a stable learning environment during what the Court acknowledged may be a long administrative and judicial review. *Id.*

This Circuit has consistently relied on *Murphy*, and repeatedly rejected arguments that exhaustion of administrative remedies is required in the context of pendency claims. *Doe v. E. Lyme Bd. of Educ.*, 790 F.3d 440, 445 (2d Cir. 2015) ("The Board argues that the Parent was required to administratively exhaust her stay-put claim. The Board is wrong: an action alleging a violation of the stay-put provision falls within one, if not more, of the enumerated exceptions to the IDEA's exhaustion requirement" (internal citations omitted)). Exhaustion is also not required where, as here, an administrative remedy would be futile. *See M.G. v. New York City Dep't of Educ.*, 15 F. Supp. 3d 296 (S.D.N.Y. 2014) (citing *Honig v. Doe*, 484 U.S. 305, 108 S. Ct. 592, 98 L. Ed. 2d 686 (1988)); *McAdams v. Bd. of Educ. of Rocky Point Union Free Sch. Dist.*, 216 F. Supp. 2d 86 (E.D.N.Y. 2002). Specifically, exhaustion is not required when a plaintiff seeks relief that an administrative tribunal cannot provide. Impartial Hearing Officers and the State Review Officers lack the power to enforce their orders–including pendency orders. *See,* Application of Bd. Of Educ., SRO Dec. No. 04-085 (2004); *see also SJB ex rel. Berkhout*, 2004 WL 1586500. Seeking a remedy from an IHO or SRO would be futile. The only way for the Plaintiffs to vindicate their

rights is through an application to a court of competent jurisdiction. *See* 20 U.S.C. § 1415, *et. seq.* As no administrative remedies are available to the Plaintiffs, and as Pendency matters are not subject to the IDEA's exhaustion requirement, this matter is appropriately before the Court.

### A.     *The DOE Has Adopted a Policy Contrary to the Law*

As stated above, Plaintiffs claim that Defendants have enacted a policy that directly opposes the IDEA and its related federal regulations. This policy effectively establishes an arbitrary administrative process that mandates Parents to produce a "pendency form", which the DOE will subsequently "process". Such a policy, where the DOE pledges not to challenge the Parents' Pendency claims but then fails to enact them, is a blatant disregard for due process. This course of action unequivocally infringes upon the Parents' rights safeguarded by the IDEA.

For certain Student-Plaintiffs engaged in the administrative proceedings, representatives and lawyers of the DOE have adopted the stance that, while they will not contest the pendency payment, they will oppose the issuance of a Pendency Order when the Parents solicit it. Even though, on the surface, the Defendants might seem to be operating in good faith, such objections unduly impede the administrative process. This obstruction hampers the due process mechanisms, consequently depriving the Parents of their legal remedies when confronted with the wrongdoings of the Defendants.

### B.     *Adequate Relief Cannot be Obtained by Pursuing Administrative Remedies*

In many cases, the DOE takes positions that are contrary to the language of the administrative orders, contorting that language to require additional documentation to which they have no legitimate right. Such tactics represent only one of many unfounded arguments that the DOE uses that create a result contrary to the intentions of the IDEA. Even after receiving every piece of necessary documentation, the DOE persists in its refusal to process payments, thereby

jeopardizing the placements of students, as is evident here. The Plaintiffs in this case have dutifully furnished all the requisite documentation concerning their tuition and related services for this academic year, as well as for the preceding years. However, due to the actions of the DOE, the administrative orders are rendered ineffective, essentially becoming obsolete, leaving the Plaintiffs with no viable means of redress. Therefore, the relief sought at the administrative level can never be adequate.

**POINT III: AS A MATTER OF LAW, PLAINTIFFS NEED NOT DEMONSTRATE IRREPARABLE HARM**

The Plaintiffs face numerous daily challenges related to their regular school attendance. But now, a new issue emerges: they have received distressing letters from their transportation providers, stating that services will be ceased unless unpaid balances are addressed immediately. This case exemplifies the critical need for timely action by the DOE. Though, as discussed below, evidence of irreparable harm is not a prerequisite for a Preliminary Injunction in IDEA cases, these students clearly face potential irreparable harm.

The requirement of "irreparable harm" and its significance within the IDEA framework is further displayed in the following judicial precedents. In *Cronin v. Bd. of Educ. of E. Ramapo Cent. Sch. Dist.*, 689 F. Supp. 197, 202 (S.D.N.Y. 1988)[2], the Court clarified that the traditional preliminary injunction standards are not applicable to cases that pertain to pendency issues under the IDEA. The stay-put provision, as exemplified by the Second Circuit in *Zvi D. by Shirley D. v. Ambach*, 694 F.2d 904, 906 (2d Cir. 1982), serves as an operative mechanism which "is, in effect, an automatic preliminary injunction." This assertion is not standalone; it is reinforced by the observation that this provision "seeks to maintain the educational status quo while the parties' dispute is being resolved." *Mendez*, 65 F.4th at 62; *T.M. ex rel. A.M. v. Cornwall Cent. Sch. Dist.*,

---

[2] Citing *Cochran v. D.C.*, 660 F. Supp. 314, 319 (D.D.C. 1987).

752 F.3d 145, 152 (2d Cir. 2014). See also *Ventura de Paulino v. New York City Dep't of Educ.*, 959 F.3d 519, 531 (2d Cir. 2020) ("We have interpreted this provision to require a school district to continue funding whatever educational placement was last agreed upon for the child until the relevant administrative and judicial proceedings are complete." (internal quotation marks and citation omitted)).

As explained by the Second Circuit in *Zvi D. by Shirley D. v. Ambach*, 694 F.2d 904, 906 (2d Cir. 1982), the stay-put provision "is, in effect, an automatic preliminary injunction," and that the IDEA "substitutes an ***absolute rule in favor of the status quo*** for the court's discretionary consideration of the factors of irreparable harm and either a likelihood of success on the merits or a fairground for litigation and a balance of hardships." (emphasis added). Subsequent case law has established that "[t]he automatic injunction takes effect only after the pendency placement determination is made." *Araujo v. New York City Dep't of Educ.*, No. 20 CIV. 7032, 2020 WL 6392818 (S.D.N.Y. November 2, 2020); *see also*, *Cruz v. New York City Dep't of Educ.*, No. 19 CIV. 856 (PGG), 2020 WL 1322511, at *8 (S.D.N.Y. March 20, 2020) (quoting *Angamarca v. New York City Dep't of Educ.*, No. 19 CIV. 2930 (PGG), 2019 WL 3034912, at *6 (S.D.N.Y. July 11, 2019)). Here, each student involved has either a pendency order issued by an impartial hearing officer, or a pendency implementation form provided by the DOE. This confirms that the pendency determination is established and remains uncontested.

This Court has further characterized 20 U.S.C. § 1415(j) as an essential protective measure for students. It is, "in effect, an automatic preliminary injunction." *Mendez*, 65 F.4th at 62. Not only does it safeguard students, but it also "substitutes an absolute rule in favor of the status quo"— that is, the maintenance of a student's then-current educational placement—for the standard

preliminary injunction analysis involving irreparable harm, the likelihood of success on the merits, and the balance of hardships. *Id*.; *Zvi D. by Shirley D. v. Ambach*, 694 F.2d 904, 906 (2d Cir. 1982).

The rights of parents or guardians in this context are also unambiguous. They are entitled to redress if they can unequivocally establish that a delay or failure in payment is jeopardizing their child's educational placement, a principle grounded in the findings of *Mendez*, 65 F.4th at 63. Presently, there is a tangible risk concerning the children's placement or the receipt of their essential services. The DOE's delayed payments lay the foundation for an imminent risk that students will be denied a FAPE. *Mendez*, 65 F.4th at 64

Given the precedents and interpretations of this Court, it is evident that each Student's Pendency placement determination, which has been settled and remains unchallenged, should be respected and upheld. The core principle behind maintaining the status quo is that a school district must continuously support an educational placement once it has been endorsed by the agency and consented to by the parent, even prior to a due process hearing request. Once the DOE acknowledges the Pendency Placement for students, those students should not be left vulnerable, depending solely on the DOE's unpredictable "normal course of business."

**POINT IV: PENDENCY ACTS AS AN AUTOMATIC PRELIMINARY INJUNCTION THAT REQUIRES DEFENDANTS TO FUND PLAINTIFFS' EDUCATIONAL PLACEMENT DURING THE PENDENCY OF THE DUE PROCESS PROCEEDINGS**

The IDEA's "stay-put" provision under §1415(j) provides, *inter alia*, that "during the pendency of any proceedings conducted pursuant to this section, unless the State or local education agency and the parents otherwise agree, the child shall remain in the then-current educational placement of such child." *See also,* 34 C.F.R. §300.518(a); N.Y. Educ. Law §4404(a) (McKinney). The Pendency inquiry focuses on identifying the Student's then-current educational placement and determining who should pay for it.

Implicit in the maintenance of the status quo is the requirement that a school district continues to finance an educational placement that was in place at the time the parents requested a due process hearing. To cut off public funds would effectively amount to a unilateral change in a student's placement (or, educational program), which is ***prohibited*** by the IDEA. *Mackey ex rel. Thomas M. v. Bd. of Educ. For Arlington Cent. Sch. Dist.*, 386 F.3d 158, 163 (2d Cir.), *supplemented sub-nom. Mackey v. Bd. of Educ. for Arlington Cent. Sch. Dist.*, 112 F. App'x 89 (2d Cir. 2004) (citing *Zvi D. by Shirley D.*, 694 F.2d at 906); *see also, T.M. ex rel. A.M. v. Cornwall Cent. Sch. Dist.*, 752 F.3d 145, 171 (2d Cir. 2014) ("Under our precedent, the term' educational placement' refers only to the general type of educational program in which the child is placed.") (quoting, *Concerned Parents & Citizens for the Continuing Ed. at Malcolm X (PS 79) v. New York City Bd. of Ed.*, 629 F.2d 751, 753 (2d Cir. 1980).

No case law within this Circuit allows Defendants to withhold pendency-related funds where the Pendency Placement is uncontested. *See, T.M. ex rel. A.M.*, 752 F.3d at 152 (holding that the pendency provision "[r]equires that a school district continue to finance an educational placement made by the agency and consented to by the parent before the parent requested a due process hearing."); *see also, Gabel ex rel. L.G. v. Bd. of Educ. of Hyde Park Cent. Sch. Dist.*, 368 F. Supp. 2d 313, 314 (S.D.N.Y. 2005) (finding that "a school district may also be required to pay for private school tuition if the private school is the child's 'pendency' or 'stay-put' placement at the time the impartial hearing is requested").

Accordingly, the Defendants' unlawful withholding of each Student's Pendency payments for tuition and related services effectively constitutes an unjust denial of the Student's Pendency placements. Defendants' unwarranted act of withholding such funds shows bad faith. DOE has consistently exhibited concerning the rights of disabled students in New York City. *See also, e.g.,*

*Abrams, et al. v. Carranza, et al.,* 20-cv-5085 (JPO) [ECF No. 22, Point III(B)] (S.D.N.Y. 2020);
*Araujo v. New York City Dep't of Educ.*, 20-cv-7032 (LGS), 2020 U.S. Dist. LEXIS 175767*
(S.D.N.Y. 2020); *LV v. NYC Dep't. of Educ.* 03-cv-09917 [Order, ECF No. 285], *R.S. v. New York
City Department of Education,* 1:21-cv-02257 (S.D.N.Y. 2021) (JPO)

It is well-established that Pendency has the effect of an ***automatic injunction***, which in this
context, required Defendants to fund the Students' Pendency Placements at iBRAIN immediately.
To date, Defendants have failed or neglected to fund the same; thus, Plaintiffs are entitled to the
injunctive relief requested here. *See Zvi D. by Shirley D.*, 694 F.2d at 906.

**POINT V: ALTERNATIVELY, PLAINTIFFS' CLAIMS SATISFY THE TRADITIONAL
PRELIMINARY INJUNCTION STANDARD**

While Plaintiffs maintain that the traditional preliminary injunction standards do not apply
when assessing Pendency claims under the IDEA (§ 1415(j)), Plaintiffs assert that even under the
traditional standard, Plaintiffs meet the required burden to obtain injunctive relief. Generally, when
seeking injunctive relief, a plaintiff must "establish that he is likely to succeed on the merits, that
he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of the
equities tips in his favor, and that the injunction is in the public interest." *Winter v. Nat. Res. Def.
Council, Inc.*, 555 U.S. 7, 20, 129 S. Ct. 365, 172 L. Ed. 2d 249 (2008).

**A.**    ***Likelihood of Success on the Merits***

Plaintiffs can show a likelihood of success on the merits because ***every*** special education
student is entitled to Pendency as a matter of law, especially where, as here, such Pendency
Placement remain uncontested. *T.M. ex rel. A.M.*, 752 F.3d at 152; *Mackey ex rel. Thomas M.*,
386 F.3d at 163; *Gabel ex rel. L.G.*, 368 F. Supp. 2d at 325. Moreover, the Students' educational
programs at iBRAIN fulfill the Students' baseline pendency program requirements. *Id.*

Additionally, all of the Plaintiffs here filed administrative due process complaints on or about July 5, 2023, triggering DOE's legal obligation to fund the Students' Pendency Placements at the private school even ***before*** Pendency Placement Forms were submitted. These undisputed facts show that not only are Plaintiffs likely to succeed on the merits, but they already have. *See Winter*, 555 U.S. at 20.

**B.**   ***Irreparable Harm***

As outlined in Point III above, the Plaintiffs need not show irreparable harm to obtain injunctive relief here. Irreparable harm is presumed in pendency-related cases as a matter of law. *Honig*, 484 U.S. at 328 n.10. If Defendants are not Ordered to implement each Plaintiff's Pendency Placement without further delay, the Student-Plaintiffs here will suffer two forms of irreparable injury: (1) harm in the form of a continued violation of the procedural rights outlined in § 1415(j)[3], the IDEA's Pendency provision; and (2) the subsequent financial repercussions of the continued violations. Defendants cannot shirk their legal obligation to provide Pendency funding for the uncontested Pendency Placements.

Additionally, as discussed above, the Student-Plaintiffs' educational placements have been placed at risk due to the DOE's failure to make timely payments. As the Second Circuit noted in *Mendez*, Parents or guardians may obtain injunctive relief if they establish that a delay or failure to pay has jeopardized their child's educational placement. *Mendez*, 65 F.4th at 63. Here, the children's placement or receipt of services is at risk, and the DOE's delayed payments are creating an imminent risk that students will be denied a FAPE. *Mendez*, 65 F.4th at 64.

---

[3] See, *Heldman on Behalf of T.H.*, 962 F.2d at 154.

**C.** *The Balance of Equities Favors Injunctive Relief*

Plaintiffs maintain that the equities favor injunctive relief here as Defendants have made no Pendency payments for the transportation services for any of the Plaintiffs in the nearly four (4) months since each Plaintiff's DPC was filed. Plaintiffs have communicated with Defendants in good faith, providing all documents and information necessary to help expedite payments and to resolve any issues before filing this action. In contrast, Defendants continue their habitual failure to adhere to the IDEA. Thus, the balance of the equities favors the Plaintiffs.

**D.** *Preliminary Injunctive Relief is in the Public's Interest*

In this case, a preliminary injunction is both appropriate and in the public's interest. The courts have consistently held that the import of the "stay-put" Pendency provision is if the Student is placed at a non-public school before the filing of the DPC, the disabled Student shall receive pendency funding while the related administrative disputes are resolved. *Gabel ex rel. L.G.*, 368 F. Supp. 2d at 324.

The Congressional purpose in adopting the Education for All Handicapped Children Act (20 U.S.C. § 1400, et seq.), the precursor to the IDEA, was to remedy the condition of handicapped children who are not receiving education appropriate to their needs. To that end, Congress provided federal funding to state and local school systems for special education purposes and conditioned the grant of funds on compliance with federal standards. *Dubois v. Connecticut State Bd. of Educ.*, 727 F.2d 44 (2d Cir. 1984). The federal law also seeks to ensure that the rights of students with disabilities, and their parents/guardians, are protected. *Forest Grove Sch. Dist. v. T.A.*, 557 U.S. 230, 239, 129 S. Ct. 2484, 174 L. Ed. 2d 168 (2009); *Bd. of Educ. of Hendrick Hudson Cent. Sch. Dist., Westchester Cnty. v. Rowley*, 458 U.S. 176, 206–07, 102 S. Ct. 3034, 73

L. Ed. 2d 690 (1982). Thus, a preliminary injunction is warranted and appropriate to protect the rights of the Plaintiffs.

## POINT VI: DEFENDANTS HAVE NOT MOVED FOR A STAY OF THE PENDENCY RIGHTS

If Defendants believed they were not required to comply with the uncontested Pendency Placements here, the appropriate action would have been to seek a stay in state or federal court of the various Pendency rights. The Defendants did not seek an order, or orders, staying any of the Pendency Placements discussed here.

Courts have consistently held that school districts are not entitled to an automatic stay of an IHO's decision but must request a stay and "must meet the established standards for granting a stay." *Draper v. Atlanta Independent School System*, Civil Action No. 1:06-CV487-MHS, at *12 (N.D. Ga. June 19, 2006) (denying the district's motion to stay the enforcement of an administrative hearing officer's decision because the school district did not meet the burden of proof standards for preliminary injunctive relief) (emphasis added); *See also, D.C. v. Masucci*, 13 F. Supp. 3d 33, 42–43 (D.D.C. 2014) (rejecting the school district's argument that it was entitled to an automatic stay under the "stay-put" provision and finding that no provision within the IDEA grants a district an automatic stay of a hearing officer's decision); *Tamalpais Union High Sch. Dist D.W.*, Case No. 16-cv-04350-HSG, at *13 (N.D. Cal. October 4, 2016) (same); *Bd. of Educ. of the Cnty. of Boone v. K.M.*, Civil Action No. 2:14 CV 10563, at *5 (S.D.W. Va. March 31, 2015). Thus, if the Defendants believed that they did not have to make Pendency payments to iBRAIN, they should have moved to stay the Plaintiffs Pendency rights and met the requisite burden of proof. Defendants here have not moved to stay any Pendency Placement, and they cannot grant themselves an automatic stay, thereby relieving them of their obligation to fund each Student's uncontested Pendency placement.

## **CONCLUSION**

In light of the preceding, Plaintiffs request that this Court grant the instant application and award the injunctive relief sought here. Specifically, Plaintiffs request that this Court issue an Order requiring Defendants to immediately implement each Student's Pendency Placement, by funding the Students' tuition and related services, including transportation and nursing, where applicable, for the 2023-2024 extended school year at iBRAIN for the duration of the underlying administrative and judicial proceedings in the following matters:

     (1)            D.O. (IHO No. 251168)
     (2)            H.C. (IHO No. 250798)
     (3)            A.F. (IHO No. 251068)

Plaintiffs request that the Court grant any further relief that the Court deems just, proper, and equitable.


Dated: October 17, 2023
       New York, New York

                                    Respectfully submitted,
                                      Brain Injury Rights Group, Ltd.
                                      *Attorneys for the Plaintiff(s)*

                         By:   ***/S/***_____
                                      Daniela Jampel, Esq. (DJ 0925)
                                      300 East 95th Street, #130
                                      New York, New York 10128
                                      Daniela@pabilaw.org