Case No. 23-cv-9092 (VSB)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**ADEJUMOKE OGUNLEYE,** as Parent and Natural Guardian of **D.O.,** and **ADEJUMOKE OGUNLEYE**, **Individually**, **et al**

                                            Plaintiffs,

-against-

DAVID C. BANKS, in his official capacity as Chancellor of the New York City Department of Education, and the NEW YORK CITY DEPARTMENT OF EDUCATION, and BRAD LANDER in his official capacity as Comptroller of the City of New York,

                                            Defendants.

## DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION

**HON. SYLVIA O. HINDS-RADIX**
Corporation Counsel of the City of New York
Attorney for Defendants
100 Church Street
New York, New York 10007

Of Counsel: Alfred Miller, Jr.
Tel: (212) 356-2392

*Date of Service: October 24, 2023*

# TABLE OF CONTENTS

**PRELIMINARY STATEMENT** ................................................................................ 3

**STATEMENT OF FACTS** ..................................................................................... 4

**ARGUMENT** .......................................................................................................... 7

    POINT I ................................................................................................................ 7

        THE AUTOMATIC STAY PROVISION OF THE
        IDEA DOES NOT APPLY, AND IT DOES NOT
        REQUIRE IMMEDIATE PAYMENT ....................................................... 7

    POINT II .............................................................................................................. 9

        PLAINTIFFS FAIL TO SATISFY THE
        TRADITIONAL FACTORS FOR A
        PRELIMINARY INJUNCTION .............................................................. 9

**CONCLUSION** .................................................................................................... 13

**TABLE OF AUTHORITIES**

**Cases**

Abrams v. Carranza, No. 20-CV-5085 (JPO), 2020 U.S. Dist. LEXIS 189292,

(S.D.N.Y. Oct. 13, 2020) .......................................................................................... 11

Abrams v. N.Y.C. Dep't of Educ., 2022 U.S. Dist. LEXIS 31105,

(S.D.N.Y. Feb. 22, 2022) ........................................................................................ 6

De Paulino v. N.Y.C. Dep't of Educ., 959 F.3d 519

(2d Cir. 2020)........................................................................................................ 11

Doe v. N.Y. Univ., 666 F.2d 761

(2d Cir. 1981)........................................................................................................ 10

Frias v. Banks, No. 23-CV-5803 (JGLC), 2023 U.S. Dist. LEXIS 183794,

(S.D.N.Y. Oct. 12, 2023)……………………………………………………….3,5,11

Grullon v. Banks, No. 23-CV-5797 (JGLC)

(S.D.N.Y. Oct. 19, 2023)…………………………………………………..3,5,11

M.W. v. N.Y.C. Dep't of Educ., No. 15cv5029, 2015 U.S. Dist. LEXIS 112832,

(S.D.N.Y. Aug. 25, 2015) ........................................................................................ 10

Mendez v. Banks, 65 F.4th 56,

(2d Cir. 2023)................................................................................................... passim

Tucker Anthony Realty Corp. v. Schlesinger, 888 F.2d 969

(2d Cir. 1989)........................................................................................................ 11

Uppal v. N.Y. State Dep't of Health, 756 F. App'x 95

(2d Cir. 2019)........................................................................................................ 11

**Statutes**

20 U.S.C.S. § 1415(j) ......................................................................................... 6, 7, 10

## PRELIMINARY STATEMENT

Defendants David C. Banks and the New York City Department of Education (collectively "DOE" or "Defendants") submit this memorandum of law in opposition to Plaintiffs' Order to Show Cause for a preliminary injunction. This action arises from the implementation of Orders of Pendency for three[1] students, which were issued approximately two months ago, regarding tuition payment and related services, including transportation for D.O.[2], H.C., and A.F.'s placement at the International Institute for the Brain ("iBrain"), a private school of Plaintiffs' unilateral choice. Plaintiffs seek immediate implementation of the Pendency Orders notwithstanding that Plaintiffs only recently submitted documentation to process the payment. While the Pendency Orders were issued as recently as August 28, 2023, Plaintiffs were in this District Court regarding their pendency rights mere days before the filing of this proceeding. See Grullon v. Banks, No. 23-CV-5797 (JGLC) (S.D.N.Y. Oct. 19, 2023) (Dismissing as moot H.C. and D.O's lawsuit seeking a Pendency Order) and Frias v. Banks, No. 23-CV-5803 (JGLC), 2023 U.S. Dist. LEXIS 183794, (S.D.N.Y. Oct. 12, 2023) (Dismissing as moot A.F.'s request for a Pendency Order). Although mere days since the City has been actively litigating, though not contesting Pendency, Plaintiffs have "sprinted to federal court" yet again, seeking immediate

---

[1] There are four named plaintiffs: Adejumoke Ogunleye, individually, and as parent and natural guardian of D.O; Maytinee Bird, individually, and as parent and natural guardian of H.C.; Marlene Frias, individually, and as parent and natural guardian of A.F.; and Yvonne Davis, individually, and as parent and natural guardian of O.C. See Complaint at ¶17. However, the Complaint and Memorandum of Law in support of the Order to Show Cause do not make any claims by Yvonne Davis.

[2] Although alleged to be a minor, see Complaint at ¶48, the Complaint also alleges D.O. is 18 years of age. Id. ¶47. Upon information and belief, D.O. is not a minor, but Defendants will continue to utilize D.O.'s initials.

implementation. Indeed, Plaintiffs have not submitted documents requested by the DOE or they only recently submitted updated information necessary to process the claims.

Although Plaintiffs allege "[t]o date, without explanation, Defendants have funded none of the Student's uncontested Pendency Placements at iBRAIN for the 2023-2024 SY," Memorandum of Law in Support p. 2., such a statement is incorrect. Indeed, the DOE is actively taking steps to implement each of the Pendency Orders or Agreements during the pendency of the proceedings. Plaintiffs fail to carry their burden in showing the need for a preliminary injunction; specifically, the plaintiffs have not shown irreparable harm or likelihood of success on the merits because placement is not at actual, rather than speculative, risk. Plaintiffs argue that the form letters allegedly sent to Plaintiffs from Sisters Transportation and Travel LLC ("Sister Travel") unequivocally put the student-plaintiffs education placement at risk. The form letters are both dubious in their veracity, and Plaintiffs overstate the risk as it is merely speculative. Plaintiff's interpret the letter to mean "services will be ceased unless unpaid balances are addressed immediately." MOL p. 9 The alleged notices do nothing more than notice speculative harm. They indicate, tellingly, that "we must require these balances paid within 30 days or we *may no longer* be able to provide your child with transportation services." (emphasis added). That Plaintiffs have 30 days before services *may* be terminated is the speculative harm where a preliminary injunction will not lie. Thus, this Court should deny Plaintiffs' application for a preliminary injunction in its entirety.

## STATEMENT OF FACTS

The Plaintiffs are three parents and their children: D.O, H.C., and A.F. each have disabilities as defined by the Individuals with Disabilities Education Act ("IDEA") 20 U.S.C. §§ 1400 *et seq*. and attend iBrain, a private school of Plaintiffs' unilateral choosing. Plaintiffs initiated

one or more administrative due process complaints, seeking funding for iBrain tuition and other services in connection with the 2022/2023 school year. Plaintiffs, across two actions then went to Court seeking a pendency hearing and thus the obligation to fund pendency in this District Court. The prior proceedings were dismissed as moot as DOE issued Pendency Orders or Agreements in their normal course of business. See Grullon v. Banks, No. 23-CV-5797 (JGLC) (S.D.N.Y. Oct. 19, 2023) (Dismissing as moot H.C. and D.O's lawsuit seeking a Pendency Order) and Frias v. Banks, No. 23-CV-5803 (JGLC), 2023 U.S. Dist. LEXIS 183794, (S.D.N.Y. Oct. 12, 2023) (Dismissing as moot A.F.'s request for a Pendency Order).

DOE is now attempting to implement the Pendency Orders in its usual course of business as permitted by the Second Circuit Court of Appeals in Mendez v. Banks, 65 F.4th 56, 63 (2d Cir. 2023) (concluding that the automatic stay does not require immediate payment to iBrain for tuition and tuition related expenses). Even before the proceeding was dismissed on October 19, 2023 with respect H.C. and D.O., Plaintiffs "sprinted to federal court" before the dismissal to file the instant action on October 16, 2023

DOE has an established process for Pendency Orders, including reimbursement to parents and direct payment to schools and providers. Upon information and belief, DOE began receiving the documents it needed to process the ordered payments on August 9, 2023. It continues to receive documentation necessary to process, including a corrected tuition affidavit on October 6, 2023 for D.O. and H.C. Notwithstanding Plaintiffs' unsupported assertion that all documents have been turned to Defendants, the DOE has not received a transportation affidavit required to fund the transportation for any of the student-plaintiffs. As recently as October 23, 2023, DOE contacted Plaintiff's counsel regarding the required transportation affidavits.

Notwithstanding that the litigation regarding the Pendency Orders were just dismissed on October 12, 2023 and October 19, 2023, Plaintiffs brought this judicially wasteful federal action, seeking an order to show cause for a preliminary injunction to immediately compel payment of tuition and related expenses. See Complaint, dated October 16, 2023 (Dkt. No. 1).

DOE does not dispute that Plaintiffs are entitled to funding for the tuition and transportation costs in accordance with the pendency orders/forms. Indeed, as of the date of this memorandum, DOE continues to actively work to implement the Pendency Orders in its usual course of business including requesting and processing necessary documentation required for payment.

Plaintiffs make essentially two arguments in support of their application for a preliminary injunction: (1) the "automatic stay" provision of 20 U.S.C.S. § 1415(j) compels the issuance of an injunction, and (2) Plaintiffs meet the traditional standard for a preliminary injunction. See Plaintiff's Memorandum of Law in Support of Motion for Preliminary Injunction p. 14-15 ("Plaintiffs Memorandum of Law"). Recent precedent from the Second Circuit Court of Appeals forecloses the use of the automatic stay provision. See Mendez v. Banks, 65 F.4th 56, 63 (2d Cir. 2023) (concluding that the automatic stay does not require immediate payment to iBrain for tuition and tuition related expenses). And the Plaintiffs fail to show irreparable harm that is more than speculative because the round-trip transportation is in jeopardy because of any alleged delay in funding. See id.

Defendants, therefore, maintain that DOE is actively implementing the Pendency orders. Moreover, as the student-plaintiffs remain enrolled and receive services, there is no showing of irreparable harm.

## **ARGUMENT**

### **POINT I**

### **THE AUTOMATIC STAY PROVISION OF THE IDEA DOES NOT APPLY, AND IT DOES NOT REQUIRE IMMEDIATE PAYMENT**

Plaintiffs' claim that § 1415(j)'s automatic stay provision requires immediate payment of orders in an IHO decision is inapplicable or foreclosed by Second Circuit precedent unaddressed by the Plaintiffs. See Mendez, 65 F.4th at 63. Assuming § 1415(j) applies, the relief sought is not required by the provision. "[D]uring the pendency of any proceedings conducted pursuant to this section, unless the State or local educational agency and the parents otherwise agree, the child shall remain in the then-current educational placement of the child … until all such proceedings have been completed." § 1415(j).

While § 1415(j) functions as an "automatic injunction," with no requirement to show irreparable harm in order to maintain an educational placement, and funding goes hand-in-hand with placement, the Second Circuit Court of Appeals held that "nothing in the text" of § 1415(j) "requires the DOE to automatically *fast-track* funding for the educational placements." Mendez, 65 F.4th at 63 (emphasis in original). Indeed, the Second Circuit explains, "the IDEA's stay-put provision does not create an entitlement to immediate payment or reimbursement." Id. Just as in Mendez, the Plaintiffs here, represented by the same law firm, sought to require the DOE to immediately fund tuition and other expenses.

Plaintiffs argue that that the administrative documentation required to implement a Pendency Order is somehow an unlawful process. But this very process with respect to the DOE and iBrain was explicitly found to be "reasonable documentation requirements" by this Court and affirmed by the Second Circuit Court of Appeals. Abrams v. Carranza, 2020 WL 6048785, at *2

- 7 -

[S.D.N.Y. Oct. 13, 2020] (JPO) [discussing the district's "reasonable documentation requirements" prior to funding pendency and declining to order injunctive relief mandating immediate payment], aff'd sub nom., Abrams v. Porter, 2021 WL 5829762 [2d Cir. Dec. 9, 2021]). Indeed, as this Court said, "Plaintiffs have a right to the IDEA-guaranteed pendency funding; they do not, however, have a right to a blank check. That is, they are not entitled to receive that funding in whatever manner they desire, irrespective of "reasonable documentation requirements" of the DOE." Abrams v. Carranza, No. 20-CV-5085 (JPO), 2020 U.S. Dist. LEXIS 189292, at *6 (S.D.N.Y. Oct. 13, 2020).

Upon information and belief, DOE began receiving the documents it needed to process the ordered payments on August 9, 2023. It continues to receive documentation necessary to process payment of the invoices, including a corrected tuition affidavit on October 6, 2023 for D.O. and H.C.  Notwithstanding Plaintiffs' unsupported assertion that all documents have been turned to Defendants, the DOE has not received a transportation affidavit required to fund the transportation. As the Second Circuit in Mendez observed, "[a]ny agency will need some amount of time to process and pay submitted invoices." Mendez, 65 F.4th at 63. Moreover, the "reasonable documentation requests" have not fully been complied by Plaintiffs who now seek a "blank check" in contravention of the law in this circuit. See Abrams v. Carranza, No. 20-CV-5085 (JPO), 2020 U.S. Dist. LEXIS 189292, at *6 (S.D.N.Y. Oct. 13, 2020) (rejecting a claim by iBrain students because "Plaintiffs have a right to the IDEA-guaranteed pendency funding; they do not, however, have a right to a blank check.") The DOE does not object to the Pendency Orders in this matter, but merely objects to an injunction requiring, immediate payment without necessary documentation in contravention of Mendez.

In short, Plaintiffs only recently provided some of the necessary documentation to process payments to iBrain and Sisters Travel. As such, the DOE has only had a short amount of time to process and pay submitted invoices, and Plaintiffs iBrain, or Sisters Travel, are not entitled immediate or *fast-tracked* payment.  See <u>Mendez</u>, 65 F.4th at 63.  By bringing this action, Plaintiffs are overtaxing the federal judiciary with claims that are unlikely to prevail in an attempt to impermissibly dictate DOE process.

## POINT II

### PLAINTIFFS FAIL TO SATISFY THE TRADITIONAL FACTORS FOR A PRELIMINARY INJUNCTION

Plaintiffs fail to satisfy the traditional factors of a preliminary injunction, particularly, Plaintiffs fail to show irreparable harm would befall them due to the lack of immediate, fast-tracked payments rather than, as the DOE has done here, processed the payments in the usual course of business.  To obtain a preliminary injunction, "plaintiffs must show a likelihood of success on the merits or sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the plaintiffs' favor, (2) that they are "likely to suffer irreparable injury in the absence of an injunction, (3) that the balance of hardships tips in their favor, and (4) that the public interest would not be disserved by the issuance of a preliminary injunction." <u>Mendez</u>, 65 F.4th at 63-64 (internal quotation marks and alterations omitted). However, where plaintiffs seeks a mandatory injunction, such as in the instant case, "the movant must show a 'clear' or 'substantial' likelihood of success on the merits, and make a 'strong showing' of irreparable harm, in addition to showing that the preliminary injunction is in the public interest." <u>M.W. v. N.Y.C. Dep't of Educ.</u>, No. 15cv5029, 2015 U.S. Dist. LEXIS 112832, at *7 (S.D.N.Y. Aug. 25, 2015) (quoting <u>Beal v. Stern</u>, 184 F.3d 117, 123 (2d Cir.

1999) and <u>Doe v. N.Y. Univ.</u>, 666 F.2d 761, 773 (2d Cir. 1981). Plaintiffs here, fail to meet this heightened standard of a "clear or substantial" likelihood of success on the merits or a "strong showing" of irreparable harm as the student-plaintiff continues to attend iBrain and has the assistive technology. As such, this Court should deny the motion for a mandatory preliminary injunction.

### A.    Plaintiffs have not shown a likelihood of success on the merits.

As noted above, Plaintiffs claim a right to *immediate* processing and payment of tuition and transportation. DOE does not dispute that each of the three student-plaintiffs, D.O., H.C., and A.F., are entitled to a pendency. Indeed, the DOE is taking active steps to implement the administrative orders, which will be retroactive to the date of filing. However, as the Second Circuit Court of Appeals recently concluded, "§ 1415(j) does not create a procedural right to immediate payment, at least not absent a showing that a child's placement will be put at risk." <u>Mendez</u>, 65 F.4th 56, 64.

Plaintiffs' reliance on the exception in <u>Mendez</u> is overstated. Plaintiffs assert in a naked, conclusory argument that Plaintiffs have received distressing letters from Sisters Travel stating that services "will be cased unless unpaid balances are addressed immediately" Memorandum of Law p. 9. The letters, purportedly from Sisters Travel, actually state that they require balances to be paid within 30 days or "we may no longer be able to provide your child with transportation services." Notably it does not say that transportation will cease, but is contingent upon events that may or may not happen. Thus, Plaintiffs here have not shown, a 'clear' or 'substantial' likelihood of success on the merits, and do not make a 'strong showing' of irreparable harm as required by this Circuit when seeking a mandatory injunction. <u>M.W. v. N.Y.C. Dep't of Educ.</u>, No. 15cv5029, 2015 U.S. Dist. LEXIS 112832, at *7 (S.D.N.Y. Aug. 25, 2015)

The purported letter from Sisters Travel is further suspect and undermines a "clear" or "substantial" likelihood of success on the merits, or the "strong showing" of irreparable harm in that the letter cannot possibly be correct. The balances claimed in at least one instance, for H.C., are highly questionable. The letter from Sisters Travel claims a balance of $83,385,00 for the 2023-2024 school year alone as of October 10, 2023. The Pendency Agreement, however, capped the cost of per-trip transportation at $345.00. Even assuming the student-plaintiff attended school daily from the July 5, 2023 start of the year there had only been 72 possible school days in the 2023-2024 school year.  Assuming that H.C. used transportation services two times per day every day for a total of 144 trips the maximum possible outstanding balance through October 11, 2023 was $49, 680.00 (144 x $345.00=$49,680.00).  Moreover, this assumes the DOE received an invoice for the dates in October, which along with the other transportation affidavit has not been received. To the extent Plaintiffs claim future payments that claim is not ripe.  See <u>Grullon v. Banks</u>, No. 23-CV-5797 (JGLC) (S.D.N.Y. Oct. 19, 2023) at 8. In light of the questionable nature of the letters, Plaintiffs have failed to make any showing that the student-plaintiffs placement is at risk. Given that the Second Circuit at least put in doubt that immediate payment can be compelled, and Plaintiffs' questionable evidence of a risk to their placement, Plaintiffs have failed to show a "clear or substantial" likelihood of success in compelling immediate payment. Further, such speculative statements do not rise to the "clear or substantial" likelihood of success on the merits seeking immediate payment. <u>See</u> <u>Mendez</u>, 65 F.4th 56, 64.

**B.      Plaintiffs failed to show irreparable harm that is actual and imminent.**

Plaintiffs have failed to show an actual and imminent—rather than merely speculative—harm.  Plaintiffs showing of harm consists of noting that Sister Travel—who is not before the Court—may stop transporting the student plaintiffs. As noted above however, the letters

are speculative and rely upon a nonpayment within 30 days. Additionally, the balances claimed are unsupported by documentation. "Irreparable harm is the single most important prerequisite for injunctive relief, and in the absence of a showing of irreparable harm, a motion for a preliminary injunction should be denied." Uppal v. N.Y. State Dep't of Health, 756 F. App'x 95, 96 (2d Cir. 2019). An irreparable harm must be an injury "neither remote nor speculative, but actual and imminent." Tucker Anthony Realty Corp. v. Schlesinger, 888 F.2d 969, 975 (2d Cir. 1989). Mere recitals that Sister Travel "may no longer be able to provide" transportation until balances are addressed is the very speculative pecuniary harm which does not give rise to the "strong showing" of irreparable harm.  See de Paulino v. N.Y.C. Dep't of Educ., 2023 U.S. Dist. LEXIS 17179, at *20 (S.D.N.Y. Feb. 1, 2023) (noting that "ostensibly tardy reimbursement works irreparable, as opposed to reparable, harm.")

Indeed, "[w]hile the parties have certain disputes over payment — for example, whether iBrain has provided the information DOE has requested for reimbursement and whether DOE must pay transportation expenses for a period when the students were not using such services — such disputes do not implicate irreparable harm, at least where, as here, there is no imminent threat to the educational services themselves." Abrams v. Carranza, No. 20-CV-5085 (JPO), 2020 U.S. Dist. LEXIS 189292, at *4-5 (S.D.N.Y. Oct. 13, 2020). An interruption of the student-plaintiff's schooling would require the action of a third party, Sisters Travel, who is not before the court, but notably founded by a relative of iBrain's founder and the founder of the law firm representing the Plaintiffs in this action. See De Paulino v. N.Y.C. Dep't of Educ., 959 F.3d 519, 529 (2d Cir. 2020) (noting an allegation that Peter Donohue became the founder and registered agent of iBrain and that Donohue is the founder of the Brain Injury Rights Group, the law firm representing the Parents in these tandem cases and the other plaintiffs seeking public funding from

the City for iBrain's tuition and related services.) Plaintiffs proffer no evidence that Sister Travel will cease transportation in 30 days beyond their threat that they may no longer be able to do it without payment. As such, each student-plaintiffs fails to make the "strong showing" that placement is not at risk and no irreparable harm can be shown. See <u>Abrams</u> Lexis 189292 at *4-5. Significantly, the financial relationship between Sisters and iBrain calls their credibility on any harm in question.

As none of the student-plaintiffs placement a is currently at risk, and the risk alleged is speculative rather than actual, the plaintiffs fail to make a strong showing of irreparable harm as necessary to obtain a mandatory preliminary injunction.

### **CONCLUSION**

For the reasons set forth above, Defendant respectfully requests that the Court deny Plaintiffs' motion for a preliminary injunction and such other and further relief as this Court deems just and proper.

Dated:      October 24, 2023
            New York, New York

                        **HON. SYLVIA O. HINDS-RADIX**
                        *Corporation Counsel of the City of New York*
                        Attorney for Defendants
                        100 Church Street
                        New York, NY 10007
                        t: (212) 356-2392

            By:    _____
                        Alfred Miller, Jr.
                        *Assistant Corporation Counsel*