

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

HON. SYLVIA O. HINDS-RADIX
*Corporation Counsel*

ALFRED MILLER, JR.
*Senior Counsel*
Phone: (212) 356-2392
AlfMille@law.nyc.gov

**BY ECF**                                                                    November 15, 2023

Hon. Vernon S. Broderick
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

      Re: <u>***Ogunleye, et al. v. Banks, et al:* 23-cv-09092 (VSB)***</u>

Dear Judge Broderick,

      The undersigned represent the Defendants, in the above-referenced matter. In accordance with Your Honor's directive for the parties to submit a joint letter detailing the unresolved issues in the above-referenced matter by November 15, 2023, the parties write the following. [ECF No. 25].

**<u>Plaintiffs Position</u>**

      The Plaintiffs respectfully direct the Court's attention to three unresolved issues in the present matter.

      1. **<u>Transportation Costs for H.C.:</u>**

      Plaintiffs' counsel has been informed by the Student-Plaintiffs service provider, Sisters Transportation ("Sisters") that payments were scheduled for H.C.'s transportation on November 15, 2023. Regrettably, upon closer inspection, it has become evident that the full amount outlined in the agreement between Sisters and the Parent-Plaintiffs has not been paid by the DOE.

      According to the Transportation Service Agreement signed by the Parent-Plaintiffs, the first installment of $27,795.00 was due on July 5, 2023. The second installment of $55,590.00 was due on September 1, 2023, creating a total due of $83,385.00. After accounting for the $75,210.00 paid by the DOE on November 15, 2023, this leaves an overdue balance of $8,175.00. Despite their representations that the full amount would be satisfied through pendency, the DOE has fallen short once again. Plaintiffs, therefore, insist upon Court intervention for immediate funding to remedy this outstanding balance and to protect the placement of Student-Plaintiff, H.C.

      2. **<u>Nursing Costs for H.C.</u>**

In regard to the outstanding nursing payments for H.C., the Plaintiffs have sought funding through a Due Process Complaint ("DPC") filed on July 5, 2023. This DPC was filed to secure H.C.'s placement at iBRAIN. In this DPC the Plaintiff's counsel cites to a Findings of Fact and Decision ("FOFD") issued by IHO Richard Zeitler in a preceding school year as the basis of pendency for the 2023-2024 SY. [ECF No. 1, ¶ 93-94]. In the prior FOFD, IHO Zeitler awarded the Plaintiff's 1:1 nursing service. [ECF No. 1, ¶ 94]. Moreover, the Plaintiffs allege in their complaint, that the Parent-Plaintiffs of H.C. signed a contractual agreement with the nursing service provider for the 2023-2024 SY. [ECF No. 1, ¶ 95]. The DOE acknowledged H.C.'s entitlement to these nursing services and the associated costs in a Pendency Implementation Form issued on August 11, 2023 [ECF No. 1, ¶ 96; ECF No. 1-7].

The Plaintiffs have requested the appropriate relief concerning these nursing services in their complaint. [ECF No. 1, p. 16]. Despite the DOE's affirmation that the nursing services for H.C. have been authorized, the Defense Counsel has not provided a date certain for when these payments will be made. As such, the Plaintiffs respectfully request the Court to compel the DOE to provide a concrete timeline for the payment of these nursing services.

### 3. **Contractual Late Fees for Student-Plaintiffs**

The Plaintiffs direct the Court's attention to the matter of late fees incurred due to the DOE's failure to timely implement the pendency placements for the Student-Plaintiffs in this matter. The Plaintiffs' Complaint indicates that all Parent-Plaintiffs have entered into agreements with iBRAIN and the relative service providers, securing the educational placements of their children for the 2023-2024 School Year [ECF No. 1, ¶ 84, ¶ 95, ¶ 104]. Each of these agreements contains a late fee clause, which is enacted in this matter as the DOE has failed to promptly fund the pendency placements for the relative Student-Plaintiff.

The DOE persists in its stance in many cases that pendency payments will occur in the 'normal course of business.' However, this indeterminate timeframe has repeatedly proven to be arbitrary and leaves the Parent-Plaintiffs in a state of financial uncertainty. The vague assurances provided by the DOE offer no concrete financial security to the families who are left wondering when, or if, the DOE will remit the necessary payments for the services rendered to their children.

The Plaintiffs respectfully request that the Court mandate enforcement of these contractual provisions. Promptly after the commencement of the 2023-2024 school year, the DOE was provided with all requisite documentation to fulfill its obligations under the agreements. Despite this, the DOE has yet to fund the relative pendency placements. The Court must intervene to ensure that the DOE adheres to its responsibilities without further procrastination, thereby maintaining the Student-Plaintiffs' placement and providing the Parent-Plaintiffs with the financial assurance and stability to which they are rightfully entitled.

**Defendant's Position**

The application for a preliminary injunction has been rendered effectively moot by Defendants' payment of the invoices for tuition and transportation costs that were raised by the three Plaintiff-students in their motion for injunctive relief. As the issues raised in the preliminary injunction were addressed , no injunction should issue. Moreover, Plaintiffs thinly or unsupported claims of risk raised in their subsequent moving papers, appear to have been abated.

Plaintiffs, however, have continuously raised new issues to be addressed. For example, yesterday, for the first time, Plaintiffs raised with Defendants the issue of alleged late fees for tuition payments to iBrain, Sisters Travel[1] and seemingly any other provider, and such issue was not included in the motion for injunctive relief. For the reasons set forth below, the Court should deny Plaintiffs' request for injunctive relief.

While Plaintiffs make fleeting references to costs for nursing services in their motion for injunctive relief, Plaintiffs failed to address the issue with Defendants at their meet and confer and only raised it with Defendants this past week. For the first time today, Plaintiffs have raised the issue of an alleged balance of $8,175.00 for H.C.'s transportation costs, despite conceding that the vast majority of H.C.'s ripe transportation costs, or $75,210.00, has been paid by the DOE. Defendants, therefore, respectfully request that the parties provide a status update in three weeks regarding the two issues only recently raised by Plaintiffs, including the alleged outstanding balance of $8,175.00 of H.C. transportation costs, and the issue of nursing costs for H.C, as will be discussed below.

As background, this Court's order (ECF No. 25) required the parties to meet and confer "regarding the implementation of Pendency Placements for D.O., H.C., and A.F., including the balances due to iBrain and Sisters Travel." At the meet and confer, Defendants were thwarted in their ability to obtain relevant documentation from Sisters Travel. Indeed, when the undersigned Counsel for the Defendants asked for relevant documentation, the response from Sisters Travel was that it *"is not relevant"* or I *"already have the invoice."* Specifically, when asked if they keep transportation records to know if, as contemplated by the contract, the provider was unable, for any reason, to transport H.C., Counsel was told that is "not relevant" and Sisters Travel declined to answer. Plaintiffs have not provided how they calculated H.C.'s transportation costs consistent with the pendency agreement, which permits payment at no more than $345.00 per trip.

Notably, nursing services went undiscussed before Your Honor or during the meet and confer, as it was not raised by the Plaintiffs and was conspicuously absent until discussing this letter. Indeed, B.H. Nursing, the provider with whom the Plaintiffs contracted, was not present at the meet and confer apparently because their placement was not alleged to be at risk in light of Plaintiffs' failure to make any showing that nursing services was somehow at risk.

With respect to the late fees, Defendants strongly object. As has become emblematic of Plaintiffs shifting positions in this early stage of litigation, the late fee was not raised until yesterday. Defendants are not parties to what appears to be a contract of adhesion. Moreover, the terms of the contract, appear to be an attempt to frustrate the very administrative processes

---

[1] Defendants adopt the language in this Court's order referring to the provider as Sister's Travel. Defendants believe that Plaintiff refer to the same organization whose Manager is Peter Lam.

permitted in *Mendez*. *See Mendez v. Banks*, 65 F.4th 56. As the 2nd Circuit noted, the statute "does not require circumvention of ordinary payment procedures here comports with the practical realities of bureaucratic administration." *Id*. It should be noted that all three apparently distinct providers have the same late fee penalty language: Payment becomes due 30 days after an interim order or final order and the 10% late fee applies (7) business days after the due date and a further fee applies every thirty (30) days thereafter. Notably, the late fee applies three days (3) days before the date with which a party could appeal under the applicable rule. 8 NYCRR 279.4[a]. This is a plainly insufficient time for the administrative processing approved in *Mendez*, and it is a term the City of New York would not have agreed to had it been in privity to the contract. Moreover, there is no indication that an appeal would prevent a late fee. Although Plaintiffs devote a paragraph above noting their financial insecurity, this is an insecurity of their own making as the parents unilaterally placed the students, at their own risk, pursuant to the IDEA. Moreover, given the unsupported statements about the financial instability of the school, transportation or nursing providers, no injunction should issue. Plainly, the providers here, and Plaintiffs acting on their behalf, are seeking the very *fast-track* payments which *Mendez* disallowed where the Plaintiffs did not show that the student's placements were at risk. More still, the belatedly raised late fees may be impermissible under the *Burlington*.

In light of the payments, the placements do not appear to be at risk. Thus, the City respectfully requests that no injunction should issue and that the parties provide another status update to the Court in three weeks.

Respectfully submitted,

HON. SYLVIA O. HINDS-RADIX
Corporation Counsel of the City of New York

By, Alfred Miller, Jr.
Attorney for Defendants
100 Church Street
New York, New York 10007 office:
(212) 356-2392