

| HON. SYLVIA O. HINDS-RADIX<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | ALFRED MILLER, JR.<br>SENIOR COUNSEL<br>Tel.: (212) 356-2392<br>AlfMille@law.nyc.gov |
|---|---|---|

December 8, 2023

**VIA ECF**
Hon. Vernon S. Broderick
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re: *Ogunleye, et. al., v. David Banks et. al.* 23-cv-9092 (VSB)

Dear Judge Broderick:

I am a Senior Counsel in the office of the Corporation Counsel, Hon. Sylvia O. Hinds-Radix, attorney for Defendants in the above-referenced action. I write jointly with Plaintiffs to provide a subsequent status update consistent with this Court's November 17, 2023 order (ECF 28).

**Defendant's position:**

Defendants maintain that this matter is moot as all monies due to the providers have been paid by the DOE. Plaintiffs asserted in the parties' November 16, 2023 joint letter, (ECF 26), that three issues remained outstanding: (1) transportation for H.C., (2) nursing services for H.C., and (3) late fees. Transportation and nursing services for H.C. have been paid, thereby rendering this matter moot.

1. **Transportation for H.C.**

The DOE paid $75,210.00 on November 15, 2023 for transportation services for H.C. from July 2023 through December 31, 2023. While Plaintiffs assert that under the terms of the transportation agreement between Sisters Travel and the parents, $83,385.00 was due, Plaintiffs' amount is inconsistent with the pendency agreement which requires "the cost of which shall be paid in accordance with the terms of the contract entered into evidence, provided that the rate shall not exceed $345.00 per trip." Under Plaintiffs' 2023-2024 Transportation Agreement, each trip is $382.50 causing the $8,175.00 difference. Plaintiffs insistence on the $8,175.00 being owed omits the explicit limitation set forth in the pendency agreement.

Plaintiffs argue that IHO Zeitler ordered payment pursuant to the contract entered into evidence. However, Plaintiffs themselves, now do not rely upon the 2022-2023 Transportation Agreement entered into evidence; instead they rely upon the later 2023-2024 contract which was

not in evidence before IHO Zeitler. Indeed, Plaintiffs concede that IHO Zeitler could not have accounted for the new pay structure of the 2023-2024 contracts when issuing his order. This is precisely because the contract entered into evidence upon which pendency is based is the 2022-2023 Transportation Agreement. The DOE has already paid pursuant to the terms of the pendency agreement which explicitly limited the payment to $345.00 per trip.

2. **Nursing Services for H.C.**

Likewise, the DOE has paid $135,487.00 for nursing services from July 2023 through December 31, 2023, pursuant to the terms of the pendency agreement. While Plaintiffs invoice and contract requires payment of $147,620.00, this amount is inconsistent with the terms of the pendency agreement which states "the DOE shall fund those services directly to such providers, paid at the higher of either current market rate or the highest rate the Department has paid during the six months preceding this decision." Plaintiffs have not indicated that current market rate is higher than the DOE's highest rate of $1,243.00 per day. Plaintiffs' contracted amount is $1,354.31 per day. As DOE has complied with the pendency agreement by paying at the highest rate it paid in the previous six months the issue is now moot.

3. **Late Fee**

Defendants maintain our objection to the late fees as stated in the parties' joint letter at ECF 26. Succinctly, the late fee provision of the contract, appears to be an attempt to frustrate the very administrative processes the 2nd Circuit Court of Appeals permitted in *Mendez v. Banks*, 65 F.4th 56 (2nd Cir. 2023). All three apparently distinct providers have the same late fee penalty language: Payment becomes due thirty (30) days after an interim or final order, and the 10% late fee applies seven (7) business days after the due date; an additional fee applies every thirty (30) days thereafter. Notably, the late fee applies three (3) days before the date with which a party could appeal under the applicable rule. *See* 8 NYCRR 279.4[a]. This is a plainly insufficient time for the administrative processing approved in *Mendez*, and it is a term the City of New York would not have agreed to had it been in privity to the contract.

**Plaintiffs' Position**

The Plaintiffs respectfully direct the Court's attention to the following unresolved issues in the instant matter:

I. **Transportation Costs Outstanding for H.C.**

Plaintiffs argue that the basis of pendency is the unappealed Findings of Fact and Decision ("FOFD") in IHO Case No. 228745 for the 2022-2023 school year and reiterated by the Pendency Implementation Form relative to the 2023-2024 school year. [ECF No. 1-7].

In that case, Impartial Hearing Officer ("IHO") Zeitler's FOFD states in pertinent part:

> Ordered, that the DOE shall make available and pay for the cost of round-trip door-to-door special education transportation services to enable the Student's attendance at the Private School for the 12-month extended 2022-2023 school year, via lift-bus ambulance, with a 1:1 nurse present during transportation, and oxygen or a ventilator (or both), air conditioning, and with as reasonably limited time travel as possible, the cost of which shall be paid in accordance with the terms of the contract entered into evidence, provided that the rate shall not exceed $345.00 per trip.

FOFD at 24-25.

IHO Zeitler imposes an obligation on the Defendant New York City Department of Education ("DOE") to cover the costs of transportation as **per the contract** that was entered into evidence at the due process hearing and upon which his FOFD is based. IHO Zeitler could not have accounted for the new pay structure of the 2023-2024 contracts when issuing his order. However, it is apparent that IHO Zeitler's primary concern was to safeguard Student-Plaintiff H.C.'s educational placement by specifically requiring the DOE to adhere to the terms of the transportation contract. In contrast, the DOE's position is that all monies due through December have been paid, and the claimed $8,175.00 outstanding is not due, given that the FOFD explicitly limits the total transportation cost to $345 per trip.

According to the Transportation Service Agreement signed by the Parent-Plaintiffs for the 2023-2024 school year, the first installment of $27,795.00 was due on July 5, 2023. The second installment of $55,590.00 was due on September 1, 2023, creating a total due of $83,385.00. After accounting for the $75,210.00 already paid by the DOE on November 15, 2023, this leaves an overdue balance of **$8,175.00.** Despite their representations that the full amount would be satisfied through pendency, the DOE has fallen short. Plaintiffs provided the appropriate documentation to implement transportation services via email on August 9, 2023 with a follow-up on October 6, 2023, and October 11, 2023. **(Exhibit #1).** Within this email correspondence, Plaintiffs attached an invoice detailing the total amount due to the Defendants as provided by H.C.'s transportation service provider, Sister's Travel and Transportation, LLC. **(Exhibit #2)**.

Plaintiffs, therefore, implore upon this Court to intervene with respect to immediately fund and remedy this outstanding balance and to protect the placement of Student-Plaintiff, H.C. The intent of IHO Zeitler's order remains consistent with the objective of ensuring that the DOE fully covers the costs of transportation as per the terms of the transportation contract. This includes addressing any overdue balances to maintain the stability of Student-Plaintiff H.C.'s educational placement and services.

## II.    Nursing Costs Outstanding for H.C.

The same order that controls transportation also governs nursing services. This Order reads in pertinent part:

> Ordered, that for any Private School services provided by a 1:1 nurse or a 1:1 paraprofessional, and any transportation services provided by a 1:1 nurse, as ordered above for the 12-month 2022-2023 school year, where such services are not paid under the Private School enrollment contract or the transportation contract, respectively, the DOE shall fund those services directly to such providers, paid at the higher of either current market rate or the highest rate the Department has paid during the six months preceding this decision

FOFD at 25.

As stated above, in the prior FOFD, IHO Zeitler awarded the Plaintiffs 1:1 nursing service [ECF No. 1, ¶ 94]. Additionally, the Plaintiffs allege in their complaint that the Parent-Plaintiffs of H.C. signed a contractual agreement with the nursing service provider for the 2023-2024 school year [ECF No. 1, ¶ 95]. The DOE acknowledged H.C.'s entitlement to these nursing services and the associated costs in a Pendency Implementation Form issued on August 11, 2023 [ECF No. 1, ¶ 96; ECF No. 1-7].

The Plaintiffs have requested the appropriate relief concerning these nursing services in their complaint [ECF No. 1, p. 16]. Despite the DOE's affirmation that the nursing services for H.C. have been authorized, an outstanding balance of **$9,449.32** remains. Plaintiffs provided the appropriate documentation to

implement nursing services via email on August 9, 2023, with a follow-up on October 6, 2023, and October 11, 2023. **(Exhibit #1).** Within this email correspondence, Plaintiffs attached an invoice detailing the total amount due to the Defendants as provided by H.C.'s nursing service provider, B&H Healthcare Services Inc. **(Exhibit #3)**.

### III.     Contractual Late Fees for Student-Plaintiffs

With respect to late fees incurred due to the DOE's delayed implementation of pendency placements, the Plaintiffs' Complaint alleges that Parent-Plaintiffs have entered agreements with iBRAIN and service providers for their children's 2023-2024 School Year placements. [ECF No. 1, ¶ 84, ¶ 95, ¶ 104]. These agreements include late fee clauses, activated due to the DOE's failure to promptly fund the pendency placements.

Despite the DOE's persistent stance that pendency payments will occur in the "normal course of business," the indeterminate timeframe has proven arbitrary and the resulting financial uncertainty for the Parent-Plaintiffs. Vague assurances offer no concrete security to families left wondering whether the DOE will remit payments for their children's services.

The Plaintiffs respectfully request the Court enforce these contractual provisions. Despite providing the DOE with all necessary documentation promptly after the 2023-2024 school year began, DOE has failed to fully fund the pendency placements.

Respectfully submitted,

Alfred Miller, Jr.
Assistant Corporation Counsel

cc: Rory Bellantoni, esq.(via ECF)