```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
ADEJUMOKE OGUNLEYE, individually                            :
and as Parent and Natural Guardian of                       :
D.O., MAYTINEE BIRD, individually and                       :
as Parent and Natural Guardian of H.C.,                     :
MARLENE FRIAS, Individually and as                          :
Parent and Natural Guardian of A.F., and                    :
YVONNE DAVIS, Individually and as                           :
Parent and Natural Guardian of O.C.,                        :         23-cv-9092 (VSB)
                                                            :
                              Plaintiffs,                   :         OPINION & ORDER
                                                            :
                 -against-                                  :
                                                            :
DAVID C. BANKS, in his official capacity                    :
as Chancellor of the New York City                          :
Department of Education, NEW YORK                           :
CITY DEPARTMENT OF EDUCATION,                               :
and BRAD LANDER, in his official capacity                   :
as Comptroller of the City of New York,                     :
                                                            :
                              Defendants.                   :
------------------------------------------------------------X
```

Appearances:

Peter Glenn Albert
Rory J. Bellantoni
Ataur Raquib
Brain Injury Rights Group, Ltd.
New York, NY

Daniela Jampel
Brooklyn, NY
*Counsel for Plaintiffs*

Alfred Miller, Jr.
New York City Law Department
New York, NY
*Counsel for Defendants*

VERNON S. BRODERICK, United States District Judge:

Plaintiffs—Adejumoke Ogunleye, Maytinee Bird, and Marlene Frias—are parents and guardians of three students with disabilities who brought suit under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq*.[1]  They seek a preliminary injunction requiring Chancellor David Banks,[2] Comptroller Brad Lander, and the New York City Department of Education (the "DOE," and together with Banks and Lander, the "Defendants"), to immediately fund various school-related expenses for their children during the pendency of their administrative and judicial proceedings.  Their motion for a preliminary injunction was heard by order to show cause on October 27, 2023.  Because Plaintiffs have failed to demonstrate that they are entitled to an "automatic preliminary injunction" under Section 1415(j) of the IDEA, or that they would suffer "irreparable harm," (*see* Doc. 16), their motion for a preliminary injunction is DENIED.

Plaintiffs allege that the DOE has failed to pay their children's tuition at the International Academy for the Brain ("iBRAIN"), transportation services provided by Sister's Travel and Transportation Services, LLC ("Sister's Travel"), and nursing costs for the 2023–2024 school year, as required by their pendency placements. (Doc. 1 at 16.)  The DOE initially did not contest that it was obligated to pay these service providers; it argued instead that the providers had failed to provide sufficient documentation to allow for payment to be processed.  (Doc. 19 at 3–4.)  Hoping to resolve the impasse, I ordered representatives from the DOE, iBRAIN, and Sister's Travel to meet and confer about the outstanding balances. (Doc. 25.)  The parties

---

[1] Although the caption names Yvonne Davis as a plaintiff, counsel for Plaintiffs asserted at the October 27, 2023 hearing that this suit was not brought on her behalf, and that any reference to Yvonne Davis was "in error."  (Tr. at 7–8.)
[2] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the caption will be updated to reflect the new Chancellor.  David C. Banks, Chancellor of the New York City Department of Education, is automatically substituted for Melissa Aviles-Ramos.

subsequently submitted two status letters, resolving all but three issues: $8,175.00 in transportation costs for H.C., $9,449.32 in nursing expenses for H.C., and an unspecified amount of late fees arising out of the DOE's purported delayed implementation of the pendency placements. (*See* Docs. 26, 29.)

To obtain a preliminary injunction, Plaintiffs must show that they are "likely to succeed on the merits, that [they are] likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [their] favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "[A] showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." *Reuters Ltd. v. United Press Int'l, Inc.*, 903 F.2d 904, 907 (2d Cir. 1990) (internal quotation marks omitted).

Plaintiffs contend that Section 1415(j) of the IDEA provides an "automatic preliminary injunction" that displaces the traditional preliminary injunction standard. *See Arlington Cent. Sch. Dist. v. L.P.*, 421 F. Supp. 2d 692, 696 (S.D.N.Y. 2006) ("Pendency has the effect of an automatic injunction, which is imposed without regard to such factors as irreparable harm, likelihood of success on the merits, and a balancing of the hardships."). That provision, however, "does not create a procedural right to immediate payment, at least not absent a showing that a child's placement will be put at risk." *Mendez v. Banks*, 65 F.4th 56, 64 (2d Cir. 2023).

No such risk is present here. Although Plaintiffs have cited certain placement costs that have not yet been paid, they have not demonstrated that the students' ability to "remain" in those placements is in danger. 20 U.S.C. § 1415(j). With respect to the pendency placements covering tuition and nursing services, Plaintiffs have not submitted any evidence demonstrating that the students are at risk of losing services. With respect to the pendency placements covering

transportation services, Plaintiffs submitted three nearly identical letters—one for each student—signed by Peter Lam, the Manager at Sister's Travel, stating that he "may no longer be able to provide . . . transportation services" if the then-outstanding balances were not paid within thirty days.  (Doc. 1 Exs. 4 (for Ogunleye, $273,855.00 for the 2022–2024 school years), 8 (for Bird, $109,605.00 for the 2022–2024 school years), 12 (for Frias, $312,105.00 for the 2021–2024 school years).)  Significantly, the DOE has since paid nearly its entire overdue balance, leaving only $8,175 in dispute.[3]  In light of these payments, there is no reason to believe that the students are in danger of losing transportation services.  This conclusion is supported by the fact that although more than thirty days have passed since Sister's Travel issued the letters, the record is devoid of evidence suggesting that it stopped providing transportation services to any of the students.  I therefore conclude that the students' pendency placements are not at risk.  Accordingly, Plaintiffs are not entitled to an "automatic preliminary injunction" under Section 1415(j).

Plaintiffs' claims also fail under the traditional preliminary injunction standard because they have not demonstrated the most important factor:  a threat of irreparable harm.  *See Winter*, 555 U.S. at 20.  Absent a showing that the students are at risk of losing their pendency placements, money damages can provide an adequate remedy in the underlying suit.  *See Mendez v. Banks*, No. 22-CV-8397, 2022 WL 6807537, at *1 (S.D.N.Y. Oct. 11, 2022) ("Because this dispute is about educational funding—not educational placements—Plaintiffs are unable to show that their harm is irreparable." (emphasis omitted)), *aff'd*, 65 F.4th 56 (2d Cir. 2023).  Because

---

[3] The DOE argues that the remaining $8,175 balance represents money charged in excess of the amount provided for in the pendency placements.  (Doc. 29 at 1–2.)  Although Plaintiffs argue that the DOE is nonetheless on the hook for the remaining balance, I need not wade into the merits of this dispute given my conclusion that the students are not at risk of losing their pendency placements.

Plaintiffs have failed to demonstrate their entitlement to an "automatic preliminary injunction" or a threat of irreparable harm, the motion for a preliminary injunction is DENIED.

The Clerk of Court is respectfully directed to terminate the motion pending at Doc. 15 and, in accordance with Rule 25(d) of the Federal Rules of Civil Procedure, to substitute Chancellor Melissa Aviles-Ramos for Chancellor David C. Banks as Defendant and to update the docket accordingly.

SO ORDERED.

Dated: March 27, 2025
      New York, New York

*Vernon Broderick* (signature)

Vernon S. Broderick
United States District Judge