UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
**ADEJUMOKE OGUNLEYE**, as Parent and Natural Guardian of **D.O.**, and **ADEJUMOKE OGUNLEYE**, Individually, et al.,

Plaintiffs, 23-cv-09092 (VSB)

-against-

**DAVID C. BANKS**, in his official capacity as Chancellor of the New York City Department of Education; **NEW YORK CITY DEPARTMENT OF EDUCATION;** and **BRAD LANDER**, in his official capacity as Comptroller of the City of New York,

Defendants.
-----------------------------------------------------------------X

**PLAINTIFFS' RULE 56.1 STATEMENT OF MATERIAL FACTS**

Pursuant to Fed. R. Civ. P. 56 and Local Civil Rule 56.1, Plaintiff ADEJUMOKE OGUNLEYE, as Parent and Natural Guardian of D.O. and ADEJUMOKE OGUNLEYE, Individually; Plaintiff MAYTINEE BIRD, as Parent and Natural Guardian of H.C., and MAYTINEE BIRD, Individually; and Plaintiff MARLENE FRIAS, as Parent and Natural Guardian of A.F., and MARLENE FRIAS, Individually, by and through undersigned counsel, submit the following Statement of Material Facts in support of their Motion for Summary Judgment:

1. Plaintiff Adejumoke Ogunleye is the Parent and Natural Guardian of D.O. [Declaration of Nicole Lancia ("Lancia Dec."), ¶ 3].

2. D.O. is a child with a disability as defined by 20 U.S.C. § 1401(3). [Lancia Dec., ¶ 4].

3. On July 5, 2023, Plaintiff Ogunleye filed a DPC to seek funding for D.O.'s placement at iBRAIN, including special transportation services, for the 2023-2024 ESY. [Dkt. No. 1-2].

4. The DPC was assigned to Impartial Hearing Officer ("IHO") Joshua Arocho in Case No. 251168. [Dkt. Nos. 1-2, 1-3].

5. The basis for D.O.'s pendency for the 2023-2024 SY was established by a previous Findings of Fact and Decision ("FOFD") issued by IHO Helene Peyser in IHO Case No. 207856. [Dkt No. 1-3; Lancia Dec., Ex. 1].

6. That FOFD found that iBRAIN was the appropriate placement for D.O. during the 2020-2021 and 2021-2022 SYs and ordered DOE to fund the full cost of D.O.'s tuition at iBRAIN, including related services, and the cost of DOE's special transportation. [Dkt. No. 1-3; Lancia Dec., ¶ 5 and Ex. 1].

7. On August 25, 2023, IHO Arocho issued an Order on Pendency in IHO Case No. 251168, which found D.O.'s pendency placement at iBRAIN for the 2023-2024 ESY and ordered DOE to fund D.O.'s placement at iBRAIN for the 2023-2024 ESY, including transportation costs, pending a final resolution of this matter. [Dkt. No. 1-3.]

8. Defendants did not appeal IHO Arocho's Order on Pendency; it is the final Order on D.O.'s pendency placement for the 2023-2024 SY. [Lancia Dec. ¶ 8.]

9. At the beginning of the 2023-2024 school year, Plaintiff Ogunleye signed agreements with iBRAIN and the transportation provider, Sister's Travel and Transportation Services, LLC ("Sister's Transportation"), to provide her child with an education for this school year. [Lancia Dec., ¶¶ 6-7 and Exs. 2, 3.]

10. On October 12, 2023, Plaintiff received a letter from Sister's Transportation informing her of D.O.'s outstanding balances for the 2022-2023 and 2023-2024 SYs and stating that transportation services from D.O.'s home to iBRAIN would cease unless the outstanding balances were made current. [Dkt. No. 1-4.]

11. Plaintiff Bird is the Parent and Natural Guardian of H.C. [Lancia Dec., ¶ 9].

12. H.C. is a child with a disability as defined by 20 U.S.C. § 1401(3). [Lancia Dec., ¶ 10].

13. Plaintiff Bird filed a DPC on July 5, 2023, regarding H.C.'s pendency and seeking funding for H.C.'s pendency at iBRAIN for the 2023-2024 SY. The DPC was assigned IHO Case No. 250798. [Dkt. No. 1-6.]

14. The basis for D.O.'s pendency for the 2023-2024 SY was established by a previous Findings of Fact and Decision ("FOFD") issued by IHO Richard Zeitler in IHO Case No. 228745. [Dkt No. 1-7; *see* Lancia Dec., Ex. 4].

15. That FOFD found that iBRAIN was the appropriate placement for H.C. during the 2022-2023 SY and ordered DOE to fund the full cost of H.C.'s tuition at iBRAIN, including the cost of H.C.'s special transportation and nursing services. [Lancia Dec., Ex. 4].

16. On August 11, 2023, DOE issued a Pendency Implementation Form in Case No. 250798, which stated that H.C.'s pendency placement was at iBRAIN for the 2023-2024 SY and that DOE consented to fund H.C.'s placement at iBRAIN for the 2023-2024 ESY, including transportation and nursing costs, pending a final resolution of this matter. [Dkt. No. 1-7.]

17. That form cites the FOFD in IHO No. 228745 and states:

> Transportation: '…round-trip door-to-door special education transportation services to enable the Student's attendance at the Private School… via lift-bus ambulance, with a 1:1 nurse present during transportation, and oxygen or a ventilator (or both), air conditioning, and with as reasonably limited travel time as possible, the cost of which shall be paid in accordance with the terms of the contract entered into evidence, provided that the rate shall not exceed $345.00 per trip…' see pg. 24-25 of FOFD in DPC 228745.

> 1:1 nurse or 1:1 paraprofessional (including transportation services provided by a 1:1 nurse) '…where such services are not paid under the Private School enrollment contract or the transportation contract, respectively, the DOE shall fund those services directly to such providers, paid at the higher of either current market rate or the highest rate the Department has paid during the six months preceding this decision.' See pg. 25 of FOFD in DPC 228745.

[Dkt. No. 1-7.]

18. At the beginning of the 2023-2024 school year, Plaintiff signed agreements with iBRAIN, Sister's Transportation, and the nursing service provider. [Lancia Dec., ¶¶ 12-14 and Exs. 5, 6, 7].

19. On October 10, 2023, Plaintiff Bird received a letter from Sister's Transportation informing her of H.C.'s outstanding balances from the 2022-2023 and 2023-2024 SYs and stating that transportation services from H.C.'s home to iBRAIN would cease unless the outstanding balances were made current. [Dkt. No. 1-8.]

20. To date, DOE has still not paid $21,581.06 in transportation costs and $41,560 in nursing costs for the 2023-2024 SY. [Lancia Dec., ¶¶ 15].

21. Plaintiff Frias is the Parent and Natural Guardian of A.F. [Lancia Dec., ¶ 16].

22. A.F. is a child with a disability as defined by 20 U.S.C. § 1401(3). [Lancia Dec., ¶ 17].

23. Plaintiff Frias filed a DPC on July 5, 2023, regarding A.F.'s pendency and seeking funding for A.F.'s pendency at iBRAIN for the 2023-2024 SY. The DPC was assigned to IHO Marcel Denis in Case No. 251068. [Dkt. No. 1-10.]

24. The legal basis for A.F.'s pendency for the 2023-2024 SY was established by a previous FOFD issued by IHO Jean Brescia in IHO Case No. 242435. [Dkt. No. 1-11; see Lancia Dec., Ex. 8].

25. That FOFD found that iBRAIN was the appropriate placement for A.F. during the 2022-2023 SY and ordered DOE to fund the full cost of A.F.'s tuition at iBRAIN, including related services, and the cost of her special transportation. [Dkt. No. 1-11; Lancia Dec., Ex. 8.]

26. On August 28, 2023, IHO Denis issued an Order on Pendency in IHO Case No. 251068, which found A.F.'s pendency placement at iBRAIN for the 2023-2024 ESY, and ordered DOE to fund A.F.'s placement at iBRAIN for the 2023-2024 ESY, including

4

transportation costs, pending a final resolution of this matter. [Dkt. No. 1-11.] IHO Denis noted that "DOE, in absentia, agreed that pendency lied in IHO Jean Marie Brescia's FOFD dated May 30, 2023." [*Id.*, p. 3].

27. Defendants did not appeal this Order; IHO Denis' Order is the final Order on A.F.'s pendency placement for the 2023-2024 SY. [Lancia Dec., ¶ 22]

28. At the beginning of the 2023-2024 SY, Plaintiff Frias signed agreements with iBRAIN and Sister's Transportation to provide her child with an education for that school year. [Lancia Dec., ¶¶ 19-20 and Exs. 9, 10.]

29. In January 2024, Plaintiff Frias also signed an agreement with a nursing services provider. [Lancia Dec., ¶ 21 and Ex. 11].

30. On October 11, 2023, Plaintiff received a letter from Sister's Transportation informing her of A.F.'s outstanding balances from the 2021-2022, 2022-2023, and 2023-2024 SYs and stating that transportation services from the A.F.'s home to iBRAIN would cease unless the outstanding balances were made current. [Dkt. No. 1-12.]

31. DOE funded A.F.'s tuition and transportation several months after IHO Denis' Order on Pendency issued. [*See* Dkt. No. 1, ¶ 109].

Dated: October 31, 2025
      New York, N.Y.

<div style="text-align:right">

Respectfully submitted,
Liberty and Freedom Legal Group, Ltd.
*Attorneys for Plaintiffs*

By: /s/ Nicole Lancia
Nicole Lancia, Esq.

Liberty and Freedom Legal Group, Ltd.
105 E. 34th Street, #190
New York, N.Y. 10016
(646) 850-5035
nicole@pabilaw.org

</div>