# FINDINGS OF FACT AND DECISION

Case Number: 207856

Student's Name:

Date of Birth:

District: 2

Hearing Requested By: Parent

Dates of Hearing: 08/16/2021, 09/30/2021, 10/25/2021, 11/30/2021

Record Close Date: 12/22/2021

Hearing Officer: Helene Peyser, Esq.

**NAMES AND TITLES OF PERSONS WHO APPEARED VIA TELEPHONE ON 08/16/2021**:

For the Student:

REDACTED, Attorney

REDACTED, Parent

REDACTED, Parent

For the Department of Education:

REDACTED, Attorney

REDACTED, School Psychologist

**NAMES AND TITLES OF PERSONS WHO APPEARED VIA TELEPHONE ON 09/30/2021**:

For the Student:

REDACTED, Attorney

REDACTED, Attorney

For the Department of Education:

REDACTED, Attorney

REDACTED, Attorney

**NAMES AND TITLES OF PERSONS WHO APPEARED VIA TELEPHONE ON 10/25/2021**:

For the Student:

REDACTED, Attorney

For the Department of Education:

REDACTED, Attorney

**NAMES AND TITLES OF PERSONS WHO APPEARED VIA TELEPHONE ON 11/30/2021**:

For the Student:

REDACTED, Attorney

REDACTED, Parent

REDACTED, Parent

REDACTED, Director Private School

For the Department of Education:

REDACTED, Attorney

REDACTED, Unit Coordinator

REDACTED, School Psychologist

-----------------------------------------------------------------------------------------------------------

## Introduction

This matter comes before the undersigned Hearing Officer on Petitioners' Notice of Due Process Complaint, filed on or about 04/14/2021 (hereinafter, "Complaint"). I was appointed on 07/22/2021. The hearing was held on 08/16/2021, 09/30/2021, 10/25/2021, and 11/30/2021. It was a closed hearing. Due to the coronavirus pandemic the hearing was held telephonically and evidence was submitted electronically. Petitioner was represented by REDACTED and Respondent was represented by REDACTED. Petitioner entered into evidence exhibits A thru W (omitting U). Respondent entered into evidence exhibits 1 thru 22. District's exhibit 26 was entered post hearing by this IHO. Both parties submitted closing briefs by 12/20/2021.

## Jurisdiction

The due process hearing was held, and a decision in this matter is being rendered, pursuant to the Individual with Disabilities Education Act (hereinafter, "IDEA"), 20 U.S.C. § 1400 *et seq*., and its implementing regulations, 34 C.F.R. § 300 *et seq*., and the New York State Education Law, Educ. Law § 4404 *et seq*., and its implementing regulations, 8 NYCRR § 200.5

*et seq.*

## Background

Student is a 6-year-old student with a disability who resides with his Parent in an area served by the NYC DOE. District has classified Student as a student requiring special education programming (Exhibits C, 3). In February 2021 Parent unilaterally placed Student in a private program (Parent continued the unilateral placement thru the 2021/22 school year). Parent brings this cause of action asserting a denial of FAPE for the 2020/21 and 2021/22 school years. Parent seeks as relief tuition funding for their unilateral placement of Student at the private school. The procedural posture of the instant case is noteworthy. Case 207856 is a consolidated case incorporating the separately filed case 210950, the case spans the 2020/21 and 2021/22 school years and includes common questions of law and fact. After the commencement of the case Parent filed another due process complaint pertaining to the 2021/22 school year. As a hearing officer who sits in equity, and who is mindful of the thousands of NYC backlogged cases and the legal requirement to resolve due process complaints efficiently and expeditiously, this hearing officer found common issues of law and fact that warranted consolidation of the new complaint. District objected to the consolidation. This hearing officer then met with both parties on the record to give the District full opportunity to create a record of their objection and explain their position on the full extent of any prejudice to them. To mitigate the prejudice outlined by District, that they needed more time to secure witnesses and prepare their case, this hearing officer cancelled the next scheduled hearing date of 10/27/2021 and rescheduled it over one month later on 11/30/2021 (thereby providing District with the additional time they sought but not substantially delaying the resolution for Student).

## Issue

Did the District deny Student a free appropriate public education (FAPE) for the 2020/21 and 2021/22 school years? If so, what is the appropriate relief to provide Student as a remedy for the District's denial of FAPE?

## Conclusions of Law and Discussion

Based upon the arguments of the parties, as well as this Hearing Officer's own legal research, the Conclusions of Law of this Hearing Officer are as follows:

The central mandate of the IDEA requires that States provide a "free appropriate public education" (FAPE) to students with disabilities (34 C.F.R. §300.101). Districts fulfill this mandate by developing individualized education programs (IEP) that are uniquely designed to meet the needs of students with disabilities and are provided at no cost to parents. The standard which determines whether an IEP placement recommendation is appropriate for a student with a disability was established by the Supreme Court in *Hendrick Hudson Bd. Of Educ. v. Rowley*, 458 U.S. 176, 553 IDELR 656 (1982), wherein the court asked if the state had complied with the IDEA's due process procedures and if the IEP was reasonably calculated to enable the child to receive "educational benefit." If the answer to both of those questions is affirmative, then the placement is appropriate and the FAPE requirement of the IDEA has been met.

The burden of proving whether an IEP has satisfied the *Rowley* test, that it is appropriate and provides a FAPE to the student with a disability, falls upon the local educational agency in New York State [N.Y.Educ.Law §4404(c)(1)]. Thus, in the case at present, the District bears the burden of proving that it offered Student a FAPE. When a parent seeks tuition funding at public expense for the unilateral placement of their child in a non-public school the law requires an analysis of 3 issues before relief can be granted (34 C.F.R. §300.148 and *School Comm. Of Burlington v. Dept. of Educ. Of Mass.* (471 U.S. 359 (1984)). In *Burlington* the Supreme Court

established that the threshold issue to be determined is whether the District provided or denied the student a FAPE. If the student was denied a FAPE then the burden shifts to the parent to prove that the parent's unilateral placement was appropriate for the student. Finally, if the parent's unilateral placement is found to be appropriate, an examination of the equities must occur for the purposes of reimbursement.

District presented documentary evidence, the testimony of a school psychologist, and the testimony of a unit coordinator to meet their burden of proof. District's first witness was a school psychologist ("SP") whose basis of knowledge regarding the 2020/21 school year was a document review prior to hearing. SP did not participate in the 4/24/2020 IEP meeting and has not met Student. By her own admission, SP lacked personal knowledge of the placement attended by Student from September 2020-February 2021 at D75. Of note, SP was unable to sufficiently rebut one of Parent's main allegations in this case – namely, that the 30 minute increments of related services recommended for the 2020/21 school year were not appropriate to meet Student's needs. SP stated on the record at hearing that she was unable to explain why the related services were recommended in 30 minute increments on the 2020 IEP, did not recall whether Student actually fatigued during related service sessions but made vague reference in her affidavit to a "risk" of potential Student fatigue. Additionally, despite acknowledging that Student was nonverbal, non-ambulatory, and globally delayed - SP did not offer an explanation for District's failure to provide an AT evaluation (or services) for Student for the 2020/21 school year. Though this hearing officer found SP to be a credible witness who was qualified in her field, her testimony failed to establish how the IEP provided a FAPE that met Student's substantial needs. The unit coordinator ("UC") from the D75 placement attended by Student during 2020/21 similarly had never met Student and did not attend his 2020/21 IEP meeting. While the UC addressed the sites ability to implement Student's IEP, she failed to explain how

the recommended program on the IEP appropriately met Student's unique needs. For example, the UC failed to offer an explanation of why 30 minute increments of related services would have been appropriate to meet Student's substantial needs during the 2020/21 school year and why District failed to provide Student with an AT evaluation or services.  A review of the record reflects that District failed to meet its burden of proving that it provided a FAPE to Student for the 2020/21 school year.

      For the 2021/22 school year District presented documentary evidence and the testimony of the same 2 witnesses identified above.  SP attended Student's IEP meeting for the 2021/22 school year.  SP testified that the IEP PLOP, management needs, and goals came from the private program input (where Student was already in attendance).  The CSE team was aware that the private program provided 60 minute increments of related services to achieve Student's goals.  Yet, while adopting the same goals from the private program the IEP team reduced the related services by half  (30 vs. 60 minute increments).  The explanation offered by SP as to how the shorter increments could accomplish the same goals was untenable to this hearing officer as the school day contains a finite amount of time and the extra time SP acknowledged was necessary for transfers and breaks would surely cut into Student learning time throughout the day.  Additionally, regarding the provision of an AT evaluation for Student for the 2021/22 school year, District's failure was justified by SP as related to a prerequisite of  parental request for an AT evaluation.  The IDEA mandates that Districts perform comprehensive evaluations of students with disabilities in all areas of suspected disability.  The IDEA clearly places this obligation upon the District, not the Parent.  For the District to place a prerequisite obligation on Parent to identify and request an AT evaluation and services for a Student who is nonverbal and globally delayed shifts a burden in violation of  IDEA requirements.  A review of the record reflects that District failed to meet its burden of proving that it provided a FAPE to Student for

the 2021/22 school year. As prong one of the analysis has been met, this Decision will proceed directly to prong two.

The Supreme Court in *Board of Educ. V. Rowley* (458 U.S. 176 (1982)) determined that the substantive measure of the appropriateness of an educational placement is whether the program is reasonably calculated to confer educational benefit for the student. Educational benefit has been interpreted by the courts to mean progress - in other words, can the student make progress in the educational placement. Parent presented documentary evidence and testimony from the director of the private program ("D") and from Parent to meet their burden of proof at hearing. The private program is a highly specialized special education program serving students ages 5-21 with acquired brain injuries or brain based disabilities. For both school years Student has been placed in a 6:1:1 class with a full time dedicated 1:1 paraprofessional. The small class size addresses the needs of Student by reducing auditory and visual distractions for Student. The program provided Student with related services in 60 minute increments in OT, PT, SL, VES, and MT. The 60 minute increments address Student's need for additional time for processing, repetition of skills, transitions, and breaks. The program provides Student with an AT device with related training. A review of the IEP developed by the private program reflects an individualized program that is reasonably calculated to meet Student's needs. Further, a review of the record including the affidavit of the program director reflects that Student has made progress across all academic and related service areas at the private program. Thus, based upon a review of the documentary evidence, and the testimony presented by the director and Parent, this hearing officer finds the placement to be appropriate as it was reasonably calculated to meet Student's needs and indeed provided benefit to Student.

Parent mounted an affirmative case which met their burden of proving not only that the unilateral placement was appropriate, but also that they had provided the required notice of such

placement with intent to seek reimbursement at public expense (Parent Exhibits D, M) as required by the IDEA (34 C.F.R. 300.148(d)(1)).  Parent attended all IEP meetings, and participated meaningfully in her son's IEP process.  Thus, this hearing officer finds no reason to reduce the award.

## ORDER

As I find the District denied Student a FAPE for the 2020/21 and 2021/22 school years, it is HEREBY ORDERED that the following relief be GRANTED to Parent:   District shall  fund the cost of tuition (including related services) for placement of Student at the private program for the dates of attendance during the 2020/21 school year (beginning February 2021) and for the 2021/22 school year.  Funding shall include specialized transportation costs.

SO ORDERED.

DATED: December 23, 2021

                                                      Helene Peyser

                                                      Impartial Hearing Officer.

-----------------------------------------------------------------------------------------------------------------

PLEASE TAKE NOTICE

 Within 40 days of the date of this decision, the parent and/or the Public School District has a right to appeal the decision to a State Review Officer (SRO) of the New York State Education Department under section 4404 of the Education Law and the Individuals with Disabilities Education Act.
       If either party plans to appeal the decision, a notice of intention to seek review shall be personally served upon the opposing party no later than 25 days after the date of the decision sought to be reviewed.
        An appealing party's request for review shall be personally served upon the opposing party within 40 days from the date of the decision sought to be reviewed. An appealing party shall file the notice of intention to seek review, notice of request for review, request for review, and proof of service with the Office of State Review of the State Education Department within two days

after service of the request for review is complete. The rules of procedure for appeals before an SRO are found in Part 279 of the Regulations of the Commissioner of Education. A copy of the rules in Part 279 and model forms are available at http://www.sro.nysed.gov.

---

## DOCUMENTATION ENTERED INTO THE RECORD

PARENT:

|   |   |   |   |
|---|---|---|---|
| A | 08/14/2021 | Due Process Complaint – IH # 207856  2020-21 School Year | 8 |
| B | 07/08/2021 | Due Process Complaint – IH # 210950  2021-22 School Year | 8 |
| C | 09/05/2020 | NYC DOE IEP | 24 |
| D | 02/09/2021 | Ten Day Notice 2020-21 School Year | 1 |
| E | 02/12/2021 | Tuition Affidavit  2020-21 School Year | 3 |
| F | 02/18/2021 | NYC DOE Medical Forms  2020-21 School Year | 3 |
| G | 02/21/2021 | Enrollment Contract  2020-21 School Year | 7 |

| | | | |
|---|---|---|---|
| H | 03/12/2021 | NYC DOE Determination Letter<br><br>2020-21 School Year | 1 |
| I | 03/16/2021 | IEP<br><br>2020-21 School Year | 44 |
| J | 04/21/2021 | NYC DOE IEP | 23 |
| K | 05/04/2021 | NYC DOE Assistive Technology Evaluation Referral<br><br>2021-22 School Year | 6 |
| L | 06/14/2021 | NYC DOE Prior Written Notice<br><br>2021-22 School Year | 6 |
| M | 06/23/2021 | Ten Day Notice | 2 |
| N | 07/12/2021 | Enrollment Contract 2021-22 School Year | 7 |
| O | 07/15/2021 | NYC DOE Determination Letter | 1 |
| P | 03/03/2021 | Transportation Agreement | 5 |

| | | | |
|---|---|---|---|
| Q | 07/22/2021 | Transportation Affidavit | 1 |
| R | 2020-2021 | Program Description | 16 |
| S | 2020-2021 | Schedule | 1 |
| T | 2021-2022 | Schedule | 1 |
| U | OMITTED | | |
| V | 08/12/2021 | Affidavit | 4 |
| W | 09/09/2021 | Affidavit | 3 |

DEPARTMENT OF EDUCATION:

| | | | |
|---|---|---|---|
| 1 | 4/17/2020 | Consent for Evaluation | 1 |
| 2 | 4/17/2020 | IEP Meeting Notice | 3 |
| 3 | 4/24/2020 | IEP | 28 |
| 4 | 5/5/2020 | Prior Written Notice and Consent for Provision of Services | 10 |
| 5 | 6/11/2020 | T-5 School Location Document | 5 |
| 6 | 4/12/2021 | IEP Meeting Notice | 3 |
| 7 | 4/19/2021 | IEP | 31 |

| 8 | 6/14/2021 | Prior Written Notice and School Location Letter | 11 |
|---|---|---|---|
| 9 | 6/16/2021 | Prior Written Notice and School Location Letter | 11 |
| 10 | Various Dates | Remote Learning Adaptations | 19 |
| 11 | 3/16/2021 | iBrain IEP | 44 |
| 12 | 3/2/2020 | Classroom Observation | 1 |
| 13 | 1/7/2020 | Social History | 3 |
| 14 | 5/4/2021 | AT Evaluation Referral | 6 |
| 15 | Various Dates | Preschool Evaluation Reports | 45 |
| 16 | April 2021 | Emails re IEP Meeting | 3 |
| 17 | 4/12/2021 | Email re Medical Documentation and Attachments | 59 |
| 18 | 5/4/2021 | Email re AT referral and Attachment | 9 |
| 19 | October 2020 | Consent for Teletherapy | 2 |
| 20 | 4/19/2021 | IEP Attendance Page | 1 |
| 21 | 8/5/21 | AT Evaluation | 12 |
| 22 | 8/10/21 | Affidavit and CV | 7 |
| 26 | 09/28/2021 | Affidavit | 2 |

## L.V. v. NYC Department of Education, 03 Civ. 9917 (SDNY)

Parents of children with Individualized Education Programs who received or who may receive an order at the conclusion of an impartial hearing should read the attached notice about possible disclosure of information and documents about their children as part of a federal court litigation.

Translations in Spanish, Arabic, Bengali, Chinese, French, Haitian Creole, Korean, Russian, and Urdu are available on the DOE webpage at
https://www.schools.nyc.gov/learning/special-education/help/impartial-hearings

**Notice of Potential Disclosure of Student Education Records**

**Please read this notice carefully**. This is a message about possible disclosure of documents or data that might contain information about your child, if your child has been classified as a student with a disability and has been or may be the subject of a final Impartial Hearing Order.

**I.   Nature of the Lawsuit**

This lawsuit challenged the failure of the Department of Education ("DOE") of the City of New York to timely implement orders issued by impartial hearing officers in connection with impartial hearings held pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400, *et seq.* and N.Y. Education Law § 4401, *et seq.* In 2007, the parties entered into a Stipulation of Settlement (the "Stipulation") in which the DOE agreed to timely implement these orders.

In January 2021, the Court granted plaintiffs' motion for the appointment of a special master. On April 14, 2021, the Court entered an Order appointing David Irwin of Thru-Ed as the Special Master.  On May 14, 2021, the Court entered an Order detailing the duties and authority of the Special Master which include, among other things, the authority to review DOE's processes for implementing impartial hearing orders and to recommend to the Court improvements to enable DOE to timely implement orders a. Pursuant to this Order, the Special Master may have access to education records of students, upon DOE's compliance with the Family Education Rights and Privacy Act (20 U.S.C. § 1232g; 34 C.F.R. Part 99) ("FERPA").

**II.     Data Ordered to Be Disclosed**

In order for the Special Master to perform his duties, the Court has directed the DOE to provide the Special Master (and employees and consultants at Thru-Ed) with access to records containing confidential student record information, including, but not limited to, documents submitted in the impartial hearing process, impartial hearing orders, data about compliance, and students' special education documents, such as individualized education programs, evaluations, authorizations, invoices, etc. The Special Master is required to keep any student documents and information confidential. No student-specific information will be shared with plaintiffs' counsel unless the student's parent specifically consents. If there is any student-specific information in the Special Master's reports to the Court, that information would not be made public.

The Special Master will use this information only for his work to review DOE's processes for implementing impartial hearing orders and to recommend to the Court improvements to enable DOE to timely implement orders.  The disclosure of this information <u>does not</u> affect any of your rights as a parent to seek special education services for your child.

**IV.     Objections to Disclosure**

If you agree to the disclosure of this information to the Special Master, you do not need to do anything more.

If you do not want your child's information shared with the Special Master, you must object to this disclosure by submitting an objection to DOE's attorney, addressed to:

> Jeffrey S. Dantowitz
> NYC Law Department
> 100 Church Street, Room 2-121
> New York  NY  10007

or via email at LVObjection@law.nyc.gov.  Please reference the *LV v. DOE* lawsuit (Case No. 03-9917) when writing.  An Objection Form accompanies this Notice, though no written objection will be rejected if it is not submitted on this form.  If you object, no records containing you and your child's personally identifiable information or other FERPA-protected information will be provided to the Special Master, although nominal and incidental disclosure of your child's name may occur. **Any objections must be received by December 3, 2021 or for impartial hearing orders issued after November 12, 2021, within 3 weeks of the issuance of the impartial hearing order**.

**If you would like more information about this notice, please contact the attorneys for plaintiffs**, **Rebecca Shore, of Advocates for Children of New York, Inc. at 646-532-6078.**

**OBJECTION TO DISCLOSURE OF RECORDS**
**LV v. DOE, 03 Civ. 9917 (SDNY)**

If you agree to the release of information about your child to the Special Master appointed in *L.V. v. DOE*, you do not need to complete this form.

If you object to the release of information about your child to the Special Master appointed in *L.V. v. DOE*, please compete and return this form to:

> Jeffrey S. Dantowitz
> NYC Law Department
> 100 Church Street, Room 2-121
> New York, NY  10007

or via email at LVObjection@law.nyc.gov

Child's name: _____

Name: _____

Address: _____

Impartial Hearing Order Case # (if known): _____

Date of Order (if known): _____

> If you object to the release of your confidential information, please check the line below:
>
> _____   I do not agree to have my confidential records disclosed to the Special Master in *L.V. v. DOE*.

_____                              _____
        Date                                                                        Please sign here

2

If you object to the release of information, your objection must be received by December 3, 2021 or, for impartial hearing orders issued after November 12, 2021, within 3 weeks of the issuance of the impartial hearing order.

    \*  \*  \*  If you do not notify the DOE of your objections to the documents being released, you child's information will be provided to the Special Master appointed in *LV v. DOE*, 99 Civ. 9917 (SDNY) and/or consultants and employees of Thru-Ed. The information will remain confidential and the disclosure of this information will not affect any of your rights to seek special education services for your child.

2

| |
|---|
| للاطلاع على هذا المستند باللغة العربية، قُم بزيارة الموقع الإلكتروني https://www.schools.nyc.gov/learning/special-education/help/impartial-hearings |
| YgÄsȍÄt ÄÄ ná^l á, https://www.schools.nyc.gov/learning/special-education/help/impartial-hearings ná^ṕ |
| 若要以中文查看，請上網到 https://www.schools.nyc.gov/learning/special-education/help/impartial-hearings |
| Pour consulter ce texte en français, allez sur https://www.schools.nyc.gov/learning/special-education/help/impartial-hearings |
| Pou wè tèks sa a an kreyòl ayisyen, ale sou https://www.schools.nyc.gov/learning/special-education/help/impartial-hearings |
| 본 문서를 한국어로 보시려면 다음 웹사이트를 이용하십시오: https://www.schools.nyc.gov/learning/special-education/help/impartial-hearings |
| Для просмотра документа на русском языке посетите https://www.schools.nyc.gov/learning/special-education/help/impartial-hearings |
| Para ver este contenido en español, visite https://www.schools.nyc.gov/learning/special-education/help/impartial-hearings |
| اس کو اردو میں دیکھنے کے لیے https://www.schools.nyc.gov/learning/special-education/help/impartial-hearings پر جائیں |