UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
**ADEJUMOKE OGUNLEYE**, as Parent and
Natural Guardian of **D.O.**, and **ADEJUMOKE
OGUNLEYE**, Individually, et al.,

                Plaintiffs,                      23-cv-09092 (VSB)

   -against-

**DAVID C. BANKS**, in his official capacity as
Chancellor of the New York City Department of
Education; **NEW YORK CITY
DEPARTMENT OF EDUCATION;** and **BRAD LANDER**, in his
official capacity as Comptroller of the
City of New York,

                Defendants.
------------------------------------------------------------------X

## PLAINTIFFS' RULE 56.1 STATEMENT OF MATERIAL FACTS

Pursuant to Fed. R. Civ. P. 56 and Local Civil Rule 56.1, Plaintiff ADEJUMOKE OGUNLEYE, as Parent and Natural Guardian of D.O. and ADEJUMOKE OGUNLEYE, Individually; Plaintiff MAYTINEE BIRD, as Parent and Natural Guardian of H.C., and MAYTINEE BIRD, Individually; and Plaintiff MARLENE FRIAS, as Parent and Natural Guardian of A.F., and MARLENE FRIAS, Individually, by and through undersigned counsel, submit the following Statement of Material Facts in support of their Motion for Summary Judgment:

1. Plaintiff Adejumoke Ogunleye is the Parent and Natural Guardian of D.O. [Declaration of Nicole Lancia ("Lancia Dec."), ¶ 3].

   **DOE Response:** Disputed, but immaterial. Plaintiff's Counsel lacks personal knowledge.

2. D.O. is a child with a disability as defined by 20 U.S.C. § 1401(3). [Lancia Dec., ¶ 4]

   **DOE Response:** Disputed, but immaterial. Plaintiff's Counsel lacks personal knowledge.

3.  On July 5, 2023, Plaintiff Ogunleye filed a DPC to seek funding for D.O.'s placement at iBRAIN, including special transportation services, for the 2023-2024 ESY. [Dkt. No. 1-2].

**DOE Response:** Disputed as Plaintiff sought more relief than funding for D.O's placement at iBrain including transportation services in the Due Process Complaint, ("DPC"). Dkt. No. 1-2.

4.  The DPC was assigned to Impartial Hearing Officer ("IHO") Joshua Arocho in Case No. 251168. [Dkt. Nos. 1-2, 1-3].

**DOE Response:** Undisputed, to the extent "the DPC" pertains to the DPC Plaintiff Ogunleye seeking funding for placement and service relating to the 2023-2024 school year.

5.  The basis for D.O.'s pendency for the 2023-2024 SY was established by a previous Findings of Fact and Decision ("FOFD") issued by IHO Helene Peyser in IHO Case No. 207856. [Dkt No. 1-3; Lancia Dec., Ex. 1].

**DOE Response:** Undisputed.

6.  That FOFD found that iBRAIN was the appropriate placement for D.O. during the 2020-2021 and 2021-2022 SYs and ordered DOE to fund the full cost of D.O.'s tuition at iBRAIN, including related services, and the cost of DOE's special transportation. [Dkt. No. 1-3; Lancia Dec., ¶ 5 and Ex. 1].

**DOE Response**: Disputed. The FOFD provides, "District shall fund the cost of tuition (including related services) for placement of Student at the private program for the dates of attendance during the 2020/21 school year (beginning February 2021) and for the 2021/22 school year. Funding shall include specialized transportation costs" Dkt. 1-3 p. 1.

7. On August 25, 2023, IHO Arocho issued an Order on Pendency in IHO Case No. 251168, which found D.O.'s pendency placement at iBRAIN for the 2023-2024 ESY and ordered DOE to fund D.O.'s placement at iBRAIN for the 2023-2024 ESY, including transportation costs, pending a final resolution of this matter. [Dkt. No. 1-3.]

**DOE Response**: Undisputed.

8. Defendants did not appeal IHO Arocho's Order on Pendency; it is the final Order on D.O.'s pendency placement for the 2023-2024 SY. [Lancia Dec. ¶ 8.]

**DOE Response**: Disputed except admit that the Order on Pendency provides the pendency obligation for this student and respectfully refers the Court to the order for a complete and accurate statement of its contents and provisions.

9. At the beginning of the 2023-2024 school year, Plaintiff Ogunleye signed agreements with iBRAIN and the transportation provider, Sister's Travel and Transportation Services, LLC ("Sister's Transportation"), to provide her child with an education for this school year. [Lancia Dec., ¶¶ 6-7 and Exs. 2, 3.]

**DOE Response**: Disputed. Counsel lacks personal knowledge to assert that Plaintiff signed the agreements; as such, there is no admissible evidence to support this fact.

10. On October 12, 2023, Plaintiff received a letter from Sister's Transportation informing her of D.O.'s outstanding balances for the 2022-2023 and 2023-2024 SYs and stating that transportation services from D.O.'s home to iBRAIN would cease unless the outstanding balances were made current. [Dkt. No. 1-4.]

**DOE Response**: Disputed, the letter is not authenticated and is therefore inadmissible. Further, the letter states the following: "Unfortunately, we must require these balances be

paid within 30 days or we may no longer be able to provide your child with transportation services." Dkt. No. 1-4.

11.     Plaintiff Bird is the Parent and Natural Guardian of H.C. [Lancia Dec., ¶ 9].

**DOE Response:** Disputed, but immaterial. Plaintiff's Counsel lacks personal knowledge.

12.     H.C. is a child with a disability as defined by 20 U.S.C. § 1401(3). [Lancia Dec., ¶ 10].

**DOE Response:** Disputed, but immaterial. Plaintiff's Counsel lacks personal knowledge.

13.     Plaintiff Bird filed a DPC on July 5, 2023, regarding H.C.'s pendency and seeking funding for H.C.'s pendency at iBRAIN for the 2023-2024 SY. The DPC was assigned IHO Case No. 250798. [Dkt. No. 1-6.]

**DOE Response**: Disputed as Plaintiff sought more relief than funding for D.O's placement at iBrain including transportation services in the Due Process Complaint, ("DPC"). Dkt. No. 1-2.

14.     The basis for D.O.'s pendency for the 2023-2024 SY was established by a previous Findings of Fact and Decision ("FOFD") issued by IHO Richard Zeitler in IHO Case No. 228745. [Dkt No. 1-7; *see* Lancia Dec., Ex. 4].

**DOE Response**: Disputed, The basis for D.O.'s pendency for the 2023-2024 SY was established by a previous FOFD issued by IHO Helene Peyser in IHO Case No. 207856. See Dkt No. 1-3.

15.     That FOFD found that iBRAIN was the appropriate placement for H.C. during the 2022-2023 SY and ordered DOE to fund the full cost of H.C.'s tuition at iBRAIN, including the cost of H.C.'s special transportation and nursing services. [Lancia Dec., Ex. 4].

**DOE Response:** Disputed. The FOFD in DPC 228745 provides in relevant part the following:

4

**Ordered**, that the DOE shall fund the unpaid portion of the cost of the aggregate tuition obligation for the Student's placement at the Private School for the 12-month extended 2022-2023 school year, in the amount of $100.00 to the Parent, and $278,152.80 paid directly to the Private School; and it is further

**Ordered**, that the DOE shall make available and pay for the cost of round-trip door-to door special education transportation services to enable the Student's attendance at the Private School for the 12-month extended 2022-2023 school year, via lift-bus ambulance, with a 1:1 nurse present during transportation, and oxygen or a ventilator (or both), air conditioning, and with as reasonably limited time travel as possible, the cost of which shall be paid in accordance with the terms of the contract entered into evidence, provided that the rate shall not exceed $345.00 per trip; and it is further

**Ordered**, that for any Private School services provided by a 1:1 nurse or a 1:1 paraprofessional, and any transportation services provided by a 1:1 nurse, as ordered above for the 12-month 2022-2023 school year, where such services are not paid under the Private School enrollment contract or the transportation contract, respectively, the DOE shall fund those services directly to such providers, paid at the higher of either current market rate or the highest rate the Department has paid during the six months preceding this decision. Lancia Dec. Ex. 4. P. 24-25.

16. On August 11, 2023, DOE issued a Pendency Implementation Form in Case No. 250798, which stated that H.C.'s pendency placement was at iBRAIN for the 2023-2024 SY and that DOE consented to fund H.C.'s placement at iBRAIN for the 2023-2024 ESY, including transportation and nursing costs, pending a final resolution of this matter. [Dkt. No. 1-7.]

**DOE Response**: Disputed and the DOE respectfully refers the Court to the implementation form cited for a true and accurate representation of its contents. Dkt. No. 1-7.

17. That form cites the FOFD in IHO No. 228745 and states:

> Transportation: '…round-trip door-to-door special education transportation services to enable the Student's attendance at the Private School… via liftbus ambulance, with a 1:1 nurse present during transportation, and oxygen or a ventilator (or both), air conditioning, and with as reasonably limited travel time as possible, the cost of which shall be paid in accordance with the terms of the contract entered into evidence, provided that the rate shall not exceed $345.00 per trip…' see pg. 24-25 of FOFD in DPC 228745.
>
> 1:1 nurse or 1:1 paraprofessional (including transportation services provided by a 1:1 nurse) '…where such services are not paid under the

5

> Private School enrollment contract or the transportation contract, respectively, the DOE shall fund those services directly to such providers, paid at the higher of either current market rate or the highest rate the Department has paid during the six months preceding this decision.' See pg. 25 of FOFD in DPC 228745.

[Dkt. No. 1-7.]

    **DOE Response**: Undisputed

18. At the beginning of the 2023-2024 school year, Plaintiff signed agreements with iBRAIN, Sister's Transportation, and the nursing service provider. [Lancia Dec., ¶¶ 12-14 and Exs. 5, 6, 7].

    **DOE Response**: Disputed; Counsel lacks personal knowledge to assert that Plaintiff signed the agreement. Therefore, there is no admissible evidence to support this fact.

19. On October 10, 2023, Plaintiff Bird received a letter from Sister's Transportation informing her of H.C.'s outstanding balances from the 2022-2023 and 2023-2024 SYs and stating that transportation services from H.C.'s home to iBRAIN would cease unless the outstanding balances were made current. [Dkt. No. 1-8.]

    **DOE Response**: Disputed; the purported letter is not authenticated and therefore is not admissible. Further, the letter states the following: "Unfortunately, we must require these balances be paid within 30 days or we may no longer be able to provide your child with transportation services." Dkt. No. 1-8.

20. To date, DOE has still not paid $21,581.06 in transportation costs and $41,560 in nursing costs for the 2023-2024 SY. [Lancia Dec., ¶¶ 15].

    **DOE Response**: Disputed. The DOE has fully complied with its obligations to fund transportation and nursing costs for this student. Kapoor Declaration ¶21.

21. Plaintiff Frias is the Parent and Natural Guardian of A.F. [Lancia Dec., ¶ 16].

**DOE Response:** Disputed, but immaterial. Plaintiff's Counsel lacks personal knowledge.

22. A.F. is a child with a disability as defined by 20 U.S.C. § 1401(3). [Lancia Dec., ¶ 17].

**DOE Response:** Disputed, but immaterial. Plaintiff's Counsel lacks personal knowledge.

23. Plaintiff Frias filed a DPC on July 5, 2023, regarding A.F.'s pendency and seeking funding for A.F.'s pendency at iBRAIN for the 2023-2024 SY. The DPC was assigned to IHO Marcel Denis in Case No. 251068. [Dkt. No. 1-10.]

**DOE Response:** Disputed , DPC 251068, although dated on July 5, 2023, was filed July 6, 2023 and sought funding relating to the 2023-2024 school year, for *inter alia* A.F.'s pendency, tuition and transportation. Ket. No. 1-10.

24. The legal basis for A.F.'s pendency for the 2023-2024 SY was established by a previous FOFD issued by IHO Jean Brescia in IHO Case No. 242435. [Dkt. No. 1-11; *see* Lancia Dec., Ex. 8].

**DOE Response**: Disputed, except admit that a Pendency Order issued on August 28, 2023 contains the scope of DOE pendency obligation for A.F. in the 2023-2024 school year. Dkt. 1-11 p. 3.

25. That FOFD found that iBRAIN was the appropriate placement for A.F. during the 2022-2023 SY and ordered DOE to fund the full cost of A.F.'s tuition at iBRAIN, including related services, and the cost of her special transportation. [Dkt. No. 1-11; Lancia Dec., Ex. 8.]

**DOE Response:** Disputed, the FOFD referenced provides, "The Department of Education shall fund for [A.F.] the costs of tuition and related services at iBrain and the costs of specialized transportation for [A.F.] between home and iBrain, for the time period from April

7

5, 2022 through June 24, 2022 and for the 2022-2023 12-month school year." Lancia Dec. Ex. 8.

26.  On August 28, 2023, IHO Denis issued an Order on Pendency in IHO Case No. 251068, which found A.F.'s pendency placement at iBRAIN for the 2023-2024 ESY, and ordered DOE to fund A.F.'s placement at iBRAIN for the 2023-2024 ESY, including transportation costs, pending a final resolution of this matter. [Dkt. No. 1-11.] IHO Denis noted that "DOE, in absentia, agreed that pendency lied in IHO Jean Marie Brescia's FOFD dated May 30, 2023." [*Id.*, p. 3].

**DOE Response:** Disputed, the FOFD ordered "The Department of Education shall fund for [A.F.] the costs of tuition and related services at iBrain and the costs of specialized transportation for [A.F.] between home and iBrain, for the time period from April 5, 2022 through June 24, 2022 and for the 2022-2023 12-month school year." Lancia Dec. Ex. 8.

27.  Defendants did not appeal this Order; IHO Denis' Order is the final Order on A.F.'s pendency placement for the 2023-2024 SY. [Lancia Dec., ¶ 22]

**DOE Response**: Disputed except admit that it provides the pendency obligation for this student and respectfully refers the Court to the order for a complete and accurate statement of its contents and provisions. See Dkt. 1-11.

28.  At the beginning of the 2023-2024 SY, Plaintiff Frias signed agreements with iBRAIN and Sister's Transportation to provide her child with an education for that school year. [Lancia Dec., ¶¶ 19-20 and Exs. 9, 10.]

**DOE Response**: Disputed. Counsel lacks personal knowledge to assert that Plaintiff signed the agreements; as such, there is no admissible evidence to support this fact.,

8

29. In January 2024, Plaintiff Frias also signed an agreement with a nursing services provider. [Lancia Dec., ¶ 21 and Ex. 11].

**DOE Response**: Disputed. Counsel lacks personal knowledge to assert that Plaintiff signed the agreements; as such, there is no admissible evidence to support this fact.

30. On October 11, 2023, Plaintiff received a letter from Sister's Transportation informing her of A.F.'s outstanding balances from the 2021-2022, 2022-2023, and 2023-2024 SYs and stating that transportation services from the A.F.'s home to iBRAIN would cease unless the outstanding balances were made current. [Dkt. No. 1-12.]

**DOE Response**: Disputed, the letter is not authenticated and is therefore inadmissible. Further, the letter states the following: "Unfortunately, we must require these balances be paid within 30 days or we may no longer be able to provide your child with transportation services." Dkt. No. 1-12.

31. DOE funded A.F.'s tuition and transportation several months after IHO Denis' Order on Pendency issued. [*See* Dkt. No. 1, ¶ 109].

**DOE Response:** Disputed. The DOE has fully complied with its obligations to fund transportation and nursing costs for this student. Kapoor Declaration ¶ 27.

## DOE'S LOCAL CIVIL RULE 56.1 STATEMENT OF MATERIAL FACTS

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, and Local Civil Rule 56.1, and in support of DOE's cross-motion for summary judgment, Defendants, New York City Department of Education and Melissa Aviles-Ramos (collectively, "DOE"), by and through their

counsel, Muriel Goode-Trufant, Corporation Counsel of the City of New York, submit the following statement of material facts as to which DOE contends that there exists no genuine issue of material facts to be tried herein:

**PLAINTIFF D.O.:**

32. The FOFD in case No. 251168 awarded: funding for tuition to D.O. unilateral placement at iBrain, and transportation. Kapoor Dec. ¶9, Exhibit. 2.

33. The FOFD, as to tuition funding, awarded a total of $309,160.00 to be disbursed as follows: (i) $100.00 reimbursement to Parent; and (ii) $309,060.00 direct payment to iBrain. Kapoor Dec. ¶11, Exhibit. 2

34. The FOFD, as to transportation, awarded a total "amount not to exceed $192,930.00," which was to be paid directly to the transportation agency. Moreover, the FOFD conditioned payment thereof upon the DOE's receipt of a "signed, notarized bill encompassing costs owed by Parent to Transportation Agency for Student's transportation to Private School for the 2023–24 school year" Kapoor Dec. ¶ 13 Ex. 2, p. 9.

35. The DOE has paid all monies due and owing pursuant pendency consistent with the FOFD in DPC 251168. Kapoor Dec. ¶ 14.

36. DOE has paid $309,160.00 in tuition to iBrain and $96,465.00 in transportation to Sisters Travel and Transportation ("Sister").

37. No further transportation costs could be made to the transportation company as no "signed, notarized bill encompassing costs owed by Parent to Transportation Agency for Student's transportation to Private School for the 2023–24 school year" was ever submitted as required by the FOFD. Kapoor Dec. ¶ 14.

38.    Therefore, the DOE has fully implemented and complied with the FOFD emanating from DPC 251168. Kapoor Dec. ¶ 14.

**PLAINTIFF H.C.:**

39.    On August 11, 2023, the DOE executed a pendency implementation form, which specified that pendency was predicated upon an unappealed FOFD, dated September 20, 2022, arising from DPC 228745, which provided: (i) 12 month tuition funding to iBrain; (ii) transportation "with a 1:1 nurse present during transportation" at a "rate shall not exceed $345.00 per trip;" and (iii) "1:1 nurse or 1:1 paraprofessional (including transportation services provided by a 1:1 nurse)" which was to "paid at the higher of either current market rate or the highest rate the Department has paid during the six months preceding this decision." Kapoor Dec. ¶ 16 Ex. 3.

40.    H.C.'s Parent appealed to the SRO in an appeal designated SRO 23-240; Kapoor Dec. ¶ 20

41.    On December 20, 2023, the SRO denied the request for a pendency order. Kapoor Dec. ¶ 20.

42.    On October 10, 2023, a FOFD was issued denying all relief the school year as the parent "had not demonstrated that the private school placement and the unilaterally obtained services are uniquely tailored to the Student's needs." Kapoor Dec. ¶ 19; See id. at Exhibit 5, p. 7.

43.    H.C.'s Parent appealed to the SRO; in an appeal designated SRO 23-267, on January 25, 2024, the SRO affirmed the October 10, 2023 FOFD. Kapoor Dec. ¶ 21.

44.    DOE has paid $306,544.00 in tuition to iBrain. Kapoor Dec. ¶ 22.

45.    For transportation services, the DOE has paid $150,420.00 to the Sister's Travel and Transportation; this is amount is predicated upon $345.00 per trip (or $690.00 round trip) over 218 school days in 2023-2024, which equals $150,420.00. Kapoor Dec. ¶ 21.

46. For nursing, DOE paid $270,974.00 to B&H Healthcare Services, Inc.; this amount is predicated upon $1,243.00 per day over 218 school days, which equals $270,974.00. The nursing rate of $1,243.00 is highest rate the DOE has paid during the six months preceding order thereof and higher than the current market rate as of date thereof. Kapoor Dec. ¶ 21.

47. DOE has paid all monies due and owing pursuant to its pendency obligations, delineated it the applicable administrative order. Kapoor Dec. ¶ 21.

**PLAINTIFF A.F.:**

48. On August 28, 2023, a pendency order was issued in DPC 251068 regarding A.F. ordering tuition funding to iBrain and transportation funding thereto. Kapoor Dec. ¶ 23.

49. On December 27, 2023, an FOFD was issued ordering DOE to: (i) fund A.F.'s "placement and related services" at iBrain for the 2023-2024 school year in a total the amount of $280,284.00; (ii) to fund the cost of A.F. transportation "to and from iBrain school and all related service providers facilities in a total amount of $190,930." Kapoor Dec. ¶ 25; see also *Id*. at Exhibit 7, p. 12.

50. Neither the pendency order nor the program delineated in the FOFD include nursing services. Kapoor Dec. ¶ 25.

51. DOE has paid $280,384.00 in tuition to iBrain and $190,930.00 in transportation services to Sisters Travel and Transportation. Kapoor Dec. ¶ 27.

52. DOE has fully complied with its obligations pursuant to both pendency and the FOFD which changed the basis of pendency. Kapoor Dec. ¶ 27.

Dated: December 5, 2025
      New York, N.Y.

                                        **Muriel Goode-Trufant**
                                        Corporation Counsel of the
                                        City of New York
                                        *Attorney for Defendants*
                                        100 Church Street
                                        New York, New York 10007

By:   /S/ AM
                                        Alfred Miller, Jr., Esq.
                                        *Assistant Corporation Counsel*
                                        (212) 356-2392
                                        alfmille@law.nyc.gov