NEW YORK CITY DEPARTMENT OF EDUCATION
IMPARTIAL HEARING OFFICE

███████████, by and through his/her
Parent(s), MAYTINEE BIRD,

                                        **PENDENCY ORDER**

            Petitioner(s),

    - against -                                  Case No. 250798

THE NEW YORK CITY DEPARTMENT OF
EDUCATION,
            Respondent.

HASHIM RAHMAN, Hearing Officer:

      The Petitioner has requested an order on pendency for this matter. (Hr'g Tr. 31.) The Petitioner claims that the Student's educational program during the pendency of this action should be based on a 2022 unappealed Findings of Fact and Decision ("2022 FOFD") for case number 228745. (*Id.*) The Petitioner asserted that aforementioned FOFD "favored a full award of direct payment for tuition and related services, including special transportation . . ." (*Id.*) However, the Petitioner never submitted a copy of the FOFD despite my request. (*See id.* at 32.)

      The Individuals with Disabilities Education Act ("IDEA") requires that during the pendency of any proceedings conducted pursuant to the statute, "the child shall remain in the then-current educational placement" unless parents and an educational authority agree otherwise. 20 U.S.C. § 1415(j). Although not defined by statute, the phrase "then current placement" has been found to mean (i) "the placement described in the student's most recently implemented IEP [or Individualized Education Program]"; (ii) "the operative placement actually functioning at the time when the stay put provision of the IDEA was invoked"; or (iii) "the placement at the time of

1

the previously implemented IEP." *Dervishi v. Stamford Bd. of Educ.,* 653 Fed. App'x 55, 57-58 (2d Cir. June 27, 2016) (quoting *Mackey ex rel. Thomas M. v. Bd. of Educ. for Arlington Cent. Sch. Dist.*, 386 F.3d 158, 163 (2d Cir. 2004) (internal quotation marks and alterations omitted)). In most cases, "[t]he term '*then-current* educational placement' in the stay-put provision typically refers to the child's last agreed-upon educational program before the parent requested a due process hearing to challenge the child's IEP." *Ventura de Paulino v. DOE*, 959 F.3d 519, 532 (2d Cir. 2020).  The DOE bears the burden of proof during an impartial hearing. *See* Educ. Law § 4404(1)(c).  Nonetheless, a movant requesting relief has an obligation to present sufficient claims and facts.

Under *Dervishi*, a prior FOFD can be deemed an operative placement when pendency rights are invoked.  The problem here, however, is that the Petitioner presented no evidence of the educational program created through any prior FOFD.  The Petitioner did not submit a copy of the 2022 FOFD; and the Petitioner did not provide any testimony describing details of the 2022 FOFD.  I cannot issue an order deeming an educational program to be a pendency placement when I do not have details regarding the program.

Accordingly, the Petitioner's request for an order deeming the 2022 FOFD to be the Student's placement during the pendency of this proceeding is denied.

Dated: 10/20/23                                        SO ORDERED

                                                                   _____
                                                                   HASHIM RAHMAN,
                                                                   HEARING OFFICER

Sent *via* Email to All Parties

## NOTICE OF RIGHT TO APPEAL

Within 40 days of the date of this decision, the parent and/or the Public-School District has a right to appeal the decision to a State Review Officer (SRO) of the New York State Education Department under section 4404 of the Education Law and the Individuals with Disabilities Education Act.

If either party plans to appeal the decision, a notice of intention to seek review shall be personally served upon the opposing party no later than 25 days after the date of the decision sought to be reviewed.

An appealing party's request for review shall be personally served upon the opposing party within 40 days from the date of the decision sought to be reviewed. An appealing party shall file the notice of intention to seek review, notice of request for review, request for review, and proof of service with the Office of State Review of the State Education Department within two days after service of the request for review is complete. The rules of procedure for appeals before an SRO are found in Part 279 of the Regulations of the Commissioner of Education. A copy of the rules in Part 279 and model forms are available at http://www.sro.nysed.gov.