

## The University of the State of New York

**The State Education Department**
State Review Officer
www.sro.nysed.gov

No. 23-240

**Application of a STUDENT WITH A DISABILITY, by her parent, for review of a determination of a hearing officer relating to the provision of educational services by the New York City Department of Education**

**Appearances:**
Brain Injury Rights Groups, Ltd., attorneys for petitioner, by Zack Zylstra, Esq.

Liz Vladeck, General Counsel, attorneys for respondent, by Ezra Zonana, Esq.

### DECISION

**I. Introduction**

This proceeding arises under the Individuals with Disabilities Education Act (IDEA) (20 U.S.C. §§ 1400-1482) and Article 89 of the New York State Education Law.  Petitioner (the parent) appeals from the interim decision of an impartial hearing officer (IHO) which denied her request for pendency services for the student for the 2023-24 school year.  The appeal must be dismissed.

**II. Overview—Administrative Procedures**

When a student in New York is eligible for special education services, the IDEA calls for the creation of an individualized education program (IEP), which is delegated to a local Committee on Special Education (CSE) that includes, but is not limited to, parents, teachers, a school psychologist, and a district representative (Educ. Law § 4402; see 20 U.S.C. § 1414[d][1][A]-[B]; 34 CFR 300.320, 300.321; 8 NYCRR 200.3, 200.4[d][2]).  If disputes occur between parents and school districts, incorporated among the procedural protections is the opportunity to engage in mediation, present State complaints, and initiate an impartial due process hearing (20 U.S.C. §§ 1221e-3, 1415[e]-[f]; Educ. Law § 4404[1]; 34 CFR 300.151-300.152, 300.506, 300.511; 8 NYCRR 200.5[h]-[*l*]).

New York State has implemented a two-tiered system of administrative review to address disputed matters between parents and school districts regarding "any matter relating to the identification, evaluation or educational placement of a student with a disability, or a student suspected of having a disability, or the provision of a free appropriate public education to such student" (8 NYCRR 200.5[i][1]; see 20 U.S.C. § 1415[b][6]-[7]; 34 CFR 300.503[a][1]-[2], 300.507[a][1]).  First, after an opportunity to engage in a resolution process, the parties appear at an impartial hearing conducted at the local level before an IHO (Educ. Law § 4404[1][a]; 8 NYCRR 200.5[j]).  An IHO typically conducts a trial-type hearing regarding the matters in dispute in which the parties have the right to be accompanied and advised by counsel and certain other individuals with special knowledge or training; present evidence and confront, cross-examine, and compel the attendance of witnesses; prohibit the introduction of any evidence at the hearing that has not been disclosed five business days before the hearing; and obtain a verbatim record of the proceeding (20 U.S.C. § 1415[f][2][A], [h][1]-[3]; 34 CFR 300.512[a][1]-[4]; 8 NYCRR 200.5[j][3][v], [vii], [xii]).  The IHO must render and transmit a final written decision in the matter to the parties not later than 45 days after the expiration period or adjusted period for the resolution process (34 CFR 300.510[b][2], [c], 300.515[a]; 8 NYCRR 200.5[j][5]).  A party may seek a specific extension of time of the 45-day timeline, which the IHO may grant in accordance with State and federal regulations (34 CFR 300.515[c]; 8 NYCRR 200.5[j][5]).  The decision of the IHO is binding upon both parties unless appealed (Educ. Law § 4404[1]).

A party aggrieved by the decision of an IHO may subsequently appeal to a State Review Officer (SRO) (Educ. Law § 4404[2]; see 20 U.S.C. § 1415[g][1]; 34 CFR 300.514[b][1]; 8 NYCRR 200.5[k]).  The appealing party or parties must identify the findings, conclusions, and orders of the IHO with which they disagree and indicate the relief that they would like the SRO to grant (8 NYCRR 279.4).  The opposing party is entitled to respond to an appeal or cross-appeal in an answer (8 NYCRR 279.5).  The SRO conducts an impartial review of the IHO's findings, conclusions, and decision and is required to examine the entire hearing record; ensure that the procedures at the hearing were consistent with the requirements of due process; seek additional evidence if necessary; and render an independent decision based upon the hearing record (34 CFR 300.514[b][2]; 8 NYCRR 279.12[a]).  The SRO must ensure that a final decision is reached in the review and that a copy of the decision is mailed to each of the parties not later than 30 days after the receipt of a request for a review, except that a party may seek a specific extension of time of the 30-day timeline, which the SRO may grant in accordance with State and federal regulations (34 CFR 300.515[b], [c]; 8 NYCRR 200.5[k][2]).

### III. Facts and Procedural History

The parties' familiarity with this matter is presumed and, therefore, the detailed facts and procedural history of the case and the IHO's decision will not be recited here.

In a letter dated June 20, 2023, the parent provided the district with notice of her intent to unilaterally place the student at iBrain for the 2023-24 extended school year (see Parent Ex. C).

The CSE convened on June 26, 2023 to formulate the student's IEP for the 2023-24 school year (see generally Parent Ex. D).  The CSE recommended a 12-month 6:1+1 special class in a district 75 specialized school with adapted physical education and a daily full-time individual health paraprofessional (id. at p. 30-31).  For related services, the district recommended four 60-

2

minute sessions of individual occupational therapy (OT) per week, one 60-minute session of group of three OT per week, one 60-minute session of group parent counseling and training per month, five 60-minute sessions of individual physical therapy (PT) per week, four 60-minute sessions of individual speech-language therapy per week, and one 60-minute session of group of three speech-language therapy per week (id. at p. 30).[1]

In a due process complaint notice, dated July 5, 2023, the parent alleged that the district failed to offer the student a free appropriate public education (FAPE) for the 2023-24 school year (see Parent Ex. A).  The parent requested pendency for the student pursuant to a September 2022 finding of fact regarding the 2022-23 school year (id. at pp. 1-2).

An impartial hearing convened on August 9, 2023 and concluded on September 14, 2023 after two days of proceedings (Tr. pp. 1-84).[2]  In an interim decision dated October 20, 2023, the IHO denied the request for pendency order (IHO Decision at p. 2).  The IHO found that the parent failed to present sufficient evidence as they did not provide a copy of the prior finding of fact or testimony as to the details of that finding (id. at pp. 1-2).[3]  The IHO held that there was no evidence of the educational program created by the prior of finding of fact and that he could not issue an order on pendency when he did not have details regarding the program (id. at p. 2).

**IV. Appeal for State-Level Review**

The parties' familiarity with the particular issues for review on appeal in the parent's request for review and the district's answer thereto is also presumed and, therefore, the allegations and arguments will not be recited here.  The dispute on appeal is whether the IHO erred in denying the parent's request for an order on pendency.

**V. Applicable Standards**

The IDEA and the New York State Education Law require that a student remain in his or her then current educational placement, unless the student's parents and the board of education otherwise agree, during the pendency of any proceedings relating to the identification, evaluation or placement of the student (20 U.S.C. § 1415[j]; Educ. Law §§ 4404[4]; 34 CFR 300.518[a]; 8 NYCRR 200.5[m]; see T.M., 752 F.3d at 170-71; Mackey v. Bd. of Educ. of the Arlington Cent. Sch. Dist., 386 F.3d 158, 163 [2d Cir. 2004], citing Zvi D. v. Ambach, 694 F.2d 904, 906 [2d Cir. 1982]); M.G. v. New York City Dep't of Educ., 982 F. Supp. 2d 240, 246-47 [S.D.N.Y. 2013]; Student X v. New York City Dep't of Educ., 2008 WL 4890440, at *20 [E.D.N.Y. Oct. 30, 2008]; Bd. of Educ. of Poughkeepsie City Sch. Dist. v. O'Shea, 353 F. Supp. 2d 449, 455-56 [S.D.N.Y. 2005]).  Pendency has the effect of an automatic injunction, and the party requesting it need not meet the requirements for injunctive relief such as irreparable harm, likelihood of success on the

---

[1] Assistive technology was also recommended (Parent Ex. D at p. 30).

[2] The August 9, 2023 hearing was a pre-hearing conference (Tr. p. 2).  The district did not appear at either hearing (Tr. pp. 1, 20).

[3] The IHO noted that the parent did not submit a copy of the finding of fact despite his request (IHO Decision at p. 1).

3

merits, and a balancing of the hardships (Zvi D., 694 F.2d at 906; see Wagner v. Bd. of Educ. of Montgomery County, 335 F.3d 297, 301 [4th Cir. 2003]; Drinker v. Colonial Sch. Dist., 78 F.3d 859, 864 [3d Cir. 1996]). The purpose of the pendency provision is to provide stability and consistency in the education of a student with a disability and "strip schools of the unilateral authority they had traditionally employed to exclude disabled students . . . from school" (Honig v. Doe, 484 U.S. 305, 323 [1987] [emphasis in original]; Evans v. Bd. of Educ. of Rhinebeck Cent. Sch. Dist., 921 F. Supp. 1184, 1187 [S.D.N.Y. 1996], citing Bd. of Educ. of City of New York v. Ambach, 612 F. Supp. 230, 233 [E.D.N.Y. 1985]). A student's placement pursuant to the pendency provision of the IDEA is evaluated independently from the appropriateness of the program offered the student by the CSE (Mackey, 386 F.3d at 160-61; Zvi D., 694 F.2d at 906; O'Shea, 353 F. Supp. 2d at 459 [noting that "pendency placement and appropriate placement are separate and distinct concepts"]). The pendency provision does not require that a student remain in a particular site or location (T.M., 752 F.3d at 170-71; Concerned Parents and Citizens for the Continuing Educ. at Malcolm X Pub. Sch. 79 v. New York City Bd. of Educ., 629 F.2d 751, 753, 756 [2d Cir. 1980]; see Child's Status During Proceedings, 71 Fed. Reg. 46709 [Aug. 14, 2006] [noting that the "current placement is generally not considered to be location-specific"]), or at a particular grade level (Application of a Child with a Disability, Appeal No. 03-032; Application of a Child with a Disability, Appeal No. 95-16).

Under the IDEA, the pendency inquiry focuses on identifying the student's then current educational placement (Mackey, 386 F.3d at 163, citing Zvi D., 694 F.2d at 906). Although not defined by statute, the phrase "then current placement" has been found to mean either: (1) the placement described in the student's most recently implemented IEP; (2) the operative placement actually functioning at the time when the due process proceeding was commenced; or (3) the placement at the time of the previously implemented IEP (Dervishi v. Stamford Bd. of Educ., 653 Fed. App'x 55, 57-58 [2d Cir. June 27, 2016], quoting Mackey, 386 F.3d at 163; T.M., 752 F.3d at 170-71 [holding that the pendency provision "requires a school district to continue funding whatever educational placement was last agreed upon for the child"]; see Doe v. E. Lyme Bd. of Educ., 790 F.3d 440, 452 [2d Cir. 2015] [holding that a student's entitlement to stay-put arises when a due process complaint notice is filed]; Susquenita Sch. Dist. v. Raelee, 96 F.3d 78, 83 [3d Cir. 1996]; Letter to Baugh, 211 IDELR 481 [OSEP 1987]). Furthermore, the Second Circuit has stated that educational placement means "the general type of educational program in which the child is placed" (Concerned Parents, 629 F.2d at 753, 756), and that "the pendency provision does not guarantee a disabled child the right to remain in the exact same school with the exact same service providers" (T.M., 752 F.3d at 171). However, if there is an agreement between the parties on the student's educational placement during the due process proceedings, it need not be reduced to a new IEP, and the agreement can supersede the prior unchallenged IEP as the student's then-current educational placement (see Bd. of Educ. v. Schutz, 290 F.3d 476, 483-84 [2d Cir. 2002]; Evans, 921 F. Supp. at 1189 n.3; Murphy v. Arlington Cent. Sch. Dist. Bd. of Educ., 86 F. Supp. 2d 354, 366 [S.D.N.Y. 2000], aff'd, 297 F.3d 195 [2d Cir. 2002]; see also Letter to Hampden, 49 IDELR 197 [OSEP 2007]). Moreover, a prior unappealed IHO decision may establish a student's current educational placement for purposes of pendency (Student X, 2008 WL 4890440, at *23; Letter to Hampden, 49 IDELR 197 [OSEP 2007]).

4

**VI. Discussion**

In the due process complaint notice the parent requested pendency (Parent Ex. A at pp. 1-2). The parent asserts that the student is entitled to pendency pursuant to a prior finding of fact dated September 2022, which found that iBrain was an appropriate placement for the student for the 2022-23 school year (id. at p. 2).

At the August 9, 2023 pre-hearing conference, the parent's attorney requested pendency based on the prior finding of fact (Tr. pp. 5-6).[4] The IHO indicated that he did not like to separate pendency from the substantive hearing when things can move quickly and that should the parent still need pendency, the parent could raise the issue at the hearing (Tr. p. 8). The parent's attorney responded that he understood the IHO's position (id.). Later during the hearing, the parent's attorney asked the IHO if there would need to be a hearing on pendency or if the prior decision would be enough for the IHO to render a decision on the issue (Tr. p. 16). The IHO responded again that he did not like to split pendency from the substantive portion of the hearing and if the parent could not otherwise resolve the issue, it could be raised at the next date (id.). The parent's attorney indicated that he understood (id.).[5] The IHO reiterated to the parent's attorney that if pendency was still unresolved, then he would like the parent to raise it at the next hearing (Tr. p. 17).

At the next hearing held on September 14, 2023, the parent's attorney raised the issue of pendency and indicated that he did not include the prior finding of fact, for which the request was based, because he did not know how the IHO wanted to deal with pendency (Tr. pp. 27-28, 31-32). The IHO asked if the parent could supplement the disclosure to include the prior finding of fact and the parent's attorney responded "okay" (Tr. p. 32).

The IHO filed an interim order on pendency on October 20, 2023 (see IHO Decision). The IHO denied the parent's request for a pendency order because the parent failed to submit into evidence the prior 2022 finding of fact which she asserted was the basis for pendency (id. at p. 2). The IHO held that he could not order an educational program to be pendency when he did not have the details regarding the program (id.). It is noted that the IHO did not find that the student did not have a right or entitlement to pendency, but rather made his decision based on a total lack of any evidence in the record as to the content of the finding of fact that the parent claimed established the student's pendency program and, as a result, denied the parent's request for a pendency order.

In the request for review, the parent argues that the IHO erred by delaying the pendency order and denying their request for pendency. The parent also submits two proposed SRO Exhibits, the Pendency Implementation Form and the September 20, 2022 finding of fact. The parent asserts the IHO had the information he needed and should have put proposed SRO Ex. 1 into the hearing record. In the answer, the district does not dispute the student's right to pendency or that the 2022 finding of fact is the basis for pendency. Instead, the district argues that the parent's request for a

---

[4] The district did not appear either at this hearing or the other hearing held on September 14, 2013 (see Tr. pp. 1, 20).

[5] The IHO followed up asking if that was fine with the parent's attorney, to which he responded "Yes" (Tr. p. 16).

pendency order is "unnecessary and superfluous" because the district remains ready, willing and able to implement the student's pendency.

Here, the hearing record demonstrates that there is no dispute as to what pendency is for this student. Both the parent and district agree that the basis for pendency is the September 2022 finding of fact and the district asserts that it is willing to implement pendency. As there is no dispute as to what pendency is, the IHO was correct to not issue an interim order on pendency as it would have been a waste of limited judicial resources. The parent points to no need for the IHO to issue an order further compelling the district to fund the student's pendency placement other than it appears that she simply wanted the student's pendency placement officially reduced to an order within the context of the due process proceeding; however, an order by the IHO under these circumstances was unnecessary because the automatic injunction pursuant to the statute was in place and the district was meeting its obligations.

There is no indication in the hearing record by the parent that the district was refusing to pay for pendency or that the student was at risk of losing his placement due to the district's failure to pay. As the Second Circuit has indicated recently, school districts may implement basic budgetary oversight measures when funding pendency placements and sprinting to obtain injunctive orders is not permissible because parents are not entitled to payments with such immediacy that it would frustrate the fiscal policies of participating states (Mendez v. Banks, 65 F.4th 56, 63 [2d Cir. 2023]; Landsman v. Banks, 2023 WL 4867399, at *3 [S.D.N.Y. July 31, 2023]). Similarly, prematurely seeking intervention from the IHO in pendency matters should be discouraged, where, as here, no actual dispute over pendency exists and the district has not failed to comply with its pendency obligations.

Moreover, the District Court recently told the parent's attorneys that they are not entitled to a pendency determination when pendency is not contested by the district and that they are not entitled to a specific timeline during which the district must make a pendency determination (Grullon v. Banks, 2023 WL 6929542 at *3-5 [S.D.N.Y. October 19, 2023]).[6] The Court in that case specifically found that in a case in which the district had agreed iBrain was the student's pendency placement, the issue was moot because the relief sought was already provided (id. at *3-4). Further, the District Court also held that even when pendency payments were outstanding, a claim was not ripe when there was no evidence that the district was contesting the pendency placement or that the student would lose the placement at iBrain and as such, a claim is not ripe unless and until the district violates its legal obligation (id. at *4-5). Moreover, the District Court held that the "automatic injunction" triggered under the stay-put provision is not a mechanism for a parent to obtain a court order to require the district to acknowledge a pendency determination (id. at *5).

---

[6] It is noted that this decision was entered the day before the IHO's denial of the pendency order. The parent's attorney should have been aware of the decision by the time the request for review was filed with the Office of State Review on October 26, 2023.

As such, the hearing record supports the IHO's decision to not render a pendency order. The parent is not entitled to an order on pendency in this case.[7]

## VII. Conclusion

The parent's request for a pendency order is denied.

**THE APPEAL IS DISMISSED.**

**Dated:**   **Albany, New York**
            **December 20, 2023**                    _____
                                                    **CAROL H. HAUGE**
                                                    **STATE REVIEW OFFICER**

---

[7] It is noted that I did review the parent's additional evidence. The inclusion of these documents does not change the outcome of this decision as the parent is not entitled to an order on pendency when pendency is not in dispute and the district has not failed to meet its legal obligations. If anything, this additional evidence bolsters the finding above because it supports the fact that pendency is not in dispute.