ORDER ON PENDENCY

| | |
|---|---|
| Case Number: | 251068 |
| Student's Name: | A⬛⬛⬛ F⬛⬛ <br> (hereinafter referred to as "Student") |
| Date of Birth: | 04/11/2014 |
| District: | 02 |
| Hearing Requested By: | MARLENE FRIAS <br> (hereinafter referred to as "Parents") |
| Date of Pendency Hearing: | August 28, 2023 |
| Hearing Officer: | MARCEL P. DENIS, Esq. |

Hearing Officer's Order on Pendency
Case No. 251068

---

NAMES AND TITLES OF PERSONS WHO APPEARED ON AUGUST 28, 2023

For the Student:
Angelo A. Lagman, Attorney

For the Department of Education:
Unrepresented, District Representative

Hearing Officer's Order on Pendency
Case No. 251068

_____

**INTRODUCTION**

This Pendency matter comes before the undersigned Hearing Officer at the request of the Parent. A due process complaint was filed by the Parent on July 5, 2023, regarding the 2022/23 school year. In that complaint the Parent invoked pendency. The Parent was represented by attorney Angelo A. Lagman, and the Department of Education (hereinafter referred to as "District"), was unrepresented.

**PENDENCY**

A pendency hearing was held on August 28, 2023. The Parent submitted six documents for evidence, which the DOE in absentia did not object to. Parent's exhibit A was the Due Process Complaint dated July 5, 2023; Parent's exhibit B was the FOFD dated May 30, 2023; Parent's exhibit C was the iBRAIN IEP 2023-2024 School Year dated March 23, 2023; Parent's exhibit D was the iBRAIN Enrollment Contract dated July 1, 2023; Parent's exhibit E was the Transportation Agreement dated July 7, 2023; and Parent's exhibit F was the Proposed Order for Pendency dated August 21, 2023. The parent asserted that pendency should be based upon an unappealed Finding of Fact and Decision ("FOFD") under previous case number 242435 which found the child's placement to be at the IBRAIN School and ordered the DOE to fund the Student's costs of tuition and related services together with the costs of specialized transportation to and from iBRAIN for the 12-month school year (P-Ex. B-18).

The District, in absentia, agreed that pendency lies in IHO Jean Marie Brescia's FOFD dated May 30, 2023.

**FINDINGS OF FACT AND DECISION**

A hearing was held on August 21, 2023 in which the District was represented by attorney Augustus K. Balasubramaniam and the Parents were represented by attorney Angelo A. Lagman. During the August 21, 2023 hearing, the DOE sought an opportunity to review the proposed pendency terms and resolve pendency without the necessity of a hearing (Tr. 9). The DOE also represented that it would inform the parents of its determination no later than Friday, August 25, 2023 (Tr. 9). The parties agreed that the matter would be scheduled for a pendency hearing just in case they failed to resolve it on their own accord by August 25, 2023 (Tr. 9). On August 28, 2023, the parents appeared and the DOE defaulted. The parents renewed their application for pendency without the DOE's objection. While the DOE did not appear, it had ample opportunity to review the proposed pendency terms and note its acquiescence or objection, it did neither. Therefore, the pendency hearing was held and the relief sought by the parent granted.

The IDEA and the New York State Education Law require that a student remain in his or her then current educational placement, unless the student's parents and the board of education otherwise agree, during the pendency of any proceedings relating to the identification, evaluation or placement of the student (20 U.S.C. § 1415[j]; Educ. Law §§ 4404[4], 4410[7][c]; 34 CFR 300.518[a]; 8 NYCRR 200.5[m]; *see*, Student X v. New York City Dep't of Educ., 2008 WL 4890440, at *20 [E.D.N.Y. Oct. 30, 2008]; Bd. of Educ. v. O'Shea, 353 F. Supp. 2d 449, 455-56 [S.D.N.Y. Jan. 18, 2005]; Application of a Student with a Disability, Appeal No. 14-024; Application of the Dep't of Educ., Appeal No. 08-061).

4

Pendency has the effect of an automatic injunction, and the party requesting it need not meet the requirements for injunctive relief such as irreparable harm, likelihood of success on the merits, and a balancing of the hardships (Zvi D. v. Ambach, 694 F.2d 904, 906 [2d Cir. 1982]; *see,* Wagner v. Bd. of Educ., 335 F.3d 297, 301 [4th Cir. 2003]; Drinker v. Colonial Sch. Dist., 78 F.3d 859, 864 [3d Cir. 1996]). The purpose of the pendency provision is to provide stability and consistency in the education of a student with a disability and "strip schools of the unilateral authority they had traditionally employed to exclude disabled students . . . from school" (Honig v. Doe, 484 U.S. 305, 323 [1987]; Evans v. Bd. of Educ., 921 F. Supp. 1184, 1187 [S.D.N.Y. 1996], *citing,* Bd. of Educ. v. Ambach, 612 F. Supp. 230, 233 [E.D.N.Y. 1985]).

Under the IDEA, the pendency inquiry focuses on identifying the student's then-current educational placement (Mackey v. Bd. of Educ., 386 F.3d 158, 163 [2d Cir. 2004], citing Zvi D., 694 F.2d at 906). Although not defined by statute, the phrase "then current placement" has been found to mean the last agreed upon placement at the moment when the due process proceeding is commenced (Murphy v. Bd. of Educ., 86 F. Supp. 2d 354, 359 [S.D.N.Y. 2000], aff'd, 297 F.3d 195 [2002]; Application of a Student with a Disability, Appeal No. 14-024). The U.S. Department of Education has opined that a student's then-current placement would "generally be taken to mean current special education and related services provided in accordance with a child's most recent [IEP]" (Letter to Baugh, 211 IDELR 481 [OSEP 1987]; see, Susquenita Sch. Dist. v. Raelee, 96 F.3d 78, 83 [3d Cir. 1996]). However, if there is an agreement between the parties on placement during the proceedings, it need not be reduced to a new IEP, and it can supersede the prior unchallenged IEP as the then-current placement (Evans, 921 F. Supp. at 1189 n.3;

see, Bd. of Educ. v. Schutz, 137 F. Supp. 2d 83 [N.D.N.Y. 2001], aff'd, 290 F.3d 476, 484 [2d Cir. 2002]; see also Letter to Hampden, 49 IDELR 197 [OSEP 2007]).

Moreover, a prior unappealed impartial hearing officer's decision may establish a student's current educational placement for purposes of pendency (Student X, 2008 WL 4890440 at *23; Letter to Hampden, 49 IDELR 197 [OSEP 2007]; Application of a Student with a Disability, Appeal No. 08-107; Application of a Student with a Disability, Appeal No. 08-050; Application of the Dep't of Educ., Appeal No. 08-009; Application of the Dep't of Educ., Appeal No. 07-140; Application of the Dep't of Educ., Appeal No. 07-134). In addition, if "a State review official in an administrative appeal agrees with the child's parents that a change of placement is appropriate, that placement must be treated as an agreement between the State and the parents" for purposes of establishing the student's current educational placement (34 C.F.R. § 300.518[d]; see 8 NYCRR 200.5[m][2]; Schutz, 290 F.3d at 482).

In the present case, the Parents' argued and the District, in absentia, agreed that pendency is based on the unappealed FOFD dated May 30, 2023.

Based on the above information, including the evidence presented, I find pendency to be as follows:

**ORDER**

It is hereby ordered based upon the evidence presented, and the findings of fact and discussions of law that the District shall provide the following during the pendency of this matter, retroactive to the filing of the DPC, July 5, 2023:

1).    The IBRAIN School is the Student's current placement;

2).    The DOE, within 15 days of receipt of the present order, is to fund the costs of the Student's tuition at the IBRAIN School by making payment directly to the International

Academy for the Brain ("iBRAIN") pursuant to the enrollment agreement between the Parent-Petitioner and iBRAIN; and

3).    The DOE is to fund the Transportation services by making installments pursuant to the transportation contract between the Parent-Petitioner and transportation company.

**SO ORDERED**

Dated: August 28, 2023

<u>*Marcel Denis*</u>
Marcel P. Denis, IHO

Hearing Officer's Order on Pendency
Case No. 251068

_____

## APPEAL RIGHTS

**NOTICE OF RIGHT TO APPEAL**

**Within 40 days of the date of this decision, the parent and/or the Public-School District has a right to appeal the decision to a State Review Officer (SRO) of the New York State Education Department under section 4404 of the Education Law and the Individuals with Disabilities Education Act.**

**If either party plans to appeal the decision, a notice of intention to seek review shall be personally served upon the opposing party no later than 25 days after the date of the decision sought to be reviewed.**

**An appealing party's request for review shall be personally served upon the opposing party within 40 days from the date of the decision sought to be reviewed. An appealing party shall file the notice of intention to seek review, notice of request for review, request for review, and proof of service with the Office of State Review of the State Education Department within two days after service of the request for review is complete. The rules of procedure for appeals before an SRO are found in Part 279 of the Regulations of the Commissioner of Education. A copy of the rules in Part 279 and model forms are available at http://www.sro.nysed.gov.**

Hearing Officer's Order on Pendency
Case No. 251068

_____

DOCUMENTATION ENTERED INTO THE RECORD

PARENT

| PARENT EXHIBIT | DATE | DESCRIPTION | NUMBER OF PAGES |
|---|---|---|---|
| A | 07/05/2023 | Due Process Complaint IH # 251068 | 10 |
| B | 05/30/2023 | Findings of Fact and Decision IH# 242435 | 25 |
| C | 03/23/2023 | iBRAIN IEP 2023-24 School Year | 69 |
| D | 07/01/2023 | iBRAIN Enrollment Contract 2023-24 School Year | 6 |
| E | 07/07/2023 | Transportation Agreement 2023-24 School Year | 6 |
| F | 08/21/2023 | Proposed Order of Pendency 2023-24 School Year | 2 |