23-cv-9092-VSB

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**ADEJUMOKE OGUNLEYE,** as Parent and Natural
Guardian of D.O., and **ADEJUMOKE OGUNLEYE**,
Individually, *et. al.*

Plaintiff,

-against-

**DAVID C. BANKS**, in his official capacity as Chancellor of
the New York City Department of Education, and **NEW
YORK CITY DEPARTMENT OF EDUCATION; and
BRAD LANDER**, in his official capacity as Comptroller of
the City of New York,

Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' CROSS-MOTION FOR SUMMARY
JUDGMENT AND IN OPPOSITION TO
PLAINTIFFS' SUMMARY JUDGMENT MOTION**

*Muriel Goode-Trufant*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y.  10007*

*Of Counsel: Alfred Miller, Jr.*
*Tel: (212) 356-2392*
*Matter No. 2023-098266*

## **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................ III

PRELIMINARY STATEMENT ............................................................ 1

STATEMENT OF FACTS ................................................................... 2

LEGAL STANDARD ......................................................................... 3

ARGUMENT .................................................................................... 4

      POINT I ................................................................................ 4

           PLAINTIFFS' DECLARATION IN SUPPORT OF
           SUMMARY JUDGEMENT MUST BE STRUCK. ................................... 4

      POINT II ............................................................................... 5

           PLAINTIFFS' CLAIMS ARE MOOT AS EACH
           PARENT PLAINTIFF HAS RECEIVED ALL THE
           PAYMENTS, THEY ARE ENTITLED
           PURSUANT TO PENDENCY ................................................................ 5

           A.  H.C.'s transportation and nursing has been
                completely funded through pendency ................................... 6

           B.  H.C.'s Nursing has likewise been fully funded. ................................ 8

           C.  A.F.'s nursing is not a component of her last
                agreed upon placement and DOE is not
                obligated to fund it pursuant to pendency ........................... 10

           D.  D.O. Plaintiff makes no claims regarding D.O. ................................ 11

      POINT III ............................................................................. 11

           PLAINTIFFS' CLAIM FOR MONEY DAMAGES
           IN THE FORM OF LATE FEES MUST BE
           DISMISSED AS PLAINTIFF HAS FAILED TO
           EXHAUST REMEDIES AND THE LATE FEE
           PROVISION PLAINLY FRUSTRATES THE
           FISCAL POLICIES OF THE DISTRICT. ................................................ 11

      POINT IV .............................................................................. 13

**Page**

EVEN ASSUMING EXHAUSTION, PLAINTIFFS FAIL TO DEMONSTRATE ENTITLEMENT TO MONEY DAMAGES IN THE FORM OF LATE FEES AS THE SAME IS NOT A COMPONENT OF THE PENDENCY OBLIGATION.................................................... 13

POINT V .............................................................................................................. 15

PLAINTIFFS' RELIANCE ON A SELECTIVE READING OF MENDEZ V. AVILES-RAMOS IS MISPLACED. .......................................................................................... 15

POINT VI ............................................................................................................. 18

ANY LATE FEE PROVISION IN PLAINTIFFS' AGREEMENTS WITH A PRIVATE INSTITUTION OR SERVICE PROVIDER CANNOT BE ENFORCED WITHOUT VIOLATING PUBLIC POLICY. ............................................................ 18

CONCLUSION ................................................................................................................... 19

# TABLE OF AUTHORITIES

**Cases**                                                                                    **Page(s)**

Abrams v. Carranza,
    No. 20-CV-5085 (JPO), 2020 U.S. Dist. LEXIS 189292
    (S.D.N.Y. Oct. 13, 2020) .......................................................................... 7-8

Anderson v. Liberty Lobby, Inc.,
    477 U.S. 242 (1986)..................................................................................4

Celotex Corp. v. Catrett,
    477 U.S. 317 (1986)..................................................................................3

Chaperon v. Banks,
    No. 24-CV-05135 (JAV), 2025 U.S. Dist. LEXIS 149231
    (S.D.N.Y. Aug. 4, 2025) ...........................................................10, 16, 17

Davis v. Banks,
    No. 22-CV-8184 (JMF), 2023 U.S. Dist. LEXIS 160092
    (S.D.N.Y. Sept. 11, 2023) ...........................................5, 7, 9, 10, 13

De Paulino v. N.Y.C. Dep't of Educ.,
    959 F.3d 519 (2d. Cir. 2020)..............................................................13, 15

Diaz v. Aviles-Ramos,
    No. 1:24-cv-09340 (JLR), 2025 U.S. Dist. LEXIS 147580
    (S.D.N.Y. July 31, 2025) ...........................................................................5

Dister v. The Continental Group, Inc.,
    859 F.2d 1108 (2d Cir. 1988).....................................................................3

Donohue v. Banks,
    2024 U.S. Dist. LEXIS 124493
    (S.D.N.Y. July 15, 2024) ..........................................................................10

Frias v. Banks,
    No. 23-CV-5803, 2023 U.S. Dist. LEXIS 183794
    (S.D.N.Y. Oct. 12, 2023) ............................................................................3

Frias v. Banks,
    2024 U.S. Dist. LEXIS 198414
    (S.D.N.Y. Oct. 30, 2024) ............................................................................5

Grullon v. Banks,
    No. 23-CV-5797
    (S.D.N.Y. Oct. 19, 2023) ............................................................................3

**Cases**                                                                                                    **Pages**

Hidalgo v. Porter,
    21-cv-10794 (JGK) 2023 U.S. Dist. LEXIS 226812
    (S.D.N.Y. Dec. 20, 2023)..................................................................................11, 12

Juca v. Banks,
    No. 23-CV-3508 (JHR) (BCM), 2024 U.S. Dist. LEXIS 159988
    (S.D.N.Y. Sept. 4, 2024)................................................................................. 5-6

L.O. v. N.Y.C. Dep't of Educ.,
    822 F.3d 95 (2d Cir. 2016)...................................................................................4

Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,
    475 U.S. 574 (1986)..............................................................................................3

Mendez v. Aviles-Ramos,
    No. 25-cv-1096 (CM), 2025 U.S. Dist. LEXIS 195004
    (S.D.N.Y. Oct. 1, 2025) ...................................................................5, 15, 16, 17

Mendez v. Banks,
    65 F.4th 56 (2d Cir. 2023) ...................................................................13, 14, 15, 17

Ogunleye v. Banks,
    No. 23-cv-9092 (VSB), 2025 U.S. Dist. LEXIS 57193
    (S.D.N.Y. Mar. 27, 2025) ...............................................................................1, 2, 3

Paulino v. N.Y.C. Dep't of Educ.,
    2024 U.S. Dist. LEXIS 132633
    (S.D.N.Y. July 24, 2024) .....................................................................................5

Perez v. Sturgis Pub. Sch.,
    598 U.S. 142, 143 S. Ct. 859 (2023).................................................................11

Scheff v. Banks,
    No. 23-1006-cv, 2024 U.S. App. LEXIS 21937
    (2d Cir. Aug. 29, 2024)...................................................................................5, 10

Sellers v. M.C. Floor Crafters, Inc.,
    842 F.2d 639 (2d Cir. 1988)................................................................................4

Truck Rent-A-Center, Inc. v. Puritan Farms 2nd, Inc.,
    41 N.Y.2d 420, 393 N.Y.S.2d 365,
    361 N.E.2d 1015 (1977)....................................................................................13

**Statutes**

8 N.Y.C.R.R. § 279.4(a) ....................................................................................14

**<u>Statutes</u>**                                                                                      **<u>Pages</u>**

20 U.S.C. §§ 1400, *et seq*.................................................................................2, 8

20 U.S.C. § 1415(j)......................................................................................15, 17

Fed. R. Civ. P. 25(d) .........................................................................................1

Fed. R. Civ. P. 56 ..............................................................................................4

Fed. R. Civ. P. 56(a) .........................................................................................3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------  x

**ADEJUMOKE OGUNLEYE,** as Parent and Natural
Guardian of D.O., and **ADEJUMOKE OGUNLEYE,**
Individually, *et. al.*

|  | **MEMORANDUM OF** |
|---|---|

Plaintiff,

-against-

**DAVID C. BANKS**, in his official capacity as Chancellor of
the New York City Department of Education, and **NEW
YORK CITY DEPARTMENT OF EDUCATION; and
BRAD LANDER**, in his official capacity as Comptroller of
the City of
New York,

Defendant.

-------------------------------------------------------------------  x

**MEMORANDUM OF
LAW IN SUPPORT OF
DEFENDANTS'
CROSS-MOTION FOR
SUMMARY
JUDGMENT AND IN
OPPOSITION TO
PLAINTIFFS'
SUMMARY
JUDGMENT MOTION**

Docket No.  23-cv-9092

## PRELIMINARY STATEMENT

Defendants Melissa Aviles-Ramos[1] and the New York City Department of Education
(collectively "DOE" or "Defendants") submit this memorandum of law in opposition to Plaintiffs'
motion for summary judgement and in support to its cross-motion for summary judgement. This
action arises from the implementation of Pendency Orders for three[2] students, regarding tuition
payment and related services, including transportation for D.O., H.C., and A.F.'s while enrolled at
the International Institute for the Brain ("iBrain"), a private school of Plaintiffs' unilateral choice.

---

[1] Melissa Aviles-Ramos as has succeeded David C. Banks as Chancellor of the New York City Department of
Education. As such, she is substituted pursuant to FRCP 25(d).

[2] There are four named plaintiffs: Adejumoke Ogunleye, individually, and as parent and natural guardian of D.O;
Maytinee Bird, individually, and as parent and natural guardian of H.C.; Marlene Frias, individually, and as parent
and natural guardian of A.F.; and Yvonne Davis, individually, and as parent and natural guardian of O.C. See
Complaint at ¶17. However, Plaintiffs make no claim with respect to Yvonne Davis and conceded at argument on
Plaintiffs failed motion for a preliminary injunction that claims on her behalf were in error. See Ogunleye v. Banks,
No. 23-cv-9092 (VSB), 2025 U.S. Dist. LEXIS 57193, at *1 n.1 (S.D.N.Y. Mar. 27, 2025), Nonetheless, Plaintiffs
have not formally withdrawn her claims.

Upon commencement, Plaintiffs sought and were denied a preliminary injunction requiring the DOE to issue immediate payments pursuant to pendency as the pendency placements were not at risk. Ogunleye v. Banks, No. 23-cv-9092 (VSB), 2025 U.S. Dist. LEXIS 57193, at *1 (S.D.N.Y. Mar. 27, 2025). At that time, Plaintiffs belatedly demanded an additional $8,175 for H.C.'s transportation costs which DOE contended exceeded the amount required pursuant to pendency. As the students' placements were not at risk, this Court did not "wade into the merits of this dispute." Ogunleye v. Banks, No. 23-cv-9092 (VSB), 2025 U.S. Dist. LEXIS 57193, at *4 n.3 (S.D.N.Y. Mar. 27, 2025). The DOE has fully funded each students' program at iBrain consistent with the language of their respective pendency orders. Plaintiffs ask this court to ignore the clear language of the respective administrative orders limiting payments and compel nonrecoupable pendency payments that exceed the precise amounts ordered in the respective administrative orders. These payments include increased costs untethered to the text of the administrative orders and damages in the form of onerous 10% late payment fees even though the contracts improperly seek pre-payment. Plaintiffs claims are moot because they have received all entitled relief; DOE respectfully asks this Court to deny Plaintiffs' motion for Summary Judgement and grant DOE's cross-motion for Summary Judgment denying payment of additional amounts.

## STATEMENT OF FACTS

The Plaintiffs are three parents and their children: D.O, H.C., and A.F. each have disabilities as defined by the Individuals with Disabilities Education Act ("IDEA") 20 U.S.C. §§ 1400 *et seq*. and attend iBrain, a private school of Plaintiffs' unilateral choosing. Plaintiffs initiated one or more administrative due process complaints, seeking funding for iBrain tuition and other services in connection with the 2022-2023 school year. Plaintiffs, across two actions then went to Court seeking a pendency determination outside of the administrative process, and thus the obligation to fund pendency in this District Court. The prior proceedings were dismissed as moot

as DOE issued Pendency Orders or Agreements in their normal course of business. <u>See</u> <u>Grullon v.</u> <u>Banks</u>, No. 23-CV-5797 (JGLC) (S.D.N.Y. Oct. 19, 2023) (Dismissing as moot H.C. and D.O's lawsuit seeking a Pendency Order) and <u>Frias v. Banks</u>, No. 23-CV-5803 (JGLC), 2023 U.S. Dist. LEXIS 183794, (S.D.N.Y. Oct. 12, 2023) (Dismissing as moot A.F.'s request for a Pendency Order).

Nonetheless, mere weeks later, Plaintiffs filed the instant action seeking immediate payment consistent with those pendency orders. Concluding that the pendency placements were not at risk, this Court denied their motion for a preliminary injunction on March 27, 2025. <u>Ogunleye v. Banks</u>, No. 23-cv-9092 (VSB), 2025 U.S. Dist. LEXIS 57193 (S.D.N.Y. Mar. 27, 2025). As fully explained in the Declaration of Sapna Kapoor, DOE has an established process for Pendency Orders, including reimbursement to parents and direct payment to schools and providers and the DOE has fully complied with the pendency obligations by funding each students' placement at iBrain, including related services such as transportation and nursing where the administrative orders directs such funding. <u>See generally</u>, Declaration of Sapna Kapoor ("Kapoor Dec."). Plaintiffs demand for additional payments of uncalculated amounts should be denied and this Court should grant summary judgement in favor of the DOE.

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 56(a) provides, in relevant part, that the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." <u>See also</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986); <u>Dister v. The Continental Group, Inc.</u>, 859 F.2d 1108 (2d Cir. 1988). Thus, "where the record as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986) (internal citations and quotation marks omitted). "The inquiry performed is the

threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). In the IDEA context, however, summary judgment is often used as "a pragmatic procedural mechanism for reviewing administrative decisions." L.O. v. N.Y.C. Dep't of Educ., 822 F.3d 95, 101 (2d Cir. 2016).

## ARGUMENT

### POINT I

### PLAINTIFFS' DECLARATION IN SUPPORT OF SUMMARY JUDGEMENT MUST BE STRUCK.

As an initial matter, Plaintiffs' declaration in support of their motion for summary judgment, ECF 43 "Lancia Dec.," must be struck because a declaration of counsel is without personal knowledge; therefore, it is of no evidentiary value. As the Federal Rules of Civil Procedure provide, "Rule 56 requires a motion for summary judgment to be supported with affidavits based on personal knowledge, and a hearsay affidavit is not a substitute for the personal knowledge of a party. Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639, 643 (2d Cir. 1988). Plaintiffs' declaration is made after "review[ing] the files maintained by our office regarding the above-captioned matter." Lancia Dec. ¶ 2. The declaration then makes assertions with respect to familial relationships and the disability statuses of the respective children. See generally id. Moreover, the declaration asserts that the Plaintiff parents signed the agreement form and thereby incurred an obligation to pay late fees. See id. ¶21. These hearsay statements are not admissible and cannot be used in support of a motion for summary judgement. Sellers v., 842 F.2d at. As such, DOE respectfully requests this Court strike the declaration.

**POINT II**

**PLAINTIFFS' CLAIMS ARE MOOT AS EACH
PARENT PLAINTIFF HAS RECEIVED ALL
THE PAYMENTS, THEY ARE ENTITLED
PURSUANT TO PENDENCY.**

This Court should grant the DOE's motion for Summary Judgement and deny the same to

Plaintiffs because Plaintiffs' claims are moot as each parent plaintiff has received all that they

are entitled to or would receive through further litigation. See Scheff v. Banks, No. 23-1006-cv,

2024 U.S. App. LEXIS 21937, at *7 (2d Cir. Aug. 29, 2024) ("Typically, no live controversy

remains where a party has obtained all the relief 'she could receive on the claim through further

litigation."). Indeed, as Plaintiffs concede, that DOE has fully funded tuition for all students.

Plaintiffs Memorandum of Law in Support of Summary Judgement, ECF No. 44 (hereinafter

"Mem. of Law") p. 6. ("DOE belatedly paid for the Students' tuition…") Yet, Plaintiffs now

seek funding in excess of the applicable administrative order. Id. Plaintiffs request must be

denied as "the sole source of the DOE's reimbursement obligations in each Plaintiffs case is the

applicable administrative order." Davis v. Banks, No. 22-CV-8184 (JMF), 2023 U.S. Dist.

LEXIS 160092, at *13 (S.D.N.Y. Sep. 11, 2023).

Courts in this jurisdiction have uniformly looked to the language of the appliable order to

determine the scope of DOE's reimbursement obligations as "the existence and extent of the

DOE's reimbursement obligations turn on the language of the applicable administrative order."

Davis, 2023 U.S. Dist. LEXIS 160092, at *13; see also Paulino v. N.Y.C. Dep't of Educ., 2024

U.S. Dist. LEXIS 132633, at *13 (S.D.N.Y. July 24, 2024) Mendez v. Aviles-Ramos, No. 25-cv-

1096 (CM), 2025 U.S. Dist. LEXIS 195004, at *11 (S.D.N.Y. Oct. 1, 2025); Frias v. Banks,

2024 U.S. Dist. LEXIS 198414, at *3 (S.D.N.Y. Oct. 30, 2024); Diaz v. Aviles-Ramos, No.

1:24-cv-09340 (JLR), 2025 U.S. Dist. LEXIS 147580, at *11 (S.D.N.Y. July 31, 2025); Juca v.

Banks, No. 23-CV-3508 (JHR) (BCM), 2024 U.S. Dist. LEXIS 159988, at *36 (S.D.N.Y. Sep. 4, 2024).[3] As each applicable order contains clear language as to the scope of the obligation by setting the amount due, Plaintiffs' demand for additional amounts, which is not supported by the express language of the applicable orders, and is above and beyond the amount specified through the language of the applicable administrative orders, must be denied.

**A.    H.C.'s transportation and nursing has been completely funded through pendency.**

DOE has fully fulfilled its obligation to fund H.C.'s transportation and nursing services consistent with the language of the administrative order setting the last agreed upon placement. Kapoor Dec. ¶ 21. The DOE has funded $150,420.00 for H.C.'s transportation services and $292,556.00 for H.C.'s nursing services. Kapoor Dec. ¶21. As will be shown below, DOE has thus fully complied with its pendency obligations. See id.

DOE has met its pendency obligation to fund H.C.'s transportation services.  Plaintiffs concede that the Pendency Form supplies the obligation to fund transportation. Mem of Law ECF No. 44 at p. 4. The Pendency Form requires transportation funding for "…round-trip door-to-door special education transportation services to enable the Student's attendance at the Private School… via lift-bus ambulance, with a 1:1 nurse present during transportation, and oxygen or a ventilator (or both), air conditioning, and with as reasonably limited travel time as possible, the cost of which shall be paid in accordance with the terms of the contract entered into evidence, provided that the rate shall not exceed $345.00 per trip…" Kapoor Dec. ¶ 16 Exhibit 3 citing pg. 24-25 of FOFD in DPC 228745. Thus, by the express terms of the applicable order, the obligation to fund transportation was capped at a rate not to exceed $345.00 per trip. Id. The DOE has funded $150,420.00 to the Sister's Travel and Transportation and $270,974.40 to B&H Healthcare

---

[3] Each of these cases cited were brought by the same law firm now representing the Plaintiff in this action.

Services, Inc. consistent with the express language of the FOFD setting pendency. Kapoor Dec. ¶ 21.

Notwithstanding the clear limitation in the FOFD, Plaintiff asserts two different amounts she claims are due and owing for transportation services: first they assert $16,350.00 Mem of Law pp. 1 and 11 (emphasis supplied); and then they claim $21,581.06. Mem of Law pp. 5 and 14; see also Lancia Dec. ¶15. Both amounts are incorrect as the "the sole source of the DOE's reimbursement obligations in each Plaintiffs case is the applicable administrative order." Davis, 2023 U.S. Dist. LEXIS 160092, at *13. Assuming Plaintiff used the transportation services twice-a-day on each school day, Plaintiff here seeks direct payment at a rate of $381.00. This exceeds the $345.00 cap set in the applicable administrative order. Cf Kapoor Dec. ¶16. Plaintiff asserts without any citation that the "*amount* of a pendency program ordered in one school year does not automatically carry over to the following school year." Mem of Law at p. 1 (emphasis supplied). However, that assertion is incorrect as the Courts in this district have repeatedly explained, "the existence and extent of the DOE's reimbursement obligations turn on the language of the applicable administrative order." See Davis, 2023 U.S. Dist. LEXIS 160092, at *13. Plaintiffs concede that the FOFD in IHO No. 228745 controls. Mem of Law p. 4. That order explicitly limits the right of recovery to $345.00 per trip. Kapoor Dec. ¶16; see also id. Exhibit 3.

Plaintiff asks this Court to order payment for the sole reason that her unilateral choice to enter into an agreement with Sisters Travel obligates the DOE to fund pursuant to pendency, at whatever increased cost and irrespective of the clear limitation in the applicable administrative order. As Courts in this district have explained, "Plaintiffs have a right to the IDEA-guaranteed pendency funding; they do not, however, have a right to a blank check." Abrams v. Carranza, No. 20-CV-5085 (JPO), 2020 U.S. Dist. LEXIS 189292, at *6 (S.D.N.Y. Oct. 13, 2020) (denying

funding where Plaintiffs did not supply documentation).  Plaintiffs' last agreed upon placement does not include the additional amounts in excess of what is included in the applicable order.[4] See Kapoor Dec. ¶ 16.

Notwithstanding, Plaintiffs have already obtained a windfall in that DOE paid for much of the school year notwithstanding that pendency terminated on January 25, 2024 when the SRO dismissed the parents appeal denying all relief in the administrative proceeding. Kapoor Dec. Exhibit 7. Because Plaintiffs are not entitled to an additional benefit not included in the language of the order, this Court must deny summary judgement. Because the Plaintiffs have been afforded all payments to which they would be entitled, their claim is moot, and this Court should grant summary judgement in favor of the DOE.

**B.    H.C.'s Nursing has likewise been fully funded.**

DOE has likewise met its pendency obligation to fund H.C.'s nursing services. Kapoor Dec. ¶21. The DOE's obligation to fund nursing pursuant to pendency is likewise determined by the applicable order because DOE has fully complied with its obligations. The FOFD setting out the pendency program requires, "1:1 nurse or 1:1 paraprofessional (including transportation services provided by a 1:1 nurse) '…where such services are not paid under the Private School enrollment contract or the transportation contract, respectively, the DOE shall fund those services directly to such providers, paid at the higher of either current market rate or the highest rate the Department has paid during the six months preceding this decision.'" Id. at ¶16. p.2 Exhibit 3. Thus, nursing is paid at the higher of the current market rate or the highest that DOE had paid during the six months preceding the 2023 FOFD. Id. For H.C.'s nursing services, DOE has funded $270,974.40 for the 2022-2023 school year. Kapoor Dec. ¶21. The nursing rate of $1,243.00 is

---

highest rate the DOE has paid during the six months preceding order thereof and higher than the current market rate as of date thereof. See Kapoor Dec. ¶21. Plaintiff does not assert to the contrary. As with transportation, Plaintiff here asserts the unsupported claim that DOE is obligated to pay the increased contract amount pursuant to pendency merely because the allegedly entered into an agreement to make those payments. See Mem of Law. p. 10-12.

Notwithstanding the clear limitation in the Pendency Form Plaintiff asserts two different amounts she claims is due and owing for nursing: $21,581.06 MOL 1 and 11 (emphasis supplied) and later, $41,560 MOL 14. Like transportation, both are incorrect. Neither of these amounts are consistent with the pendency obligations which is limited by the pendency form/order. Indeed, the amount paid by the DOE in this matter is the highest it had paid in the previous six months. Kapoor Dec. ¶21. Notably, Plaintiff does not argue, nor have they attempted to meet their burden of showing that the market rate is any higher than the amount already funded. Cf. ECF No. 43-7 p.2. Instead, they assert that DOE "should be ordered to pay the remaining balance" because that is the amount "per the terms of the 2023-2024 Nursing Agreement."  Mem of Law p. 11. However, just as with transportation, *supra*, Plaintiff seeks payment untethered from the language of the administrative order. As the Court has explained, "the existence and extent of the DOE's reimbursement obligations turn on the language of the applicable administrative order." See Davis, 2023 U.S. Dist. LEXIS 160092, at *13. Because the administrative order sets a clear maximum daily rate, the DOE's obligation only extends to that maximum. See id. Thus, the extent of the obligation is defined by the clear terms and capped. Id. As such, the DOE has fully complied with its obligations. See id.

9

As the DOE has fully met its pendency obligations with respect to H.C. her claim for pendency funding is moot as she has already received all the relief she would through further litigation. See Scheff, 2024 U.S. App. LEXIS 21937, at *7.

**C.    A.F.'s nursing is not a component of her last agreed upon placement and DOE is not obligated to fund it pursuant to pendency.**

A.F. Nursing is not a component of the DOE's pendency obligation in the applicable administrative order, an FOFD. ECF No. 43-8. Moreover, the finding of facts and decision also do not order nursing services to A.F. In one sentence, Plaintiff asserts that DOE "has still not paid any of A.F.'s nursing costs for the 2023-2024 [school year]." However, there is no and Plaintiffs have not identified a legal obligation to do so.  "[T]he sole source of the DOE's reimbursement obligations in each Plaintiffs case is the applicable administrative order." Davis, 2023 U.S. Dist. LEXIS 160092, at *13. The FOFD creating the last-agreed-upon placement by operation of law does not contain any provision regarding nursing services. As the last-agreed-upon placement did not include nursing services a request for nursing services is a change in the program which must be pursued through the administrative process. See Donohue v. Banks, 2024 U.S. Dist. LEXIS 124493, at *12 (S.D.N.Y. July 15, 2024) (denying reimbursement for a related service pursuant to pendency where the administrative order did not contain an order for the service.) Indeed, Judge Vargas denied summary judgement to Plaintiff A.F. for nursing services for the 2024-2025 school year as the FOFD upon which pendency is based did not include nursing services. Chaperon v. Banks, No. 24-CV-05135 (JAV), 2025 U.S. Dist. LEXIS 149231, at *27 (S.D.N.Y. Aug. 4, 2025). In all other respects, and Plaintiffs do not argue to the contrary, the DOE has fully funded A.F.'s pendency placement. See Kapoor Dec. ¶27. As such, Plaintiff's claim for summary judgment must be denied and DOE's claim for summary judgement granted with respect to the nursing home claim. See id.

**D.    D.O. Plaintiff makes no claims regarding D.O.**

Plaintiff makes no claim regarding any outstanding balance for D.O.'s pendency program. Indeed, Plaintiff references D.O. in their memorandum of law only to assert that DOE has funded the student's tuition and transportation costs. See Mem. of Law p. 14. As such claims on behalf of D.O. are moot.[5]

**POINT III**

**PLAINTIFFS' CLAIM FOR MONEY DAMAGES IN THE FORM OF LATE FEES MUST BE DISMISSED AS PLAINTIFF HAS FAILED TO EXHAUST REMEDIES AND THE LATE FEE PROVISION PLAINLY FRUSTRATES THE FISCAL POLICIES OF THE DISTRICT.**

As a preliminary matter, this Court lacks jurisdiction to consider plaintiffs claim for their uncalculated late fees. This Court does not have jurisdiction over the issue of late fees because Plaintiffs have not exhausted their administrative remedies regarding same. Exhaustion of administrative remedies is a prerequisite to jurisdiction in this Court and the failure to exhaust deprives this Court of jurisdiction. See Hidalgo v. Porter, 21-cv-10794 (JGK) 2023 U.S. Dist. LEXIS 226812 (Dec.20, 2023). Plaintiffs do not attempt to show that they have exhausted their claim for late fees. Instead, they argue the "make-whole" remedy includes compensation, Mem of Law p. 12, notwithstanding that money damages is not relief available under the IDEA. See Perez v. Sturgis Pub. Sch., 598 U.S. 142, 148, 143 S. Ct. 859, 864 (2023). Plaintiffs have not attempted to obtain these late fees in the administrative process, nor have they shown that the fees were even

---

[5] Plaintiff incorrectly asserts that payments were not made until 2024; this assertion is contrary to the position taken in November 2023, where Plaintiff articulated only three outstanding issues in the instant proceeding. ECF No. 27. None of those issues involved D.O. id.

incurred. As such, the Court should deny the Summary Judgement with respect to the late fees and grant summary judgment to the DOE dismissing the proceeding.

There is no indication in any of the underlying administrative orders that any Plaintiffs in their Due Process Complaints ("DPCs") raised the issue of the payment of late fees associated with their private agreements with iBrain or the service providers. See generally Lancia Dec. ECF No. 43,  Exhibits 1, 4, 8. The Court has previously rejected claims similar claims brought by other parents whose children attended iBrain; such students sought payment for costs associated with a purported private loan agreement they had to assume to finance the costs of tuition at iBrain, but where there was no mention of same in the relevant DPCs. Indeed, in Hidalgo, 2023 U.S. Dist. LEXIS 226812 (Dec.20, 2023), Judge Koeltl determined that the Court lacked jurisdiction to decide the issue because the plaintiffs—represented by the same counsel, the Liberty and Freedom Law Group—had failed to exhaust their administrative remedies:

> "As an initial matter, the plaintiffs' DPC does not and could not demand reimbursement for the purported balances from the Lender that the plaintiffs began to incur in September 2022, more than four years after the plaintiffs filed the DPC in July 2018, and the plaintiffs never sought any other administrative review for the alleged cost of their loans. See Compl. ¶ 70. There is, therefore, no jurisdiction. Id. at *12–13.
> Here, Plaintiffs' cannot cure their jurisdictional issues, as the record is clear that Plaintiffs

failed to introduce any late fees issue at the administrative level when they filed their DPCs.

Accordingly, Plaintiffs' requests for the payment of late fees should be denied.

## POINT IV

**EVEN ASSUMING EXHAUSTION, PLAINTIFFS FAIL TO DEMONSTRATE ENTITLEMENT TO MONEY DAMAGES IN THE FORM OF LATE FEES AS THE SAME IS NOT A COMPONENT OF THE PENDENCY OBLIGATION.**

Even assuming—arguendo—this Court has jurisdiction, the late fee provision is not part of the administrative order determining the extent of the pendency obligation. As noted above, the extent and existence of the obligation is determined by the administrative order. See Davis 2023 U.S. Dist. LEXIS 160092 at *13 ("[T]he DOE is not a party to each Plaintiff's contract with [the service provider]. Instead, the sole source of the DOE's reimbursement obligations in each Plaintiff's case is the applicable administrative order.") citing De Paulino v. N.Y.C. Dep't of Educ., 959 F.3d 519, 532 (2d. Cir. 2020) (observing that the DOE's "legal responsibility to pay" arose from the final, unappealed administrative order; Mendez v. Banks, 65 F.4th 56, 61 (2d Cir. 2023) (determining that DOE's funding obligations are based on the underlying pendency orders). However, because there is no mention of any late fee payment obligation under any of the applicable administrative decisions (see generally Lancia Dec. ECF Nos. 43 Exhbits, 1, 4, 8), there is no such payment obligation for Defendants to resolve.

Moreover, Plaintiffs demand for late fees in the pendency context frustrates and undermines Mendez. All three allegedly independent providers have the same late fee penalty language: Payment becomes due 30 days after an interim order or final order and the 10% late fee applies (7) business days after the due date and a further fee applies every thirty (30) days thereafter.[6] ECF No. 43. Notably, the late fee applies three days (3) days before the date with

---

[6] Plaintiffs do not calculate the total of the purported late fees, nor do they support the claim by showing that the fees were actually incurred. Moreover, the 10% fee is unconscionable as it bears no "reasonable proportion to the probable

which a party could appeal under the applicable rule and there is no indication that an appeal would stave off late fees. 8 NYCRR 279.4[a]. This is a plainly insufficient time for the administrative processing approved in Mendez. Mendez, 65 F.4th at 61 ("Any agency will need some amount of time to process and pay submitted invoices. If each pendency order entitled parents or guardians to immediate payment, school districts would be unable to implement basic budgetary oversight measures, such as requiring receipts before reimbursement."). Indeed, the Second Circuit's recognized in Mendez v. Banks regarding the "the practical realities of bureaucratic administration" in processing "thousands of funding requests under the IDEA at the start of each school year and spend[ing] hundreds of millions of dollars annually to fund placements." See id. at 63. Any late fee provision in Plaintiffs' agreements with their service providers effectively forces DOE to prioritize processing of those Plaintiffs' funding requests for no reason other than to avoid incurring late fees. However, Plaintiffs allege no reason why their particular funding requests must be so expedited, particularly where their prioritization impacts the processing of other thousands of other funding requests by other families of students with disabilities.

More still, as Mendez explained, "pendency orders oblige the DOE to fund the children's placement only during the pendency of the underlying FAPE proceedings." Id. at 61. Thus, the DOE's obligation will be extinguished once the students have final decisions. Id. Plaintiffs contract terms purport to require prepayment as payments are due in July, September and January of the school year ending in June. ECF No. 43. Thus, the terms of the contracts would

---

loss" caused by the DOE allegedly tardy payments. See Truck Rent-A-Center, Inc. v. Puritan Farms 2nd, Inc., 41 N.Y.S.2d 420, 425, 393 N.Y.S.2d 365, 369, 361 N.E.2d 1015, 1018 (1977)

require nonrecoupable payments to the private school even where the Plaintiff is not ultimately successful in the due process proceeding. Just as the 2nd Circuit did not permit the <u>Mendez</u> plaintiffs from frustrating the fiscal policies of the district by requiring prepayment a future obligation, so to here Plaintiffs may not use late fees to coerce the DOE into making nonrecoupable payments. <u>See</u> <u>id</u>.

Plaintiff H.C. is instructive here. Pursuant to its pendency obligations, the DOE has paid $306,544.00 in tuition to iBrain, paid $150,420.00 to the Sister's Travel and Transportation and paid $270,974.40 to B&H Healthcare Services, Inc. for H.C.'s tuition, transportation, and nursing services respectively. Kapoor Dec. ¶21. The Parent was denied all relief in an October 10, 2023 FOFD. <u>Id</u>. ¶19. Upon appeal, the SRO affirmed the IHO and denied all relief on January 25, 2024. <u>Id</u>. at ¶20. Accordingly, Plaintiffs entitlement to pendency payments during the course of the proceedings terminated because "all such proceedings have been completed." 20 U.S.C. 1415(j). Nonetheless, the DOE paid for the full school year as the agreement requires prepayment or the applicable late fees. Kapoor Dec. ¶ 21. DOE is unable to recoup that money despite the legal obligation to expend funds terminated. <u>See</u> <u>De Paulino v. N.Y.C. Dep't of Educ.</u>, 959 F.3d 519, 535 (2d Cir. 2020) (noting that "funding for pendency services can never be recouped." Because the late fee at issue here compels prepayment or risk onerous late fees, Plaintiffs' request for the payment of late fees should be denied and summary judgement granted in favor of the DOE on their claims.

**POINT V**
**PLAINTIFFS' RELIANCE ON A SELECTIVE**
**READING OF MENDEZ V. AVILES-RAMOS**
**IS MISPLACED.**

Plaintiffs rely exclusively on <u>Mendez v. Aviles-Ramos</u> to support their contention that DOE—a stranger to the contract—is obligated to pay contractual late fees as a matter of law. Mem of Law. pp. 15-16. Such reliance is misplaced as the <u>Mendez</u> is readily  misapplied applied. <u>See</u> <u>Mendez v. Aviles-Ramos</u>, No. 25-cv-1096 (CM), 2025 U.S. Dist. LEXIS 195004, at *12 (S.D.N.Y. Oct. 1, 2025) (Hereinafter *Mendez II*). Plaintiffs specifically rely on Judge McMahon's statement that the reason the DOE is obligated to pay damages in the form of late fees "*is that the plaintiff signed a contract to pay those amounts if they were incurred*." See Mem. of Law p. 15 (emphasis added by Plaintiffs). Assuming that the fees were incurred[7], Plaintiffs' selective reading of the opinion omits at least two critical facts: (1) the administrative orders here do not encompass the late fee provisions; and (2) this is pendency whose obligation rises each school day.

Critically, the order at issue in <u>Mendez II</u>, required "the DOE 'fund the costs . . . at the contracted rate'. <u>Mendez</u>, 2025 U.S. Dist. LEXIS 195004, at *12. The Court concluded "Courts routinely interpret such language to encompass the express terms of the governing agreement." <u>Mendez</u> 2025 U.S. Dist. LEXIS 195004, at *12-13. Encompassing the express terms the court explained "is most naturally read to require payment of the full contractual amount."; <u>see</u> <u>also</u> <u>Chaperon</u>, 2025 U.S. Dist. LEXIS 149231, at *21  (denying a claim for late fees for Plaintiff A.F. where the DOE was ordered to pay "tuition" pursuant to the terms of the contract because late fees are not part of tuition.)

---

[7] Substantial questions remain whether the late fees were even incurred; iBrain's website explicly says, "The only out-of-pocket expense to attend iBRAIN is a refundable $100 deposit." https://www.ibrainglobal.org/about/founder-story (accessed December 4, 2025). Nonetheless, it is the DOE's contention that late fees are categorically not enforceable with respect to pendency payments.

Here, the administrative orders limited the amounts to be paid to specific dollar maximums, thus limiting the obligation to pay pursuant to the pendency. See Kapoor Dec. ¶15.. In Chaperon, Plaintiff A.F. just as here, sought late fees for payments made where the administrative order required payment for "tuition" "pursuant to the terms of the contract." Chaperon, 2025 U.S. Dist. LEXIS 149231, at *21. The Chaperon Court noted that the contract itself delineates between tuition and the late fee provision. Id. at 22. The court denied relief as the administrative order, just as it does here, requires payment for tuition at the private school. Id. This Court should likewise find that an obligation to pay tuition does not include the obligation to pay late fees.

Mendez II is likewise distinguishable as stated in the opinion. Mendez II distinguished Chaperon, supra, on the basis that the former involved a final unappealled administrative order after the conclusion of the administrative process while the latter involved pendency obligations pursuant to 1415(j). Mendez, No. 25-cv-1096 (CM), 2025 U.S. Dist. LEXIS 195004, at *14-15 (S.D.N.Y. Oct. 1, 2025) ("Chaperon is factually distinguishable because it involved a pendency order and a prospective request for the payment of late fees.") As noted above, the late fee provisions plainly require nonrecoupable payments even where the DOE's obligation to fund is extinguished. An order "requiring Defendants to pay late fees in accordance with a private contract runs contrary to the principle that, under IDEA, DOE is only required to pay pendency tuition retroactively, not prospectively." Chaperon, 2025 U.S. Dist. LEXIS 149231 at 23-24. Indeed, as the court acknowledged, the "argument that DOE was obligated to make prospective tuition payments in January [] or incur substantial late fees based on a contract to which it is not a party and had no part in negotiating stands in direct contradiction of the Second Circuit's decision in Mendez." See id. at 23-24.

This Court should find similarly as it did in <u>Chaperon</u>, in that "[i]f a district court cannot order DOE to make prospective pendency payments, then a private contract between the parents and the private school, to which DOE is not a party, cannot serve to alter DOE's legal obligations under IDEA to require prospective payments or risk substantial financial penalties." <u>Chaperon</u>, 2025 U.S. Dist. LEXIS 149231 at 25. Thus, Plaintiffs claim for late fees for pendency payments is not enforceable.

### POINT VI
### ANY LATE FEE PROVISION IN PLAINTIFFS' AGREEMENTS WITH A PRIVATE INSTITUTION OR SERVICE PROVIDER CANNOT BE ENFORCED WITHOUT VIOLATING PUBLIC POLICY.

In addition to the foregoing considerations, Defendants contend that any late fee provision in Plaintiffs' private agreements with iBrain, Sisters—or, for that matter, *any* service provider—should not be enforceable due to its violation of public policy.

It is well established "[t]he power of the federal courts to enforce the terms of private agreements is at all times exercised subject to the restrictions and limitations of the public policy of the United States as manifested in federal statutes. Where the enforcement of private agreements would be violative of that policy, it is the obligation of courts to refrain from such exertions of judicial power." <u>Kaiser Steel Corp. v. Mullins</u>, 455 U.S. 72, 83-84, 102 S. Ct. 851, 70 L. Ed. 2d 833 (1982); *see also* <u>Dervin Corp. v. Banco Bilbao Vizcaya Argentaria, S.A.</u>, No. 03-CV-9141 (PKL), 2004 U.S. Dist. LEXIS 17406, 2004 WL 1933621, at *3 (S.D.N.Y. Aug. 30, 2004) ("A federal court has a duty to determine whether a contract violates federal law before enforcing it."). <u>See also</u> <u>Davis</u>, 2023 U.S. Dist. LEXIS 160092 at *18 (noting that DOE raised "legitimate

concerns about waste, fraud, and abuse if parents and providers believe *ex ante* that the DOE will pay no matter what.").

Here, if the Court grants Plaintiffs' request for a late fee penalty, Defendants submit that private institutions and service providers, such as iBrain and Sisters, stand to gain a windfall at the taxpayer's expense. These late fees are totally untethered to educational expenses. Additionally, there would be no limit on private providers such as iBrain or Sisters to impose increasingly steeper late fee penalties in an attempt to force payment by DOE, which, again, is seemingly impossible to reconcile with the Second Circuit's representations in *Mendez* regarding bureaucratic realities. For that matter, any private institution or service provider would be incentivized to include steep late fee penalties in their private contracts with parents in an effort to secure fast-tracked funding from DOE.

In light of the foregoing, Defendants submit that any such late provision cannot be enforced without violating public policy and severely impacting the allocation of legitimate funding requests under the IDEA, as opposed to resolving late fees for private institutions and service providers that stand to gain an improper windfall at the taxpayer's expense.

## **CONCLUSION**

Plaintiffs' request for summary judgment must be denied as their claims are moot. Plaintiffs have received full funding pursuant to the language of the respective administrative orders. Plaintiffs request for further relief must be pursued through the administrative process as the existence and extant of DOE's obligation turns on the language of the administrative. Order. Additionally, Plaintiffs request for money damages in the form of late fees is not exhausted or otherwise unenforceable with respect to pendency payments as demonstrated above.

For the foregoing reasons, Defendants respectfully request the Court grant their cross-motion for summary judgment in its entirety, deny Plaintiffs' motion for summary judgment, and grant Defendants such other and further relief that the Court deems just and proper.

Dated:        December 5, 2025
              New York, New York

**Muriel Goode-Trufant**
Corporation Counsel of the
City of New York
*Attorney for Defendants*
100 Church Street
New York, New York 10007


By:     /S/ AM_____
        Alfred Miller, Jr., Esq.
        *Assistant Corporation Counsel*
        (212) 356-2392
        alfmille@law.nyc.gov