UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
**ADEJUMOKE OGUNLEYE**, as Parent and Natural Guardian of **D.O.**, and **ADEJUMOKE OGUNLEYE**, Individually; et al.,

      Plaintiffs,      23-cv-09092 (VSB)

-against-

**MELISSA AVILES-RAMOS**, in her official capacity as Chancellor of the New York City Department of Education, and the **NEW YORK CITY DEPARTMENT OF EDUCATION**,

      Defendants.
------------------------------------------------------------X

## PLAINTIFFS' RESPONSE TO DEFENDANTS' RULE 56 STATEMENT OF FACTS

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Civil Rule 56.1, Plaintiffs, by and through their counsel Liberty & Freedom Legal Group, Ltd., submit the following Responses to Defendants' Rule 56.1 Statement of Facts regarding their motion for summary judgment:

PLAINTIFF D.O.:

32. The FOFD in case No. 251168 awarded: funding for tuition to D.O. unilateral placement at iBrain, and transportation. Kapoor Dec. ¶9, Exhibit. 2.

**RESPONSE:** Admit.

33. The FOFD, as to tuition funding, awarded a total of $309,160.00 to be disbursed as follows: (i) $100.00 reimbursement to Parent; and (ii) $309,060.00 direct payment to iBrain. Kapoor Dec. ¶11, Exhibit. 2

**RESPONSE:** Plaintiff admits that those amounts are what was ordered, but denies that Statement

No. 33 accurately states DOE's obligation under the FOFD regarding tuition funding, as the FOFD required DOE to pay the Private School the tuition "*within thirty days* of submission of submission of a signed, notarized bill..." Ex. 2, pp. 8-9. (Emphasis added).

34. The FOFD, as to transportation, awarded a total "amount not to exceed $192,930.00," which was to be paid directly to the transportation agency. Moreover, the FOFD conditioned payment thereof upon the DOE's receipt of a "signed, notarized bill encompassing costs owed by Parent to Transportation Agency for Student's transportation to Private School for the 2023–24 school year" Kapoor Dec. ¶ 13 Ex. 2, p. 9.

**RESPONSE:** Plaintiff admits that that amount was ordered, but denies that Statement No. 34 accurately states DOE's obligations under the FOFD regarding transportation funding, as the FOFD required DOE to pay the Transportation Agency all transportation costs "*within thirty (30) days* of submission of submission of a signed, notarized bill..." Ex. 2, p. 9. (Emphasis added).

35. The DOE has paid all monies due and owing pursuant pendency consistent with the FOFD in DPC 251168. Kapoor Dec. ¶ 14.

**RESPONSE:** Deny.

36. DOE has paid $309,160.00 in tuition to iBrain and $96,465.00 in transportation to Sisters Travel and Transportation ("Sister").

**RESPONSE:** Admit.

37. No further transportation costs could be made to the transportation company as no "signed, notarized bill encompassing costs owed by Parent to Transportation Agency for Student's transportation to Private School for the 2023-24 school year" was ever submitted as required by the FOFD. Kapoor Dec. ¶ 14.

**RESPONSE**: Deny.

38. Therefore, the DOE has fully implemented and complied with the FOFD emanating from DPC 251168. Kapoor Dec. ¶ 14.

**RESPONSE**: Deny.

PLAINTIFF H.C.:

      39.      On August 11, 2023, the DOE executed a pendency implementation form, which specified that pendency was predicated upon an unappealed FOFD, dated September 20, 2022, arising from DPC 228745, which provided: (i) 12 month tuition funding to iBrain; (ii) transportation "with a 1:1 nurse present during transportation" at a "rate shall not exceed $345.00 per trip;" and (iii) "1:1 nurse or 1:1 paraprofessional (including transportation services provided by a 1:1 nurse)" which was to "paid at the higher of either current market rate or the highest rate the Department has paid during the six months preceding this decision." Kapoor Dec. ¶ 16 Ex. 3.

**RESPONSE:** Plaintiff admits that Exhibit 3 is a pendency implementation form created by DOE. Plaintiff denies that the pendency implementation form accurately states the pendency payment obligation of the DOE.

      40.      H.C.'s Parent appealed to the SRO in an appeal designated SRO 23-240; Kapoor Dec. ¶ 20.

**RESPONSE:** Admit.

      41.      On December 20, 2023, the SRO denied the request for a pendency order. Kapoor Dec. ¶ 20.

**RESPONSE:** Admit.

      42.      On October 10, 2023, a FOFD was issued denying all relief the school year as the parent "had not demonstrated that the private school placement and the unilaterally obtained services are uniquely tailored to the Student's needs." Kapoor Dec. ¶ 19; See *id.* at Exhibit 5, p. 7.

**RESPONSE:** Plaintiff admits that the FOFD as to the DPC No. 250798 found that DOE denied H.C. FAPE but denied reimbursement the private placement for the school year. Plaintiff denies that Statement No. 42 accurately states the date of the FOFD, that Ex. 5 is the FOFD in the case, and that the page citation is correct. Further, to the extent that the portion of

Statement No. 42 stating "denying all relief" could be read to include relief under Section 1415(j) for the school year, Plaintiff denies.

43. H.C.'s Parent appealed to the SRO; in an appeal designated SRO 23-267, on January 25, 2024, the SRO affirmed the October 10, 2023 FOFD. Kapoor Dec. ¶ 21.

**RESPONSE:** Plaintiff admits that she appealed the FOFD. Plaintiff denies that the FOFD was issued on October 10, 2023, that the SRO Case No. is 23-267, and that the SRO Decision relative to the FOFD was dated January 25, 2024.

44. DOE has paid $306,544.00 in tuition to iBrain. Kapoor Dec. ¶ 22.

**RESPONSE:** Admit.

45. For transportation services, the DOE has paid $150,420.00 to the Sister's Travel and Transportation; this is amount is predicated upon $345.00 per trip (or $690.00 round trip) over 218 school days in 2023-2024, which equals $150,420.00. Kapoor Dec. ¶ 21.

**RESPONSE:** Admit.

46. For nursing, DOE paid $270,974.00 to B&H Healthcare Services, Inc.; this amount is predicated upon $1,243.00 per day over 218 school days, which equals $270,974.00. The nursing rate of $1,243.00 is highest rate the DOE has paid during the six months preceding order thereof and higher than the current market rate as of date thereof. Kapoor Dec. ¶ 21.

**RESPONSE:** Plaintiff admits that DOE made a payment of $270,974.00 to B&H Healthcare Services, Inc. as indicated. Plaintiff can neither admit nor deny how the DOE determined the amount to pay B&H Healthcare Services, Inc. or that the nursing rate paid was the highest rate the DOE paid during the six months preceding order thereof and higher than the current market rate as of date thereof.

47. DOE has paid all monies due and owing pursuant to its pendency obligations, delineated it the applicable administrative order. Kapoor Dec. ¶ 21.

**RESPONSE:** Deny.

PLAINTIFF A.F.:

48. On August 28, 2023, a pendency order was issued in DPC 251068 regarding A.F.

ordering tuition funding to iBrain and transportation funding thereto. Kapoor Dec. ¶ 23.

**RESPONSE:** Plaintiff admits that the pendency order required such funding, but denies that Statement No. 48 is a complete statement of the pendency ordered by the IHO, as the order required DOE to pay the tuition to iBRAIN "*within 15 days of receipt of the present order*" and "*pursuant to the enrollment agreement.*" Ex. 8, pp. 6-7.

49. On December 27, 2023, an FOFD was issued ordering DOE to: (i) fund A.F.'s "placement and related services" at iBrain for the 2023-2024 school year in a total the amount of $280,284.00; (ii) to fund the cost of A.F. transportation "to and from iBrain school and all related service providers facilities in a total amount of $190,930." Kapoor Dec. ¶ 25; see also *Id*. at Exhibit 7, p. 12.

**RESPONSE:** Plaintiff admits that the FOFD was issued on said date and contains the language set forth. Plaintiff denies that Ex. 7 is the FOFD in the case. Further, Plaintiff denies that Statement No. 49 is a complete statement of the relief ordered by the IHO, as the order required DOE to pay the tuition to iBRAIN "*within two weeks of the submission of an affidavit setting forth the amount due.*" Ex. 48-9, p. 12.

50. Neither the pendency order nor the program delineated in the FOFD include nursing services. Kapoor Dec. ¶ 25.

**RESPONSE:** Plaintiff denies and states that the pendency order requires DOE to fund the costs of "tuition and related services," 48-8, p. 3, which includes nursing.

51. DOE has paid $280,384.00 in tuition to iBrain and $190,930.00 in transportation services to Sisters Travel and Transportation. Kapoor Dec. ¶ 27.

**RESPONSE:** Admit.

52. DOE has fully complied with its obligations pursuant to both pendency and the FOFD which changed the basis of pendency. Kapoor Dec. ¶ 27.

**RESPONSE:** Plaintiff denies that the DOE has fully complied with its pendency obligations, denies that the FOFD "changed the basis of pendency," and denies that the DOE complied with its obligations under the FOFD.

Dated: December 19, 2025
New York, New York

                                  Respectfully submitted,

                                  Liberty and Freedom Legal Group
                                  *Attorneys for Plaintiff*

                                By:    */S/*_____

                                Nicole Lancia, Esq.
                                105 East 34th Street, Suite 190
                                New York, N.Y. 10016
                                (646) 850-5035
                                nicole@pabilaw.org