UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ADEJUMOKE OGUNLEYE, individually and as Parent and Natural Guardian of D.O., MAYTINEE BIRD, individually and as Parent and Natural Guardian of H.C., and MARLENE FRIAS, individually and as Parent and Natural Guardian of A.F.,

Plaintiffs,

v.

KAMAR H. SAMUELS, in his official capacity as Chancellor of the New York City Department of Education, NEW YORK CITY DEPARTMENT OF EDUCATION, and THOMAS P. DINAPOLI, in his official capacity as Comptroller of the City of New York,[1]

Defendants.

1:23-CV-09092-LTS

MEMORANDUM OPINION AND ORDER

Plaintiffs Adejumoke Ogunleye, Maytinee Bird, and Marlene Frias, bring this action individually and on behalf of their respective children, D.O., H.C., and A.F. (collectively, "Plaintiffs"), against Defendants the New York City Department of Education ("DOE"), Kamar H. Samuels, in his official capacity as Chancellor of DOE, and Thomas P. DiNapoli, in his official capacity as Comptroller of the City of New York (collectively, "Defendants"), asserting claims under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 et seq.

[1] Under Rule 25(d) of the Federal Rules of Civil Procedure, when a "public officer who is a party in an official capacity" ceases to hold office, their successor "is automatically substituted as a party." Because Melissa Aviles Ramos and Brad Lander are no longer Chancellor of the New York City Department of Education and Comptroller of the City of New York, respectively, the Clerk of Court is respectfully directed to update the caption as shown above to substitute Kamar H. Samuels and Thomas P. DiNapoli, their respective successors, as parties.

(Westlaw through P.L. 119-111), and 42 U.S.C. section 1983 ("Section 1983"). (See generally docket entry no. 1 ("Compl.").) Plaintiffs seek an injunctive order requiring Defendants to reimburse Plaintiffs for excess costs associated with the students' pendency placement, payment of late fees and interest, and attorneys' fees. (Id. at 16; docket entry no. 44 ("Pls. Mem.") at 1.) The Court has subject matter jurisdiction of this action under 28 U.S.C. section 1331.

Plaintiffs and Defendants have each moved for summary judgment under Federal Rule of Civil Procedure 56. (Docket entry nos. 41, 45.) The Court has reviewed the parties' submissions carefully. As explained below, Plaintiffs' motion for summary judgment is granted in part and denied in part, and Defendants' cross-motion for summary judgment is granted in part and denied in part.

## I. Background

### A. IDEA's Statutory Framework

The IDEA requires states receiving federal special education funding to provide children with disabilities "a free appropriate public education" ("FAPE"). 20 U.S.C. § 1412(a)(1)(A). Districts must create individualized education programs ("IEPs") for children who qualify, "to ensure they receive a FAPE." Mendez v. Banks, 65 F.4th 56, 59 (2d Cir. 2023) (citing 20 U.S.C. § 1414(d)). If parents believe a district has not offered a FAPE, they may unilaterally enroll their child in a private school and seek tuition reimbursement by filing a due process complaint ("DPC"). Cohen v. N.Y.C. Dep't of Educ., No. 19-CV-3863-LTS-SDA, 2021 WL 1198565, at *2 (S.D.N.Y. Mar. 30, 2021) (citation omitted). In New York, a parent may seek reimbursement before an impartial hearing officer ("IHO"), whose decision may be appealed to a state review officer ("SRO"), whose decision may, in turn, be challenged in federal or state court. Mendez, 65 F.4th at 59.

Under the IDEA's "pendency" provision, while the DPC-related proceedings are ongoing, the child may remain in their "then-current educational placement" at public expense. 20 U.S.C. § 1415(j); see Ventura de Paulino v. N.Y.C. Dep't of Educ., 959 F.3d 519, 531 (2d Cir. 2020) (same). During pendency, a district must continue funding the last agreed-upon placement until proceedings are complete. T.M. ex rel. A.M. v. Cornwall Cent. Sch. Dist., 752 F.3d 145, 171 (2d Cir. 2014) (citation omitted).

B. The Students

The following material facts are undisputed unless otherwise indicated.[2] D.O., H.C., and A.F. qualify as children with disabilities under 20 U.S.C. section 1401(3). (Docket entry no. 43 ("Lancia Decl.") ¶¶ 4, 10, 17.)[3] The International Institute of the Brain ("iBRAIN") and related services were the uncontested pendency placements for all three Plaintiffs for the 2023-24 school year while their DPC-related proceedings were pending.[4] All students signed similar contracts with iBRAIN, Sisters' Transportation, and, for H.C. and A.F., B&H Health

2 Facts characterized as undisputed are identified as such in the parties' "56.1 Statements" pursuant to S.D.N.Y. Local Civil Rule 56.1 (docket entry no. 42 ("Pls. 56.1 St."); docket entry no. 50 ¶¶ 1-31 ("Defs. 56.1 Resp."); id. ¶¶ 32-52 ("Defs. 56.1 St."); docket entry no. 51 ("Pls. 56.1 Resp.")) or are drawn from evidence as to which there has been no contrary, non-conclusory factual proffer. Citations to the parties' 56.1 Statements incorporate the parties' citations to the underlying evidentiary submissions and the opposing party's response, if any.

3 The Court denies Defendants request to strike the Lancia Declaration, because it is based on personal knowledge and her review of the relevant files. (Lancia Decl. ¶¶ 1-2; id. at 3); see Fed. R. Civ. P. 56 (requiring affidavits used for a motion for summary judgment to be based on personal knowledge); SCR Joint Venture L.P. v. Warshawsky, 559 F.3d 133, 135, 138-39 (2d Cir. 2009) (holding statement made "to my knowledge" is sufficient to assert personal knowledge).

4 (Docket entry nos. 46 ("Kapoor Decl.") ¶¶ 9-10, 16, 22-23, 43; 48-1 ("D.O. Pendency Order") at 1-2; 48-2 at 8-9; 48-3 ("H.C. Pendency Form") at 1; 48-9 at 12-13; see also Pls. 56.1 Resp. ¶ 48.)

Care, Inc. for nursing services for the 2023-24 school year. (Docket entry nos. 43-2 to -3, -5 to -7, -9 to -11.)

For H.C., the 2023-24 pendency placement was based on an unappealed 2022 FOFD, which awarded transportation funding to be "paid in accordance with the . . . contract entered into evidence, provided that the rate shall not exceed $345.00 per trip," and awarded nursing funding to be "paid at the higher of either current market rate or the highest rate the Department has paid during the six months preceding." (H.C. Pendency Form at 1; docket entry no. 43-4 ("H.C. FOFD") at 24-25.) Later, on October 10, 2023, an IHO denied H.C. all relief for the 2023-24 school year. (Docket entry no. 48-6 at 9.) That denial was affirmed by an SRO order on January 25, 2024. (Pls. 56.1 Resp. ¶¶ 42-43.)[5]

A.F.'s 2022-23 pendency order did not award nursing funding (docket entry no. 48-8 ("A.F. Pendency Order") at 6-7), but she was later awarded nursing funding for the 2024-25 school year. (Docket entry no. 52 ("Pls. Opp.") at 5-6); see Application of a Student with a Disability, No. 24-604 (Apr. 9, 2025), https://www.sro.nysed.gov/sites/sro/files/Decisions/2024/pdfversion/24-604.pdf [https://perma.cc/88PX-WSHE] ("SRO Dec. No. 24-604") at 21.

[5] Defendants appear to attach the incorrect document in place of H.C.'s SRO FOFD order. (Docket entry no. 48-7 (dated January 2, 2024 and appearing to refer to a student, school ("Tribeca"), and services that are different from the other descriptions of H.C. and her placement).)

## II. Discussion

### A. Legal Standard

Under Federal Rule of Civil Procedure 56, a grant of summary judgment is appropriate "if . . . the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court resolves ambiguities and draws permissible factual inferences in favor of the nonmovant. Choi v. Tower Rsch. Cap. LLC, 2 F.4th 10, 16 (2d Cir. 2021) (citation omitted). "[S]ummary judgment is appropriate against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Chaperon v. Banks, No. 24-CV-05135-JAV, 2025 WL 2207908, at *5 (S.D.N.Y. Aug. 4, 2025) (quotation omitted). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . ." Fed. R. Civ. P. 56(c)(1)(A). If the movant "fails to fulfill its initial burden of providing admissible evidence of the material facts entitling it to summary judgment, summary judgment must be denied." Giannullo v. City of New York, 322 F.3d 139, 140-41 (2d Cir. 2003) (cleaned up).

Plaintiffs seek three declarations. First, Plaintiffs request a declaration that H.C. is entitled to reimbursement for the amount expended on transportation and nursing in excess of DOE's prior payments for the 2023-24 school year. Specifically, Plaintiffs seek an additional $16,350 for transportation and $21,581.06 for nursing above what DOE has already paid them. (Pls. Mem. at 1.) Second, Plaintiffs seek a declaration that A.F. is entitled to reimbursement for nursing services paid for the 2023-24 school year. (Id.) Third, Plaintiffs seek to establish that all three of the plaintiff students are entitled to late fees and attorneys' fees. (Id. at 1-2.)

Defendants' motion seeks dismissal of Plaintiff's claims as moot, but this ground of argument is unavailing because Defendants "confuse[] mootness with the merits." (See docket entry no. 49 ("Defs. Mem.") at 5-11); B.A. v. N.Y.C. Dep't of Educ., No. 24-CV-7676-RA, 2026 WL 473230, at *3 (S.D.N.Y. Feb. 19, 2026) (quoting Chevron Corp. v. Donziger, 833 F.3d 74, 127 (2d Cir. 2016)). Defendants' contention that all the funding due has been awarded to Plaintiffs (Defs. Mem. at 5), is a "challenge to the legal availability of a certain kind of relief," not a mootness argument. See Donziger, 833 F.3d at 127 (cleaned up).

B. Bird's Claims on Behalf of H.C.

Having reviewed the Parties' submissions and arguments, the Court concludes that Plaintiff Bird is not entitled to further reimbursement for H.C.'s nursing costs but is entitled to reimbursement for transportation in the amount agreed to under H.C.'s 2024-25 transportation contract, as accrued during her pendency period.

1. Nursing Services

H.C. is not entitled to reimbursement above the monies that DOE has already reimbursed for further amounts that she paid for nursing services. The "sole source of the DOE's reimbursement obligations is the applicable order." Mendez v. Aviles-Ramos, No. 25-CV-1096-CM, 2025 WL 2793755, at *5 (S.D.N.Y. Oct. 1, 2025) (quotation omitted). The applicable order provides that H.C.'s nursing shall be "paid [for] at the higher of either current market rate or the highest rate the [DOE] has paid during the six months preceding this decision." (H.C. FOFD at 25.) Plaintiffs do not deny that DOE's payment was consistent with the terms of the order. (Pls. 56.1 Resp. ¶ 46.) The Court declines to "deviate from the plain language of the administrative order" by requiring any supplemental payment. Donohue v. Banks, No. 22-CV-8998-JPC, 2023 WL 6386014, at *9 (S.D.N.Y. Sept. 30, 2023).

2. Transportation Services

Defendants argue that reimbursement for H.C.'s transportation funding for the 2023-24 year must be limited to $345.00 per trip, based on the language of H.C.'s applicable FOFD order, which provides in relevant part that "the cost [of transportation] . . . shall be paid in accordance with the terms of the contract entered into evidence, provided that the rate shall not exceed $345.00 per trip." (Defs. Mem. at 6-7; H.C. FOFD at 24-25.) The Court disagrees. While the decretal portion of the FOFD specifies $345 as the rate cap for the contract year in question and is consistent with the rate set forth in the family's contract with the private transportation company for the 2022-23 school year, the body of the FOFD makes it clear that the IHO found provision of the specific type of transportation essential for the provision of a FAPE and that the cost of the transportation should be paid as fully as the District provides necessary transportation for public school students. (See H.C. FOFD at 22-24.) The order required full reimbursement for H.C.'s transportation service, and, for the 2022-23 school year, $345.00 per trip represented the full contract cost of that service. The IHO's intention to cover the full cost of H.C.'s transportation contract is further evinced by the IHO's rejection of DOE's argument that transportation services should be covered only when H.C. uses them. (See id. at 23 (stating that "the transportation provider should be paid in accordance with the terms of its contract," which required payment regardless of use).)

The contract price of the transportation, like the price of tuition, rose for the 2023-24 pendency year. It is clear that the IHO intended that H.C. be afforded necessary transportation on a fully-paid basis when the IHO ordered funding for the 2022-23 year. The Court declines to read that final order, which ordered full funding under the original contract, as a bar to full payment for the necessary services during pendency because doing so would

countenance a "unilateral change in placement, prohibited by the act" by "cut[ting] off funds" to H.C. Mackey ex rel. Thomas M. v. Bd. of Educ. for Arlington Cent. Sch. Dist., 386 F.3d 158, 163 (2d Cir. 2004) (quotation omitted); see also Doe v. E. Lyme Bd. of Educ., 790 F.3d 440, 452 (2d Cir. 2015) ("The purpose of the [pendency] provision is to maintain the educational status quo while the parties' dispute is being resolved." (quotation omitted)).

Furthermore, forcing Plaintiff Bird and H.C. to shoulder increased transportation costs while H.C. remained in her last-agreed-upon placement would run counter to the IDEA's requirement that school districts provide each child with a disability "special education and related services," including transportation, if it is needed to "assist [the child] to benefit from special education." 20 U.S.C. § 1401(9), (26)(A); see also Talley v. Samuels et al., No. 1:24-CV-2094-LTS, 2026 WL 2269042, at *1 (S.D.N.Y. Aug. 6, 2026). In H.C.'s FOFD, the IHO found that the free provision of transportation and related services was required to provide H.C. with a FAPE. (See H.C. FOFD at 23.) Thus, in denying reimbursement for the actual 2022-23 cost, the Court would in effect deny H.C. her FAPE and ratify putting Plaintiff Bird and H.C. into the position of either paying thousands of dollars for what should be a free education or terminating the student's needed service. For these reasons, the Court does not read H.C.'s underlying order to be so restrictive as to transform what was ordered as a free service into a costly one just because the student exercised her right to stay in her "then-current educational placement" during pendency at a time when the prior year's contract expired and was replaced by a new one.[6] See 20 U.S.C. § 1415(j).

6 Moreover, the requested rate is not unreasonable. See E.M. v. N.Y.C. Dep't of Educ., 758 F.3d 442, 461 (2d Cir. 2014) (noting that courts consider reasonableness of tuition and potential fraud or collusion in generating tuition amounts).

Consequently, the Court grants Plaintiff Bird summary judgment on the issue of H.C.'s reimbursement for the excess amount she expended for transportation during pendency, up to the actual 2023-24 contract price for the services.[7]

C. Frias' Claims on Behalf of A.F.

Plaintiff Frias is not entitled to reimbursement for the monies Plaintiff spent on nursing services for the 2023-24 school year because nursing services were not included in A.F.'s applicable order for that year. (See docket entry no. 43-8 ("A.F. FOFD"), at 18; A.F. Pendency Order (not mentioning nursing at all and ordering funding of tuition and transportation only).) Plaintiffs argue that nursing should be considered a "related service" to tuition, but it is a separate service that must be specifically provided for in the order, as it was for H.C. (Compare A.F. FOFD at 18 to H.C. FOFD at 24-25.)

While the Court is not obligated to respond to arguments first raised in a reply brief, the Court further finds that the 2024-25 SRO decision awarding A.F. nursing reimbursement indicates no retroactive effect; the Court will therefore not impose one. (Pls. Opp. at 5-6); SRO Dec. No. 24-604, at 16. A.F.'s applicable order, which is the "sole source of the DOE's reimbursement obligations," Davis v. Banks, No. 22-CV-8184-JMF, 2023 WL

7 Plaintiffs' request for "immediate" payment (Pls. Mem. at 16) is generally controlled by Mendez, 65 F.4th at 63 (holding that barring placement jeopardization, DOE need not "circumvent its ordinary payment procedures" for reimbursement). However, in this case, "where the school year is at an end, all services under the . . . contract have been rendered, and reimbursement for those services has been delayed . . . to order Defendants to pay in the 'ordinary course' makes little sense." Chaperon, 2025 WL 2207908, at *12. The Court, therefore, orders that H.C.'s remaining transportation costs be reimbursed expeditiously. However, "[t]o the extent that, in the 'ordinary course' of processing funding under pendency provisions, DOE requires submission of invoices or other paperwork," this Memorandum Opinion and Order does not nullify those requirements. Id. at *12 n.6.

5917659, at *4 (S.D.N.Y. Sept. 11, 2023), did not award nursing services. (See A.F. FOFD at 18.) Therefore, A.F. is not entitled to reimbursement for nursing services.

Consequently, Plaintiffs' motion for summary judgment is denied to the extent it seeks a declaration that A.F. is entitled to reimbursement for nursing services. Defendants' motion for summary judgment is granted to the extent it seeks dismissal of that claim.

D. Late Fees and Interest

Plaintiffs' request for "damages" for DOE's delay "assessed as late fees and interest" (Pls. Mem. at 1, 12) is denied because Plaintiffs have not provided the necessary factual support to demonstrate that a case or controversy regarding liability for late fees exists, or that late fees have accrued or will accrue in the future. (See generally Pls. 56.1 St. (nowhere discussing late fees and interest)); see Chaperon, 2025 WL 2207908, at *11 (holding that the failure to submit admissible evidence about outstanding amounts "alone could have resulted in the denial of the motion for summary judgment") (citation omitted); see also Zimmerman v. Banks, No. 23-CV-9003-JGK, 2024 WL 4882370, at *6 (S.D.N.Y. Nov. 25, 2024) ("[T]he documentation submitted provides only the prospective cost . . . . They are not invoices for the services actually rendered or the amount actually paid.").[8] Because late fees are at this point speculative and "may never be due and owing," they cannot properly be addressed at this time. Chaperon, 2025 WL 2207908, at *9.

---

[8] Even in the briefing, Plaintiffs avoid stating that they have paid or have been invoiced for late fees. (See, e.g., Pls. Mem. at 12-15 (avoiding explicitly stating payment has been made or that invoices exist); Pls. Opp. at 10 (noting that late fees "could attach" or "might arise" due to delays).)

For the above reasons, the Court grants Defendants summary judgment dismissing Plaintiffs' claims insofar as they pertain to late fees and denies Plaintiffs' motion for summary judgment on the same issue.

### E. Attorneys' Fees

Attorneys' fees have been insufficiently briefed to decide here and must be sought through a separate motion under Federal Rule of Civil Procedure 54(d)(2). Plaintiffs' request for attorneys' fees is, therefore, denied without prejudice to proper motion practice under that Rule.

## III. Conclusion

For the foregoing reasons, the Court grants in part and denies in part Plaintiffs' motion for summary judgment and grants in part and denies in part Defendants' cross-motion for summary judgment.

The Court declares that Plaintiff Maytinee Bird, individually and as parent and natural guardian of H.C. is entitled to reimbursement for transportation in the amount agreed to under H.C.'s 2024-25 transportation contract, as accrued during her pendency period. Plaintiffs' motion for summary judgment with is granted, and Defendants' cross-motion is denied, with respect to Plaintiff Bird's transportation.

Plaintiff Frias is not entitled to reimbursement for additional nursing funds expended during pendency; Plaintiff Bird is not entitled to reimbursement for any nursing funds expended during pendency; and Plaintiffs are not entitled to reimbursement for late fees. Plaintiffs' motion for summary judgment with respect to those matters is denied, and Defendants' cross-motion for summary judgment with respect to the same is granted. The Clerk of Court is directed to enter judgment accordingly and close this case.

Any application for attorney's fees may be made in accordance with the provisions of Federal Rule of Civil Procedure 54(d)(2).

This order resolves docket entry nos. 41 and 45.

SO ORDERED.

Dated: New York, New York
September 30, 2026

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge